FILED

SEP 1 6 2009

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

OREGON NATURAL DESERT
ASSOCIATION

3:09-CV-00369-PK

Plaintiff,

v.

FINDINGS AND
RECOMMENDATION

BUREAU OF LAND MANAGEMENT,
KENNY McDANIEL, and JOAN SUTHER

Defendants.

PAPAK, Magistrate Judge:

Harney County, a political subdivision in Oregon, seeks to intervene as a defendant as of

right, or alternatively by permissive intervention, in a lawsuit brought by the Oregon Natural

Desert Association against the Bureau of Land Management (BLM) and two of its employees,

Kenny McDaniel and Joan Suther. The Oregon Natural Desert Association's suit alleges that the

BLM, McDaniel and Suther violated various federal environmental laws by authorizing the

current Steens Mountain Travel Management Plan. This court has jurisdiction under 28 U.S.C. §

1331. Harney County's Motion to Intervene (#9) is now before the court. For the reasons set

forth below, Harney County's motion should be denied.

FINDINGS AND RECOMMENDATION – PAGE 1

## LEGAL STANDARDS

Federal Rule of Civil Procedure 24 provides for intervention as of right and permissive intervention. Rule 24(a) governs intervention as of right. It provides that, where no federal statute confers the right to intervene, a party may intervene if the party, on timely motion, "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. Proc. 24(a)(2). Rule 24(b)(1) governs permissive intervention by a private party. It provides that, where no federal statute confers a conditional right to intervene, "the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. Proc. 24(b)(1).

In general, courts construe Rule 24 liberally in favor of the party seeking to intervene. *See e.g., Southwest Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001). When determining whether intervention is appropriate, a court is "guided primarily by practical and equitable considerations." *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998). The party seeking to intervene bears the burden to prove that it has met the requirements for intervention. *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004). Courts take "all well-pleaded, nonconclusory allegations in the motion to intervene, the proposed complaint or answer in intervention, and declarations supporting the motion as true absent sham, frivolity or other objections." *Southwest Ctr. for Biological Diversity*, 268 F.3d at 820.

## FACTUAL BACKGROUND

In 2000, Congress enacted the Steens Mountain Cooperative Management and Protection

FINDINGS AND RECOMMENDATION – PAGE 2

Act of 2000 (Steens Act), 16 U.S.C. §§ 460nnn-122, to provide for conservation and

management of Steens Mountain. The Steens Act, in part, established the Cooperative

Management and Protection Area, a 496,000 acre area managed by the BLM on Steens

Mountain. In addition, the Act requires that the BLM prepare "a comprehensive plan for the

long-range protection and management of the Federal lands included in the Cooperative

Management and Protection Area." 16 U.S.C. § 460nnn-21(b). The plan must include "a

comprehensive transportation plan for the Federal lands included in the Cooperative

Management and Protection Area, which shall address the maintenance, improvement, and

closure of roads and trails as well as travel access." 16 U.S.C. § 460nnn-22(a).

In an effort to fulfill its obligation under the Steens Act to create a comprehensive

transportation plan, the BLM commenced work on a Travel Management Plan to govern travel in

the Steens Mountain Cooperative Management Protection Area. In April 2007, pursuant to its

obligations under the National Environmental Policy Act, the BLM issued an environmental

assessment and finding of no significant impact for the Travel Management Plan. In November

2007, the BLM issued the Travel Management Plan. The Plan permanently establishes as open

555 out of the 556 miles of vehicle routes currently open in the Steens Mountain Protection

Area.

The Oregon Natural Desert Association administratively appealed the BLM's Travel

Management Plan decision in January 2008. The Department of Interior's Board of Land

Appeals issued a stay barring the BLM from implementing the Travel Management Plan as to

"obscure routes," which are routes that could no longer be found on the ground. The Board of

Land Appeals, in February 2009, reversed the BLM's Travel Management Plan decision to the

extent that it opened obscure routes but upheld it in all other respects.

