FILED'10 MAR 2 9 27USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


OREGON NATURAL DESERT ASSOCIATION,                    09-CV-00369-PK

                    Plaintiff,                        ORDER

v.

BUREAU OF LAND MANAGEMENT, KENNY
McDANIEL, AND JOAN SUTHER,

                    Defendants.


BROWN, Judge.

     Magistrate Judge Paul Papak issued Findings and

Recommendation (#23) on September 16, 2009, in which he

recommended the Court deny the Motion (#9) to Intervene by

Proposed Defendant-Intervenor Harney County.  The County filed

timely Objections.

1  -  ORDER

On December 7, 2009, the Court issued an Order (#35) construing the Magistrate Judge's Findings and Recommendation as an Order pursuant to Federal Rule of Civil Procedure 72(a) because the Magistrate Judge's disposition addressed the County's nondispositive, pretrial Motion to Intervene.  The Court, therefore, allowed the County and Plaintiff Oregon Natural Desert Association (ONDA) to file supplemental briefs to address the standard of review under Rule 72(a).  The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(a).

Under Title 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a), the district court must review objections to a Magistrate Judge's order on a nondispositive pretrial motion and, if the order was "clearly erroneous or contrary to law," modify or set aside the order accordingly.  Because a ruling on a motion to intervene is not determinative of "a party's claim or defense," it is not dispositive and is not subject to *de novo* review as required under Title 28 U.S.C. § 636(b)(1)(B).

In its original Objections and its supplemental memorandum, the County asserts the Magistrate Judge erred when he:  (1) concluded the County did not meet its burden to establish its right to intervene under Rule 24(a) because the County has only a single, significant protectable interest in this action that is adequately represented by Defendant Bureau of Land Management

2  -  ORDER

(BLM), (2) concluded as a matter of the court's discretion under Rule 24(b) that the County should not be permitted to intervene because the County does not present any issues of law or defenses independent of those asserted by BLM, and (3) concluded the County may not be permitted to join the remedial stages of the litigation.

## I.    Intervention as of Right under Rule 24(a).

Under Federal Rule of Civil Procedure 24(a), an applicant seeking intervention as of right must, on timely motion, show: (1) it has a significant protectable interest in the subject matter of the action, (2) disposition of the action "may as a practical matter impair or impede the applicant's ability to protect its interest," and (3) "the existing parties may not adequately represent the applicant's interests." *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998).

### A.    Significant Protectable Interest.

As the Magistrate Judge noted, to satisfy the Ninth Circuit test for intervention as of right an applicant must establish, *inter alia*, that it has a significant protectable interest in the subject matter at issue. *Id.* To do so, an applicant must demonstrate it has "an interest that is protected under some law" and that "there is a 'relationship' between its legally protected interest and the Plaintiff's claims." *Id.*

The County objects to the Magistrate Judge's conclusion that

3  -  ORDER

the County has only a single, significant protectable interest in the subject matter of this action based on the County's participation in the development of the Travel Management Plan (TMP) for the Steens Mountains.  The County asserts it has additional significant protectable interests in this action based on:  (1) the County's interest in preserving its cooperative role "in the definition and implementation" of the Steens Mountain Cooperative Management and Protection Act of 2000 (Steens Act), 16 U.S.C. §§ 460nnn, et seq., and (2) the County's interests in ensuring that the remedy in this matter, including any injunctive relief, does not impair the County's ability to perform mandatory services on County property (i.e., sheriff services, search and rescue, and maintenance of County roads).  The Magistrate Judge, however, concluded these additional interests asserted by the County are neither related to nor affected by this action.

In addition, the Magistrate Judge found Plaintiff challenges only BLM's role in the TMP developed pursuant to the Steens Act to manage travel within the protected area of the Steens Mountains.  Plaintiff alleges BLM violated federal law in the development and approval of the TMP under the Steens Act; the Federal Land Policy and Management Act of 1976 (FLPMA), 43 U.S.C.A. §§ 1701, et. seq.; the National Environmental Policy Act (NEPA), 42 U.S.C. §§ 4321, et seq.; and the Wilderness Act of 1964, 16 U.S.C. §§ 1331, et seq.  The Magistrate Judge noted

4 - ORDER

Plaintiff does not challenge the County's compliance with any of the applicable federal statutes.  He further concluded even if the Court ultimately suspends the TMP on the basis of BLM's noncompliance with federal law, such an outcome would preserve the status quo until a TMP that complies with federal environmental laws is developed and approved.  Temporary suspension of the TMP, therefore, would not affect the County's cooperative role in managing the Steens Mountains or its ability to provide mandatory services.

Thus, the Magistrate Judge found the County demonstrated it has a single, significant protectable interest that is based on its participation in the development of the TMP.

