FILED

NOV 2 3 2010

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

OREGON NATURAL DESERT
ASSOCIATION,

            Plaintiff,

                                   CV 09-369-PK

                                   AMENDED OPINION AND
                                   ORDER

KENNY MCDANIEL, *et al.*,

            Defendants.

_____

PAPAK, Judge:


      Plaintiff Oregon Natural Desert Association (ONDA) brings this action arising from the

travel management planning process for the Steens Mountain.  ONDA names as defendants the

United States Bureau of Land Management ("BLM"), Kenny McDaniel, District Manager for the

Burns District of BLM, and Joan Suther, Field Manager for the Andrews Resource Area of the

Page 1 - AMENDED OPINION AND ORDER

Burns District of BLM.[1]  Specifically, ONDA alleges that BLM's adoption of the Travel

Management Plan violates the Steens Mountain Cooperative Management and Protection Act of

2000 ("Steens Act"), 16 U.S.C. § 460nnn *et seq.*, the Federal Land Policy and Management Act

of 1976 ("FLPMA"), 43 U.S.C. §§ 1701–87, the Wilderness Act of 1964, 16 U.S.C. §§ 1131–36,

and the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321–61.  Now before the

court is ONDA's motion for summary judgment (#52), BLM's cross-motion for summary

judgment (#67), and BLM's motion to strike extra-record materials (#59).   In this Opinion and

Order, I only address the threshold question of whether BLM's TMP Decision Record is a final

agency action subject to challenge in federal court by ONDA in this case.


## BACKGROUND

On November 28, 2007, BLM issued a Decision Record adopting the proposed

Transportation Management Plan (TMP).  AR 783.  On January 4, 2008, ONDA appealed from

and petitioned for stay of the effect of that decision to the Department of Interior's Board of Land

Appeals (IBLA), raising four separate claims.  AR 619-690, 242-294.  On April 2, 2008, the

IBLA granted a stay as to the part of the BLM decision to open Obscure Routes to public vehicle

traffic, but denied ONDA's petition for stay as to all other challenged aspects of BLM's decision.

AR 202.  On February 19, 2009, IBLA reversed BLM's decision to permit motorized traffic on

the Obscure Routes within the CMPA, but affirmed BLM's TMP decision in all other respects.

AR 53-57, 65.  ONDA filed this action on April 13, 2009, challenging BLM's Decision Record

as the final agency action.

---

[1] For simplicity, I refer to defendants collectively as BLM.

Page 2 - AMENDED OPINION AND ORDER

## DISCUSSION

As a threshold matter, this court must first identify the agency action under review. *Nat'l*

*Parks & Conservation Ass'n v. BLM*, 606 F.3d 1058, 1064 (9th Cir. 2010). ONDA argues that

BLM's TMP Decision Record from November, 2007, and the IBLA's February, 2009, decision

are both final agency actions subject to judicial review. Consequently, ONDA contends that it

has properly elected to seek review of BLM's Decision Record in this case. By contrast, BLM

contends the IBLA's February, 2009, decision on ONDA's appeal of the TMP decision is the only

final agency action susceptible to judicial review under the APA, since the IBLA's merits

decision effectively rendered the BLM Decision Record non-final. This threshold matter is

critical, since it affects the remainder of the court's analysis in this case.

Under the Administrative Procedure Act (APA), only "final agency action" is subject to

judicial review. 5 U.S.C. § 704. The Supreme Court holds that, in general, an agency action is

final if it meets two requirements:

> First, the action must mark the 'consummation' of the agency's decisionmaking process—
> it must not be of a merely tentative or interlocutory nature. And second, the action must
> be one by which 'rights or obligations have been determined,' or from which 'legal
> consequences will flow.'

*Bennett v. Spear*, 520 U.S. 154, 177–78 (1997) (internal citations and quotations omitted). Two

separate Department of Interior regulations specifically address which administrative decisions

are considered final agency actions.

First, 43 C.F.R. § 4.21(a) addresses final agency actions pending an appeal of a BLM

decision before the IBLA. 43 C.F.R. § 4.21(a) (titled as "Effect of decision pending appeal.")

