IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

OREGON NATURAL DESERT ASS'N,

    Plaintiff,

                                      3:09-cv-00369-PK
                                      OPINION AND ORDER

KENNY MCDANIEL, Burn District
Manager, BLM, *et al.*,

    Defendants.

PAPAK, Judge:

    Plaintiff Oregon Natural Desert Association ("ONDA") brought this action arising from the travel management planning process for the Steens Mountain. ONDA alleged that either BLM's decision adopting its Travel Management Plan ("TMP") or the Interior Board of Land Appeals' ("IBLA") decision approving BLM's adoption of the TMP violates the Steens Mountain Cooperative Management and Protection Act of 2000 ("Steens Act"), 16 U.S.C. § 460nnn *et seq.*, the Federal Land Policy and Management Act of 1976 ("FLPMA"), 43 U.S.C. §§ 1701–87, the Wilderness Act of 1964, 16 U.S.C. §§ 1131–36, and the National Environmental

Page 1 - OPINION AND ORDER

Policy Act ("NEPA"), 42 U.S.C. §§ 4321–61.

This court initially determined that the IBLA's decision – rather than BLM's original adoption of the TMP– was the single final agency action susceptible to judicial review. Then, on April 28, 2011, this court ruled that the IBLA's decision was inadequate to permit meaningful judicial review and thus "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" under 5 U.S.C. § 706(2)(A). (#103.) Specifically, this court observed that the IBLA failed to address ONDA's repeated contention that the route inventory upon which BLM based its TMP contained serious methodological flaws and additionally failed to address seven distinct legal issues ONDA raised related to the route inventory. *Id.* This court, however, explicitly declined to find any violations of the substantive environmental statutes alleged by ONDA. *Id.* Consequently, this court vacated the IBLA's decision, but not the underlying TMP and associated environmental analyses, and remanded for further proceedings before the agency. *Id.*

Next, upon reconsideration, this court altered its previous decision and remanded the action back to the agency for further explanation *without* vacating the IBLA's decision. (#118.) Additionally, the court determined that, pending a new decision by the IBLA, a temporary injunction on mechanical route maintenance was necessary to prevent BLM from effectively creating new routes under the guise of route maintenance. The court, however, found the scope of ONDA's proposed injunction on maintenance of all Level 2 routes to be much too broad. Thus, the court gave the parties two weeks to confer and submit a joint proposal or separate proposals for a temporary injunction narrowly tailored to the "particular routes that ONDA alleges are obscure or non-existent." *Id.* at 8. In the meantime, the court prohibited BLM from

conducting any of the maintenance of Level 2 routes it had planned for the summer season. *Id.*

When ONDA requested a three-week extension of time in which to confer and draft a proposal, BLM agreed so long as ONDA would permit BLM to conduct certain maintenance projects during the additional three weeks. Although ONDA agreed that BLM could carry out most of those planned maintenance projects, ONDA resisted three specific maintenance projects. Nevertheless, this court allowed BLM to conduct those three projects, as well as the other projects agreed to by stipulation of the parties, while the parties worked on their injunction proposals. (#135.)

Ultimately, the parties failed to reach complete agreement on the scope of a temporary injunction and instead submitted separate but overlapping proposals for a temporary injunction pending remand to the IBLA. (#147, #157.) BLM limited its proposal to addressing only the approximately 100 miles of routes challenged as "obscure" by ONDA's expert Dr. Craig Miller in his July 2010 declaration accompanying ONDA's motion for summary judgment. (#147.) BLM conducted on-the-ground analyses on these routes and identified various features or uses to which these routes provided access, such as fences, reservoirs, monitoring points, private lands, and hunting locations. Of those routes, BLM proposed allowing no maintenance on approximately 26 miles and limited maintenance consisting of repairs necessary for effective transport and safe access (but no continuous blading) on approximately 64 miles.[1] BLM also proposed excluding 24 ways within Wilderness Study Areas, three closed routes, and one state land route from the scope of the injunction altogether. Finally, BLM's proposal retained the

---

[1] BLM, however, proposed an exception for potential continuous blading on routes inside the North Steens Project Units if necessary for conducting prescribed burns in those areas.

Page 3 - OPINION AND ORDER

flexibility to conduct wildfire-related maintenance, including continuous blading, on any routes if necessary to ensure safe access and effective fire breaks.

By contrast, ONDA's proposal addressed many more routes than just those identified by Dr. Miller's declaration. (#157.) Indeed, ONDA sought to prevent maintenance not only on allegedly "obscure" routes, but also on routes that did not meet the frequently used definition of a "road" because they had not been "improved and maintained by mechanical means to insure relatively regular and continuous use." *Id.* Consequently, ONDA proposed allowing no maintenance on approximately 224 miles of routes that never existed as roads and limited maintenance (or "spot maintenance") on another 114 miles of routes that once were maintained as roads but now had fallen into disuse. *Id.* ONDA's proposal permitted BLM to continue maintaining the remainder of the routes within the CMPA up to the level of their originally constructed character.

I have reviewed both parties' proposals. In light of the record before me, I adopt BLM's proposal in full. Accordingly, pending a new decision by the IBLA, BLM shall limit mechanical maintenance activities within the CMPA as described in its proposal for temporary injunction (#147) and associated maps and spreadsheets. This court will retain jurisdiction over this action and will review the temporary injunction upon issuance of the IBLA's decision. Today's opinion resolves plaintiff's motion for permanent injunction (#105).

Dated this 25th day of August, 2011.

Honorable Paul Papak
United States Magistrate Judge

Page 4 - OPINION AND ORDER