IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON


OREGON NATURAL DESERT ASS'N,

      Plaintiff,

                                  3:09-cv-00369-PK
                                  OPINION AND ORDER


KENNY MCDANIEL, Burn District
Manager, BLM, *et al.*,

      Defendants.

_____

PAPAK, Judge:

    Plaintiff Oregon Natural Desert Association ("ONDA") brought this action arising from

the travel management planning process for the Steens Mountain. ONDA alleges that either

BLM's decision adopting its Travel Management Plan ("TMP") or the Interior Board of Land

Appeals' ("IBLA") decision approving BLM's adoption of the TMP violates the Steens

Mountain Cooperative Management and Protection Act of 2000 ("Steens Act"), 16 U.S.C. §

460nnn et seq., the Federal Land Policy and Management Act of 1976 ("FLPMA"), 43 U.s.C. §§

1701-87, the Wilderness Act of 1964, 16 U.S.C. §§ 1131-36, and the National Environmental

Policy Act ("NEPA"), 42 U.S.C. §§ 4321-61.


OPINION AND ORDER- Page 1

## BACKGROUND

Previously, this court ruled that the IBLA's decision approving BLM's TMP was inadequate to permit meaningful judicial review, vacated the IBLA decision, and remanded to the IBLA with specific instructions to address a number of issues. (#103.) In the remedy stage of the litigation, the court solicited competing proposals for an injunction on maintenance activities for routes covered by the TMP decision that would last while the IBLA conducted further proceedings on remand. This was an attempt to prevent BLM from transforming obscure or non-existent routes that were designated as open to vehicle traffic under the TMP into permanent elements of the landscape under the guise of "maintaining" these routes. In August 2011, the court ultimately issued an injunction on the basis of BLM's proposal. (#160.)

In March 2012, ONDA made three new motions. First, it moved for leave to supplement its complaint to challenge BLM's June 13, 2011 categorical exclusion ("CX") decision, which authorized mechanical maintenance on approximately 133 miles of routes within the Steens Mountain CMPA. (#161.) Second, it moved to modify the court's August 2011 injunction to additionally ban or limit maintenance on approximately 55 miles of routes that were designated as open in the TMP but which ONDA argued were allegedly obscure or naturally reclaimed on the landscape, and for which the CX authorized maintenance. (#162.) Finally, ONDA moved to compel BLM to complete the administrative record by lodging the final GIS dataset defining the routes designated in the TMP, since BLM had previously only provided interim data. (#163.) The court denied leave to supplement the complaint and declined to modify the injunction to add the routes identified by ONDA, but ordered BLM to lodge the final TMP data. (#175.)

Given that ONDA had never before received the final TMP dataset, the court recognized

that ONDA's August 2011 injunction proposal was crafted based on an inaccurate understanding of which routes were indeed designated as open by the TMP. (#175, at 14-15.) Consequently, the court granted ONDA leave to renew its motion to modify the maintenance injunction after it accessed the final TMP dataset, under certain conditions. *Id.* That is, ONDA could seek a modification if it found that the new TMP dataset revealed certain routes were now designated as open to vehicle traffic under the TMP that were not apparently designated as open in the old data *and* that those newly identified routes satisfied the court's criteria for a ban or limitation on maintenance. *Id.* The court warned, however, that it would not revisit its decision on routes whose status did not change from the interim TMP dataset to the final TMP dataset. *Id.*

Later, ONDA moved for reconsideration of the court's denial of ONDA's motion to supplement its complaint to additionally address the CX decision. (#179.) Although this court modified its reasoning somewhat, it did not alter the ultimate result of its earlier ruling, reiterating that ONDA was not permitted to challenge the CX decision in this action. (#197.) The court, however, recognized that the CX decision potentially exceeded the scope of the TMP, both because the intensity of the maintenance the CX purported to authorize may have surpassed that permitted by the TMP and because several short routes that fell within the CX's ambit (the routes at issue in the present motion) may not have been designated as open and maintainable by the TMP. *Id.* Accordingly, the court cautioned BLM against relying on the CX as the sole basis for conducting maintenance, without actually prohibiting BLM from doing so. *Id.*

## DISCUSSION

In the motion now before the court, ONDA seeks to extend the court's August 2011 maintenance injunction to include four short routes, totaling just over half a mile in length.