The Oregon Natural Desert Association now asks this court to review the Travel Management Plan for compliance with the Steens Act and other federal environmental laws and to review the environmental analysis employed by the BLM in its adoption of the plan. Specifically, the Oregon Natural Desert Association seeks declaratory relief stating that the current Travel Management Plan violates the Steens Act, 16 U.S.C. § 460nnn *et seq.*, the Federal Land Policy and Management Act, 43 U.S.C. §§ 1701-1784, the Wilderness Act of 1964, 16 U.S.C. §§ 1131 *et seq.* and the National Environmental Policy Act (NEPA), 42 U.S.C. §§ 4321-4361, each actionable under the Administrative Procedure Act, 5 U.S.C. §§ 701-706. The complaint asks the court to reverse and remand the BLM's Travel Management Plan. The Association also seeks "immediate injunctive relief" barring the BLM from implementing the Travel Management Plan until it completes a lawful environmental analysis, and any further injunctive or other relief necessary to mitigate BLM actions that have already threatened or damaged natural resources.[1]

Harney County seeks leave to intervene as of right or permissively in the action. Harney County participated in the development of the Travel Management Plan and in passing the legislation that created the Steens Mountain Protection Area. The County provides sheriff, search and rescue, weed control and road management services in the Steens Mountain Protection Area. The County funds those services in part through a share of the revenues the BLM receives for grazing fees for grazing leases in the Area. The County is also responsible for land use planning for the private lands in and adjacent to the Steens Mountain Protection Area.

---

1  Oregon Natural Desert Association has not filed a motion for a temporary restraining order or for a preliminary injunction.

The BLM, pursuant to various federal statutory provisions, must coordinate its land use planning efforts with local governments, including Harney County.

## ANALYSIS

### I.   Rule 24(a): Intervention as of Right.

An applicant for intervention as of right must demonstrate that (1) it has a "significant protectable interest relating to the property or transaction" at issue in the action; (2) the disposition of the action may "impair or impede the applicant's ability to protect its interest"; (3) the application is timely; and (4) that the existing parties "may not adequately represent the applicant's interest." *Donnelly*, 159 F.3d at 410.[2] As the parties agree that Harney County's motion to intervene was timely, I address only the remaining three factors.

#### A.   Significant Protectable Interest

"The interest test is not a clear-cut or bright-line rule. . . . Instead, the 'interest' test directs courts to make a 'practical, threshold inquiry.'" *United States v. City of Los Angeles*, 288 F.3d 391, 398, 401 (9th Cir. 2002) (citations omitted). Generally, an applicant-intervenor demonstrates a significantly protectable interest if: 1) the interest is protected by law and 2) there is a relationship between the legally protected interest and the plaintiff's claims." *Alisal Water Corp.*, 370 F.3d at 919. The applicant-intervenor's legally protectable interest need not be protected by the statute under which the litigation is brought, "[i]t is generally enough that the interest is protectable under some law." *Sierra Club v. U.S. Envtl. Prot. Agency*, 995 F.2d 1478, 1484 (9th Cir. 1993) (allowing a city to intervene as a defendant in a Clean Water Act action

---

2   "There is some question . . . whether an intervenor-applicant must independently establish Article III standing to intervene as of right." *Prete v. Bradbury*, 438 F.3d 949, 956 n.8 (9th Cir. 2006). Neither the Supreme Court nor the Ninth Circuit has "definitively ruled on the issue." *Id.* I do not reach the issue here because, as discussed in detail below, Harney County's motion to intervene as of right fails on other grounds. *See id.*

challenging water treatment permits issued to the city because the suit would affect the city's

rights as a permit-holder and owner of the water treatment plants).  "The relationship

requirement is met if the resolution of the plaintiff's claim actually will affect the applicant."

*City of Los Angeles*, 288 F.3d at 398 (citation omitted).

### 1.    Harney County's Asserted Interests

Here, Harney County asserts that it has an economic interest in its share of grazing fees

collected by the BLM for grazing permits within the Steens Mountain Protection Area and that

road restrictions may affect that interest if they limit livestock producers' access to grazing areas.

In addition, Harney County asserts an interest in the management of the property within its

boundaries, including county roads, and its obligation to provide sheriff, fire and rescue services

in the Steens Mountain Protection Area.  Assuming that Harney County has a legally protected

interest in the grazing fees, its county roads, its land use management role, and its obligation to

provide sheriff, fire, rescue and other services, the county fails to show how a judgment against

the BLM will affect those interests.  The complaint asks the court to reverse and remand the

BLM's Travel Management Plan, to bar the BLM from implementing the Travel Management

Plan until it completes a lawful environmental analysis and to mitigate any environmental

damage caused by the BLM's implementation of the Plan.  The County has not indicated that the

BLM has implemented the Travel Management Plan in any way that affects its interests.  Thus, if

the court grants the relief that the Association seeks and suspends implementation of the Travel

Management Plan, the current road network in the Steens Mountain Protection Area will remain

unchanged until the BLM issues a new plan.  I therefore conclude that the County's interests in

grazing fees, land management, its roads and its obligation to provide services are not sufficient

to justify intervention in this case because resolution of the Oregon Natural Desert Association's claim will not affect those interests.