**B.   Impairment of Interest.**

To intervene as a matter of right, an applicant must also establish that disposition of the action "may as a practical matter impair or impede the applicant's ability to protect its interest." *Donnelly*, 159 F.3d at 409.

As noted, the Magistrate Judge found the County has a significant protectable interest based on the County's participation in the development of the TMP and the County's interest in defending the legality of the TMP would be impaired by a judgment finding the TMP unlawful.  Thus, the Magistrate Judge concluded the County met the impairment requirement for intervention as of right.

5  -  ORDER

## C.    Adequate Representation of Interests.

Finally, an applicant for intervention must demonstrate "the existing parties may not adequately represent the applicant's interests." *Donnelly*, 159 F.3d at 409.  Courts consider several factors when evaluating whether a party will adequately represent an applicant-intervenor's interest including:  "[W]hether [a present party] will undoubtedly make all of the intervenor's arguments, whether [a present party] is capable of and willing to make such arguments, and whether the intervenor offers a necessary element to the proceedings that would be neglected." *Prete v. Bradbury*, 438 F.3d 949, 956 (9th Cir. 2006)(quoting *Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 528 (9th Cir. 1983)).  The general rule is that the applicant-intervenor's burden to show that the current party will not adequately represent its interest is minimal.  *Prete*, 438 F.3d at 956.  When the applicant-intervenor's ultimate objective is the same as that of a government defendant, "it is clear that in the absence of a *very compelling showing* to the contrary, it will be presumed that [the government defendant] adequately represents the interests of the intervenor-defendant[]." *Id.* at 957 (quoting *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir.2003)(emphasis added)). Nevertheless, the County contends its burden remains minimal. This Court, however, does not find a basis to undermine the rule as stated in *Prete* and *Arakaki*.

6  -  ORDER

In addition, the Magistrate Judge found BLM's interest in defending the legality of the TMP is the same as that of the County in upholding the plan that it helped to create. Thus, the Magistrate Judge concluded the County's sole, significant protectable interest in this matter does not justify its intervention as a matter of right because BLM adequately represents the County's interest in upholding the legality of the TMP. In other words, the County seeks the same result as BLM: to avoid having to begin again with the TMP. The County's assertion that its cooperative role in managing the Steens Mountains somehow alters this analysis is unavailing because, as the Magistrate Judge concluded, resolution of this matter will not affect the County's statutorily-defined cooperative role even if the TMP must be remade as a result of this litigation.

The County, nonetheless, maintains as it did in its original Motion to Intervene that its interests are broader than those represented by BLM, and, therefore, BLM will not adequately represent the County's interests because BLM will not make the arguments the County would advance. The County, however, does not offer an example of any such argument to demonstrate that its interests diverge from those of BLM.

Thus, the Magistrate Judge found the County did not make the compelling showing that is required to overcome the presumption of adequate representation in this matter, and, therefore, the

7  -  ORDER

Magistrate Judge concluded the County did not meet its burden to show it has a right to intervene under Rule 24(a). *See Prete*, 438 F.3d at 957. The Court concludes the County failed to establish the Magistrate Judge made any clearly erroneous findings of fact or conclusions contrary to law in denying the County's intervention under Rule 24(a).

## II.   Permissive Intervention under Rule 24(b).

The County argues the Magistrate Judge erred when he declined to permit the County to permissively intervene pursuant to Federal Rule of Civil Procedure 24(b).

The court may permit a party to intervene in a pending action even if the party fails to show it is entitled to intervene as a matter of right under Rule 24(a). Fed. R. Civ. P. 24(b). A proposed intervenor seeking permissive intervention must show "(1) it shares a common question of law or fact with the main action; (2) its motion is timely; and (3) the court has an independent basis for jurisdiction over the applicant's claims. *Donnelly v. Glickman*, 159 F.3d 405, 411 (9th Cir. 1998).

Even if the proposed intervenor satisfies these conditions, the district court may exercise its discretion to deny the motion to intervene. *Id.* In exercising its discretion, the district court may consider whether intervention will unduly delay or prejudice existing parties and whether the interests of judicial economy would be served by intervention. *Venegas v. Skaggs*, 867

8  -  ORDER

F.2d 527, 530 (9th Cir. 1989), *aff'd* 495 U.S. 82 (1990).

The Magistrate Judge concluded the County's Motion was
timely and the County's application for intervention shared a
common question of law with the issues in this matter.  The
Magistrate Judge also assumed without deciding that the County's
Motion does not fail for lack of an independent basis for
jurisdiction and concluded in his discretion that the County
should not be permitted to intervene under Rule 24(b) on the
ground that the County does not present any new questions of law
to be resolved or new defenses to Plaintiff's claims.