Under that subsection, barring a petition for a stay, a BLM decision will become effective, and

thus a final agency action[2], only upon the expiration of the appeal period.  43 C.F.R. § 4.21(a)(2);

*Nat'l Parks & Conservation Ass'n*, 606 F.3d at 1064.  Where a petition for a stay has been filed,

the agency decision becomes "effective immediately" when the IBLA: (1) fails to act upon the

petition for a stay within 45 days of the expiration of the time for filing a notice of appeal, (2)

denies a petition for stay, or (3) partially denies such a petition. 43 C.F.R. § 4.21(a)(3); 43 C.F.R.

§ 4.21(b)(4); *Nat'l Parks & Conservation Ass'n*, 606 F.3d at 1065.  Second, 43 C.F.R. § 4.403

identifies the final agency action when an IBLA decision has already been issued.  43 C.F.R. §

4.403 provides that "[a] decision of the [Interior Board of Land Appeals] shall constitute final

agency action and be effective upon the date of issuance, unless the decision itself provides

otherwise." 43 C.F.R. § 4.403.

    The parties disagree over how to harmonize these two regulations.  ONDA contends that

two final agency actions may exist simultaneously and that the IBLA merits decision may be

deemed final without affecting the finality of the BLM decision.  By contrast,  BLM argues that

43 C.F.R. § 4.403 both makes the IBLA decision the final agency action and also renders the

underlying BLM decision non-final to the extent that it had already become final under 43 C.F.R.

§ 4.21(a).

    Examining the statutory and regulatory language directly is helpful, but not dispositive on

the issue of whether both decisions are final agency actions.  On the one hand, the overall

structure and language of the Department of Interior regulations seems to favor BLM's

interpretation.  The introductory subpart of the regulations provides: "Wherever there is any

---

    [2] An agency action becomes final for the purposes of the APA when it becomes
"effective" as described in 43 C.F.R. § 4.21.  *Ctr. for Biological Diversity v. U.S. DOI*, 255 F.
Supp. 2d 1030, 1034 (D. Ariz. 2003).

conflict between one of the general rules in subpart B of this part and a special rule in another subpart applicable to a particular type of proceeding, the special rule will govern." 43 C.F.R. § 4.1(b) (subpart entitled "Scope of authority; applicable regulations.") There is arguably a conflict between 43 C.F.R. § 4.21(a) and 43 C.F.R. § 4.403, since both create a final agency action appropriate for judicial review.[3] Further, 43 C.F.R. § 4.21(a) is codified in "Subpart B- General Rules Relating to Procedures and Practice" while 43 C.F.R. § 4.403 is codified in "Subpart E- Special Rules Applicable to Public Land Hearings and Appeals." Therefore, the regulation contained within the special rule, 43 C.F.R. § 4.403, should prevail, assuming that the regulations indeed conflict.

One the other hand, the Administrative Procedures Act appears to support ONDA's position. The APA provides that "agency action otherwise final is final . . . unless the agency otherwise requires by rule and provides that the action meanwhile is inoperative, for an appeal to superior agency authority." 5 U.S.C. § 704. This statutory text suggests that to convert a final agency action into a non-final action, the agency's rules must explicitly render the action "inoperative." *Cf. Nat'l Parks & Conservation Ass'n v. BLM*, 606 F.3d 1058, 1064 (9th Cir. 2010) (noting that "DOI rules need not explicitly render the Record of Decision inoperative because, in a case such as that before us, the decision was never effective in the first instance.") The second regulation, 43 C.F.R. § 4.403, does not *explicitly* render the underlying BLM decision inoperative because it does not even mention the BLM decision. Thus, the APA indicates that the BLM decision should remain a final agency action in this case, since the

---

[3] ONDA contends that these two regulations do not actually conflict, but rather create an unusual regulatory structure where two different decisions may simultaneously exist as final agency actions for purposes of judicial review under the APA.

Department of Interior regulations do not expressly reverse that default rule that agency actions remain final once they become final.