OPINION AND ORDER- Page 3

(#184.)  As explained in my previous opinion, Federal Rule of Civil Procedure 54(b) permits a district court to modify an interlocutory order, such as a preliminary injunction, at any time before entry of final judgment based on a significant change in facts.  *See Credit Suisse First Boston Corp. v. Grunwald,* 400 F.3d 1119, 1124 (9th Cir. 2005).  Although I recognize that certain facts have changed since August 2011, these changes do not warrant an expansion of the court's earlier injunction.

As an initial matter, the parties do not dispute that the interim and final TMP datasets differ in certain respects.  ONDA's expert Dr. Miller asserts that the final dataset includes 82 miles of routes not represented in the interim data set and that the final dataset specifies whether all routes are open or closed to vehicles, while the interim data did not.  (Fifth Miller Decl., #196, ¶5.)  Perhaps most importantly for the present motion, however, Dr. Miller explains that three of the routes at issue here (routes 1, 2, and 3) were included in the interim dataset and appear on the maintenance map published with the CX decision, but are *not* included in the final TMP dataset. *Id.*  In other words, these three routes are *not* designated for vehicle use or maintenance by the TMP.  ONDA therefore asserts that maintenance of those three routes under the authority of the CX alone is illegal and should be enjoined.  By contrast, BLM argues that because ONDA addressed these same routes in prior injunction proposals based on preexisting data, the provision of the final TMP dataset does not constitute a change in fact warranting expansion of the injunction.  Additionally, BLM argues that maintenance for routes 1 and 2 is important for fire suppression activities.

The last route at issue (route 5) runs mostly within a Wilderness Study Area.  ONDA notes the final TMP dataset designates this route as closed, but the CX authorizes maintenance

OPINION AND ORDER- Page 4

on this route. (Fifth Miller Decl., #196, ¶5); (P.'s Reply, #195, at 3.)  BLM concedes that it

cannot conduct mechanical maintenance on this route where it exists within a Wilderness Study

Area, and stipulates that it will not conduct any mechanical maintenance of the remainder of the

route.  (D.'s Resp., #190, at 6.)  ONDA, however, doubts BLM's assurances and seeks to have

this route added to the injunction, so long as the CX decision purporting to authorize

maintenance on it remains in effect.

 ONDA's current motion goes beyond the scope of my earlier ruling.  There, I authorized

ONDA to move to expand the injunction to cover routes that the final TMP dataset showed, for

the first time, were *opened* to vehicle use and maintenance– routes for which ONDA would

never have had a prior opportunity to seek a maintenance injunction.  ONDA has not presented

any such routes here.  Rather, the four routes of which it complains are now designated as *closed*

to vehicle use and maintenance in the final TMP dataset.  Consequently, my earlier ruling– which

created a maintenance injunction to preserve the environmental status quo on TMP-opened

routes pending further IBLA review of the validity of the TMP– does apply to these routes.

 ONDA instead seeks to use this motion as an opportunity to create what is, in effect, a

new injunction against maintenance purportedly independently authorized by the CX.  In my

order denying reconsideration of ONDA's motion to supplement its complaint to challenge the

CX, I "decline[d] to expand the scope of this court's injunction to cover additional routes within

the scope of the CX decision, because ONDA already had the opportunity to challenge

maintenance of these routes earlier in this litigation."  (#197, at 16.)  The same logic applies

equally to the four routes at issue in this motion.  If ONDA wishes to prevent maintenance on

these routes, it may seek to challenge the CX in a new action and establish the elements

OPINION AND ORDER- Page 5

necessary for an injunction against maintenance authorized by the CX. But ONDA cannot parlay

the existing injunction against enforcement of the maintenance provisions in one agency

decision, the TMP, into an injunction against maintenance provisions in a different agency

decision, the CX.

CONCLUSION

For the foregoing reasons, ONDA's renewed motion to modify the maintenance

injunction (#184) is denied.

Dated this 6th day of November, 2012.

Honorable Paul Papak
United States Magistrate Judge

OPINION AND ORDER- Page 6