Harney County, however, also cites an interest as a participant in the planning for the Steens Mountain Protection Area, including serving as a cooperating agency under NEPA, participation in the passage of the Steens Act, and assisting in the development of the Travel Management Plan at issue in this case. "A public interest group may have a protectable interest in defending the legality of a measure it had supported." *Prete*, 438 F.3d at 954-955 (main supporters of a ballot measure had a significant protectable interest in upholding the legality of the measure); *Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 528 (9th Cir. 1983) (public interest group that supported the creation of a conservation area had a significant, protectable interest in defending the creation of the conservation area). Moreover, advocacy relating to a particular issue may give rise to an interest. *See City of Los Angeles*, 288 F.3d at 402 & n.5 (community groups that have worked on police reform in Los Angeles "may have" a significant protectable interest related to suit by the U.S. government alleging the Los Angeles Police Department engaged in a pattern or practice of depriving individuals of their constitutional rights).

Here, although Harney County's participation in the passage of the Steens Act does not suffice for intervention, the County's participation in the development of the Travel Management Plan may give rise to a significant protectable interest. Whereas the legality of the Steens Act is not at issue, the legality of the Travel Management plan is the central issue in this case. Moreover, I must construe Rule 24 liberally in favor of the party seeking to intervene. Thus, although Harney County is a government entity, not a public interest group, that fact does not

FINDINGS AND RECOMMENDATION – PAGE 7

defeat their protectable interest in the Travel Management Plan.

### 2.    The "None But the Federal Defendant" Rule

In the Ninth Circuit, applicant-intervenors do not have a significant protectable interest in a federal agency's liability for violating a federal statute or regulation that solely regulates that agency. *See Wetlands Action Network v. U.S. Army Corps of Eng'rs*, 222 F.3d 1105, 1114 (9th Cir. 2000). For example, "NEPA requires the federal government to issue an environmental impact statement before taking any action 'significantly affecting the quality of the human environment.'" *Sierra Club*, 995 F.2d at 1485 (citing 42 U.S.C. § 4332(2)(C)). Thus, a party other than the federal agency "cannot 'comply' with NEPA," and therefore "cannot be a defendant in a NEPA compliance action." *Churchill County v. Babbitt*, 150 F.3d 1072, 1082 (9th Cir. 1998); *see also Or. Natural Desert Ass'n v. Shuford*, No. 06-242, 2006 U.S. Dist. LEXIS 64452 at *11 (D. Or. Sept. 8, 2006) (holding Harney County did not have a significant protectable interest in the BLM's liability for violations of NEPA, the Federal Land Policy and Management Act and the Steens Act because the statutory provisions at issue in the case regulated only federal agencies' actions).

The Ninth Circuit, however, has limited the "none but the federal defendant" rule. Under one exception, a party may intervene in the remedial phase of the litigation if the plaintiff seeks injunctive relief that "will have direct, immediate and harmful effects upon a third party's legally protectable interests." *Wetlands Action Network*, 222 F.3d at 1114 (applying the "none but a federal defendant" rule to a NEPA action challenging a permit issued to a private party but allowing the permittee to intervene to protect its interests in the remedial phase); *Forest Conservation Council v. U.S. Forest Serv.*, 66 F.3d 1489, 1497 (9th Cir. 1995) (holding that state

could intervene in the remedial phase of an action alleging that the U.S. Forest Service violated NEPA and the National Forest Management Act where injunctive relief would affect state's interest in the environmental health of state lands and the state's contractual obligation to provide fire suppression services).

In addition, the Ninth Circuit has declined to apply the "none but the federal defendant" rule where the statute at issue regulated private parties and local governments and did not "principally regulate" federal agencies and a finding that the federal agency violated the statute would affect the applicant-intervenor's legally protected interest. *See Sierra Club*, 995 F.2d at 1485 (allowing a city to intervene as a defendant in a Clean Water Act action challenging the EPA's decision to issue water treatment permits to the city because the suit would affect the city's rights as a permit-holder and owner of the water treatment plants)[3]; *see also Southwest Ctr. for Biological Diversity*, 268 F.3d at 820-821 (building industry association could intervene as a defendant in an action alleging that a permit process created by a city in conjunction with federal agencies violated the Endangered Species Act because association members were third-party beneficiaries of the agreement between the city and federal agencies that created the process).