The County objects to the Magistrate Judge's conclusion and
asserts it will "clearly contribute to the full development of
the claim and has presented new questions for the Court's
consideration."  The County maintains it should be permitted to
intervene because it can provide context with respect to its
unique obligations under NEPA and the Steens Act.  In its
Complaint, however, the Plaintiff challenges BLM's compliance
with federal law rather than the County's role in the planning
process, and, therefore, such additional context is not
sufficiently relevant to the issues in this matter to suggest the
Magistrate Judge erred as to his analysis.

In addition, the County offers the suggestion that it should
have the opportunity to help "shape any remedy that may be
developed."  Although that argument may be relevant to whether

the County could intervene in the remedial stage of this
litigation, it does not establish that the Magistrate Judge's
exercise of his discretion at this stage of the proceedings is
contrary to law.

Thus, the Magistrate Judge found the County's objective is
the same as BLM:  to defend the legality of the TMP by proving
BLM complied with federal law in the development and approval of
the TMP.  The Magistrate Judge, therefore, properly concluded the
County's presence does not contribute to the full development of
this case and the County should not be permitted to intervene
under Rule 24(b) as a matter of the Court's discretion.

## III. The "None but a Federal Defendant" Rule.

The County also objects to the Magistrate Judge's Order on
the ground that it incorrectly applies the "none but a federal
defendant rule" to bar the County's intervention.  The County
cites a number of cases to support an exception to that rule that
allows intervention by nonfederal intervenors at the remedial
phase.  The Magistrate Judge noted the well-established general
rule that the federal government is the only proper defendant in
cases where the plaintiff seeks to hold federal agencies
accountable to federal environmental law.  *See, e.g., Kootenai
Tribe of Idaho v. Venemen*, 313 F.3d 1094 (9th Cir. 2002); *Forest
Conserv. Council v. U.S. Forest Serv.*, 66 F.3d 1489, 1499 n.11
(9th Cir. 1995); *Churchill County v. Babbitt*, 150 F.3d 1072,

10 -  ORDER

1081-1083 (9th Cir. 1998).  The Magistrate Judge, however,

expressly recognized an exception to the general rule and cited

*Wetlands Action Network v. U.S. Army Corps of Engineers* for the

proposition that an intervenor otherwise excluded from the action

by the "none but a federal defendant" rule may be permitted to

intervene in the remedial stage under certain circumstances.  222

F.3d 1105, 1114 (9th Cir. 2000).

The County asserts for the first time in its supplemental

brief that the Magistrate Judge erroneously concluded the County

cannot intervene in the remedial stage of the litigation.  The

County, however, did not request the Magistrate Judge to allow it

to intervene specifically in the remedial phase.  In its Motion,

the County sought to intervene as a defendant under Rule 24(a)

and (b) and requested the Magistrate Judge to allow the County to

file an Answer.  Nevertheless, to support its position, the

County cites an unpublished Opinion by Chief Judge Ann Aiken of

this Court:  *Oregon Natural Desert Association v. Shuford.* No. CV

06-242-AA, 2006 WL 2601073 (D. Or. Sept. 8, 2006).  In *Shuford,*

Chief Judge Aiken denied Harney County's Motion to Intervene on

nearly identical grounds as the Magistrate Judge did in this

case.  At the plaintiff's request, however, Chief Judge Aiken

allowed Harney County to intervene in the remedial phase of the

litigation.  *Id.,* at *2-*5.

Here the Magistrate Judge did not address whether the County

11 -   ORDER

may seek intervention at the remedial stage of this litigation because neither the County nor the parties requested him to do so.    Nevertheless, the Magistrate Judge expressly acknowledged the potential for the County to intervene in the remedial stage. In fact, the Magistrate Judge cited *Wetlands Action Network* for the proposition that an intervenor may be denied intervention at the liability stage of the proceedings but may be permitted to intervene in the remedial stage.    *See* 222 F.3d at 1114.    Thus, nothing in this record prevents the County from seeking intervention at a later stage of the proceedings to ensure any injunctive relief does not infringe on the its purported divergent interests.    On this record, the Court concludes the Magistrate Judge did not err with respect to the potential for the County to intervene at a later stage in this matter after a proper showing.

In summary, having reviewed the portions of the Magistrate Judge's Order to which the County objects, the Court does not find any clearly erroneous findings of fact or conclusions contrary to law in the Magistrate Judge's reasoning to warrant modifying or setting aside the Order.


## CONCLUSION

The Court **AFFIRMS** Magistrate Judge Papak's Order (#23) filed as Findings and Recommendation, and, accordingly, **DENIES** Proposed

12 -   ORDER

Defendant-Intervenor Harney County's Motion (#9) to Intervene.

IT IS SO ORDERED.

DATED this 1st day of March, 2010.

_____
ANNA J. BROWN
United States District Judge

13 -   ORDER