Faced with conflicting statutory and regulatory language, I turn to relevant case law. The Ninth Circuit has addressed the issue of which administrative decisions may be "final action action," albeit briefly and only in dicta. In *National Parks & Conservation Association v. BLM*, plaintiff appealed BLM's Record of Decision to the IBLA. *Nat'l Parks & Conservation Ass'n v. BLM*, 606 F.3d 1058, 1063 (9th Cir. 2010). The IBLA granted a stay, but ultimately affirmed the BLM's decision. *Id.* at 1063, 1065. Plaintiffs brought suit and the district court held that the Record of Decision was the final agency action. *Id.* at 1064. The Ninth Circuit analyzed both the regulations pertaining to pending IBLA appeals and those applying to already issued IBLA decisions, holding that since the IBLA granted a stay, the Record of Decision never became effective and therefore, the IBLA decision was the final agency action. *Id.* at 1064-1065.

In dicta[4], however, the Ninth Circuit rejected plaintiffs' argument that "43 C.F.R. § 4.403 applies only to Appeals Board actions, and does nothing to rob the Record of Decision of its finality." *Id.* at 1064 n2. The Ninth Circuit explained that "[t]aken to its logical conclusion, this argument would allow for two independent, and potentially conflicting, 'final' agency actions. This cannot be." *Id.* In sum, *Nat'l Parks & Conservation Ass'n* suggests that, although a BLM decision may become final under 43 C.F.R. § 4.21(a)(3) by virtue of a petition to the IBLA for stay, the IBLA's subsequent decision on the merits of that appeal supercedes the BLM decision as the final agency action.

---

[4] Since the court ultimately concluded that the BLM decision never became final, the issue of whether 43 C.F.R. § 4.403 rendered the BLM decision non-final was not dispositive to the Court's analysis.

One prior Ninth Circuit decision conflicts with the Court's analysis in *Nat'l Parks &*
*Conservation Ass'n.* In *Desert Citizens Against Pollution v. Bisson*, plaintiff appealed a BLM
decision to the IBLA and petitioned for a stay pending appeal. *Desert Citizens Against Pollution*
*v. Bisson*, 231 F.3d 1172, 1175 (9th Cir. 2000). The Court stated that IBLA "rejected the
consolidated appeals and the request for the stay" but did not describe whether those actions
happened simultaneously. *Id.* Without any analysis, the Ninth Circuit proceeded to review the
BLM Record of Decision as a final agency action even though the IBLA had already issued a
decision on plaintiff's appeal. *See, e.g., id.* at 1082. This result suggests that the agency decision
became final when the IBLA rejected the plaintiff's petition for stay, but that the IBLA's
subsequently decision on the appeal did not effectively render the BLM decision non-final.
Thus, the Ninth Circuit's implicit approach in *Desert Citizens Against Pollution* stands at odds
with its more recent dictum in *Nat'l Parks & Conservation Ass'n.*

One district court opinion also touches on circumstances in which an IBLA decision may
render an underlying BLM decision non-final. In *Ctr. for Biological Diversity v. U.S.*, plaintiffs
petitioned the IBLA for a stay, but IBLA failed to respond within 45 days of the expiration of the
time for filing a notice of appeal. *Ctr. for Biological Diversity v. U.S. DOI*, 255 F. Supp. 2d
1030, 1033 (D. Ariz. 2003), *rev'd on other grounds by Ctr. for Biological Diversity v. U.S. DOI*,
No. 07-16423, 2010 U.S. App. LEXIS 19767, at *4 (9th Cir. Sept. 23, 2010). The plaintiffs
subsequently filed suit in district court challenging the BLM's land decision on the same grounds
pending before the IBLA. *Id.* Approximately two weeks after plaintiffs filed the suit in the
district court, the IBLA granted plaintiffs' request for a stay pending review of the BLM decision.
*Id.* There, the district court reasoned that the underlying BLM decision became "effective" at the

point when the IBLA's 45-day time period for deciding on plaintiffs' stay petition expired. *Id.* at

1034. The underlying BLM decision therefore also became "final" for the purposes of the

Administrative Procedures Act (APA). *Id.*

  In reaching that conclusion, the Court rejected an argument by defendants that the IBLA's

untimely stay decision rendered the underlying BLM decision non-final. *Id.* at 1035. The Court

clarified that the IBLA's late decision granting a stay did not somehow make the underlying BLM

decision non-final, "thereby stripping a federal court of its right to hear a case and disrupting the

settled expectations of Plaintiffs, once a BLM decision becomes final under *its own* regulations."