Here, at least one of the exceptions to the the "none but the federal defendant" rule applies. Assuming that Harney County has a legally protected interest by virtue of its

---

3  "It is difficult to reconcile *Sierra Club* with *Forest Conservation*" because both cases involved statutes that place duties on federal agencies. *Western Watersheds Project v. U.S. Forest Serv.*, No. 05-819, 2005 WL 3244253, at * 2 (D. Id. Nov. 4, 2005). In *Forest Conservation*, the Ninth Circuit allowed intervention only in the remedial phase because the agency could be the only defendant in a case regarding its duties under NEPA, whereas in *Sierra Club,* the court held a city could intervene in both the remedies and liability phases when the case addressed the EPA's duties under the Clean Water Act. *Id.* The distinction appears to lie in the fact that the Clean Water Act does not "principally" or solely regulate federal agencies.

participation in the adoption of the Travel Management Plan, the injunctive relief that the

Oregon Natural Desert Association seeks would have an immediate harmful effect because it

would invalidate the Plan.[4] I therefore conclude that Harney County has a significant protectable

interest in this action.

### B.    Impairment

Rule 24 commands courts to inquire whether "disposing of the action may as a practical

matter impair or impede the movant's ability to protect its interest." Fed. R. Civ. Proc. 24(a)(2).

Where the applicant-intervenor asserts an interest in defending the legality of a measure it

supported, judgment adverse to the measure impairs that interest. *Prete*, 438 F.3d at 956 (ballot

measure supporters' interest in the measure would be impaired by an adverse judgment declaring

the measure unconstitutional); *Sagebrush Rebellion*, 713 F.2d at 528 (conservation area

supporters' interest in the area, and their interest in the preservation of birds and their habitats,

would be impaired by a judgment adverse to the conservation area).

Here, a judgment finding that the Travel Management Plan is unlawful would necessarily

impair Harney County's ability to defend the current Plan.  The County's opportunity to

participate in the administrative process leading up to the BLM's adoption of a new plan does not

cure that impairment.  I therefore find that the County has met the impairment requirement.

---

4  The second exception  to the "none but the federal defendant" rule may also apply because the
Oregon Natural Desert Association has brought a claim under the Wilderness Act, in addition
to its allegations that the Travel Management Plan violates NEPA, the Federal Land
Management Policy Act and the Steens Act.  The Wilderness Act regulates private parties to
the extent that it prohibits permanent and temporary roads, motor vehicles, and motorboats in
federal wilderness areas  *See* 16 U.S.C. § 1133(c).  The Act, however, charges the federal
agency administering the area with the responsibility of preserving its wilderness character.
16 U.S.C. § 1133(b).

### C.    Adequate Representation of Interests

Courts consider three factors in evaluating whether current parties adequately represent the applicant-intervenor's interests: 1) whether the present parties "will undoubtedly make all of the intervenor's arguments"; 2) whether current parties are "capable of and willing to" make such arguments; and 3) whether the intervenor "offers a necessary element to the proceedings that would be neglected." *Prete*, 438 F.3d at 956. The applicant intervenor bears the burden of demonstrating that the existing parties may not adequately represent its interest, but need only show that representation "*may* be inadequate." *Forest Conservation Council*, 66 F.3d at 1498.

"When an applicant for intervention and an existing party have the same ultimate objective, a presumption of adequacy of representation arises." *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003) (citation omitted). If the applicant's interest is identical to that of one of the present parties, courts require a "compelling showing" to demonstrate inadequate representation. *Id.* Moreover, "[i]n the absence of a 'very compelling showing to the contrary,' it will be presumed that a state adequately represents its citizens when the applicant shares the same interest." *Id.* (citation omitted) (upholding denial of native Hawaiians' motion to intervene as defendants in a suit challenging Hawaii's provision of benefits to native Hawaiians because the state shared the same objective, to uphold Hawaii's benefits laws); *Prete*, 438 F.3d at 957-959 (finding the trial court erred in granting labor union's motion to intervene as of right because the state government adequately represented the labor union's interest when it shared the same objective, to uphold the validity of a ballot measure); *Northwest Forest Res. Council v. Glickman*, 82 F.3d 825, 838 (9th Cir. 1996) (affirming denial of environmental group's motion to intervene as of right in part because the federal defendants, the Secretaries of Agriculture and the

Interior, and the group both sought the same limited interpretation of the statute at issue).