*Id.* (emphasis in original). The Court noted that the IBLA does not "have the authority to flaunt

the commands of the regulation as long as it is in force," because if it had that authority, "there

would be no limit to the power to disrupt the settled expectations of Plaintiffs to seek recourse to

the federal courts, merely by granting a stay at any point in the federal proceedings." *Id.* Thus,

*Center for Biological Diversity* stands for the proposition that where the plaintiff brings suit in

federal court after the IBLA fails to issue a timely decision on plaintiff's petition for stay but

before the IBLA issues a merits decision, "the IBLA has no authority to make a [BLM] decision

'non-final.'" *Id.*

  This logic of this case, however, cannot be extended to our current scenario. The court in

*Center for Biological Diversity* relied heavily upon the rationale that a plaintiff should not have

its settled expectations of judicial review disrupted by unilateral IBLA action-- granting a stay--

in violation of the Department of Interior regulations. Here, however, ONDA did not have its

access to the federal court abruptly stripped away by the IBLA as in *Center for Biological*

*Diversity*. Rather, ONDA waited until the IBLA issued its merits decision and then decided to

Page 8 - AMENDED OPINION AND ORDER

initiate this suit in federal court.  Consequently, *Center for Biological Diversity* does not apply to this case.

Ultimately, I follow the logic of the Ninth Circuit's dictum in *National Parks & Conservation Association* to resolve this difficult issue.[5]  The BLM decision initially became final when the IBLA failed to issue a timely decision on ONDA's petition for stay.  Subsequently, the IBLA merits decision became a final agency action upon issuance and simultaneously rendered the underlying BLM decision non-final for purposes of APA review.  To find that the IBLA merits decision and the underlying BLM Decision Record are both final agency actions susceptible to ONDA's challenge in federal court would be deeply counterintuitive.  Here, after the IBLA failed to issue a timely ruling on ONDA's petition for stay, ONDA could have initiated suit in this court for review of the BLM decision.  Yet ONDA instead elected to continue to a merits determination with the IBLA, perhaps for strategic reasons.  ONDA even achieved some success in that appeal, as the IBLA reversed BLM's TMP regarding Obscure Routes.  ONDA should not be permitted now to challenge the BLM Decision Record as a final agency action and effectively bring new claims that it failed to exhaust previously before the IBLA.  Thus, in this case, the IBLA merits decision is the sole final agency action that ONDA may challenge in this court.

---

[5]I am not persuaded by ONDA's contention at oral argument that *National Parks & Conservation Association* is distinguishable from this case.  ONDA argued that while the IBLA decision incorporated BLM's environmental impact statement in *National Parks*, the IBLA never incorporated BLM's environmental assessment into its decision here.  *See* 606 F.3d at 1063, 1065.  While the *National Parks* court twice stated that the IBLA decision incorporated the EIS, it never explicitly relied on that fact in determining that the IBLA decision was the sole final agency action.  Moreover, ONDA does not provide any authority describing how the IBLA's failure to incorporate BLM's environmental assessment relates to the regulations governing finality of agency actions.

**CONCLUSION**

For the reasons stated above, the single final agency action subject to ONDA's suit for judicial review under the Administrative Procedures Act is the February 19, 2009 merits decision of the IBLA.  Resolution of ONDA's motion for summary judgment (#52), BLM's cross-motion for summary judgment (#67), and BLM's motion to strike extra-record materials (#59) will be delayed pending further briefing and oral argument.


Dated this 23rd day of November, 2010.

Honorable Paul Papak
United States Magistrate Judge