Here, Harney County asserts its interests are broader than the BLM's interests in that the County has an obligation to provide sheriff, rescue and other services and because it regulates private lands pursuant to Oregon's comprehensive land use planning regime. Those interests, however, are not at stake because resolution of the Oregon Natural Desert Association's claim will not affect those interests. Rather, Harney County sole significant protectable interest lies in its desire to uphold the legality of the Travel Management Plan it helped to create. That interest is identical to the BLM's interest in this matter. I therefore conclude that Harney County does not meet the requirements for intervention as of right because the government defendant adequately represents its interest. The court should accordingly deny Harney County's motion for intervention as of right.[5]

## II.    Rule 24(b)(2): Permissive Intervention.

An applicant seeking permissive intervention under Rule 24(b)(2) must meet three threshold requirements: "(1) it shares a common question of law or fact with the main action; (2) its motion is timely; and (3) the court has an independent basis for jurisdiction over the applicant's claims." *See e.g., Donnelly*, 159 F.3d at 413.[6] Some confusion remains regarding the last requirement. Although the supplemental jurisdiction statute, 28 U.S.C. § 1367, allows courts to exercise jurisdiction over claims that are sufficiently related to a claim that invokes federal

---

5  Harney County also asserts that county governments have standing in actions challenging federal land management practices within the county. I find that argument unpersuasive in light of the fact that the Ninth Circuit has indicated that standing alone does not suffice to intervene as of right. *Arakaki*, 324 F.3d at 1084 (stating that the applicant-intervenor's standing for a collateral suit . . . does not alone justify a Rule 24(a) right to intervene).

6  In contrast to intervention as of right, the "none but the federal defendant rule" does not prohibit intervention as a defendant in an action to compel a federal agency's compliance with NEPA requirements. *See Kootenai Tribe of Idaho*, 313 F.3d at 1108.

FINDINGS AND RECOMMENDATION – PAGE 12

question jurisdiction, the Ninth Circuit has required an independent basis for permissive

intervention, even when the applicant-intervenor is a non-plaintiff. *See Northwest Forest Res.*

*Council*, 82 F.3d at 839; 6 Moore's Federal Practice - Civil § 24.22. In *Kootenai Tribe of Idaho*

*v. Veneman,* however, the Ninth Circuit stated, "all that is necessary for permission intervention

is that [the] intervenor's claim or defense and the main action have a question of law or fact in

common." 313 F.3d 1094, 1108-1110 (9th Cir. 2002) (citation omitted) (holding that the

applicant-intervenors met the threshold requirements for intervention because they asserted

defenses "directly responsive" to the plaintiff's claims).

Here, the parties agree that Harney County's motion is timely. Moreover, Harney

County's application for intervention shares a common question of law with the main action, the

legality of the current Travel Management Plan. Harney County has not, however, asserted an

independent basis for jurisdiction. I decline, however, to resolve the confusion regarding the

jurisdiction requirement. Rather, I find that assuming that Harney County's motion to intervene

does not fail for lack of an independent basis for jurisdiction, the court should nonetheless

exercise its discretion to deny permissive intervention, for the reasons set forth below.

In exercising its discretion to grant or deny permissive intervention, a court must consider

whether the applicant-intervenor will contribute to the full development of the claim and whether

the intervention "will unduly delay or prejudice the adjudication of the original parties' rights."

Fed. R. Civ. Proc. 24(b)(3). Thus, "[w]here proposed intervenors would present no new

questions to the court, a motion for permissive intervention is properly denied." *Hallco Mfg. Co.*

*v. Hallstrom*, 161 F.R.D. 98, 103 (D. Or. 1995); *see also California v. Tahoe Reg'l Planning*

*Agency*, 792 F.2d 775, 779 (9th Cir. 1986) (upholding the district court's denial of permissive

FINDINGS AND RECOMMENDATION – PAGE 13

intervention where the court concluded that the applicant-intervenor's interests were adequately represented by existing parties).

Here, Harney County shares the same objective as the BLM. Moreover, Harney County has not raised any defenses separate from those asserted by the BLM. Therefore, Harney County's participation does not present any new questions and thus contribute to the full development of this case. The court should therefore deny Harney County's alternative motion for permissive intervention.

## CONCLUSION

For the foregoing reasons, Harney County's Motion to Intervene (#9) should be denied.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due September 30, 2009. If no objections are filed, then the Findings and Recommendation will go under advisement on that date. If objections are filed, then a response is due within 10 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

Dated this 16th day of September, 2009.

Honorable Paul Papak
United States Magistrate Judge

FINDINGS AND RECOMMENDATION -- PAGE 14