IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

OREGON NATURAL DESERT ASS'N,　　　　　3:09-cv-00369-PK

                                                                OPINION AND ORDER

          Plaintiff,

v.

BRENDAN CAIN, Burns District Manager,
Bureau of Land Management, *et al.*,

          Defendants,

    and

HARNEY COUNTY,

          Defendant-Intervenor-
          Cross-Claimaint.

**PAPAK, J.:**

       Plaintiff Oregon Natural Desert Association ("ONDA") brings this action arising from the travel management planning process for the Steens Mountain. Now before this Court is ONDA's Motion to Compel Completion of Administrative Record, ECF No. 272. I have

1 – OPINION AND ORDER

reviewed *in camera* the documents submitted by the BLM pursuant to my Order of September 23, 2016. ECF No. 280. For the following reasons, ONDA's Motion is granted in part and denied in part.

## BACKGROUND

In 2009, ONDA filed this action challenging the Bureau of Land Management's ("BLM") decision to authorize the Steens Mountain Travel Management Plan ("TMP"), which designated vehicle routes as open to motorized travel within the Steens Mountain Cooperative Management and Protection Area. In September 2014, on remand from this Court, the U.S. Department of the Interior's ("DOI") Interior Board of Land Appeals ("IBLA") issued a decision amending the TMP and designating additional routes. In April 2015, BLM issued a decision approving the Steens Mountain Comprehensive Recreation Plan ("CRP"), which further amends the TMP. Now, ONDA challenges BLM's decision to adopt the interconnected TMP and CRP, contending these plans violate the Steens Mountain Cooperative Management and Protection Act of 2000 ("Steens Act"), 16 U.S.C. § 460nnn *et seq.*; the Federal Land Policy and Management Act of 1976 ("FLPMA"), 43 U.S.C. §§ 1701-87; the Wilderness Act of 1964, 16 U.S.C. §§ 1131-36; and the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321-61.

BLM has produced the administrative record in installments, and in September 2015, BLM filed the Administrative Record of the Comprehensive Recreation Plan for Steens Mountain (AR-CRP). *See* Notice Of Lodging of Administrative R., ECF No. 250. In June 2016, ONDA filed a Motion to Compel Completion of Administrative Record or for *In Camera* Review, ECF No. 272, arguing BLM improperly withheld 17 documents.[1] The documents at issue are:

---

[1] BLM withheld 18 documents total, but the privileged nature of Document 3 (AR 14224) is not disputed.

2 – OPINION AND ORDER

- Emails, which include correspondence among BLM employees as well as from attorneys at DOI's Office of Regional Solicitor and the U.S. Attorney's Office. These are characterized as Documents 1 (AR 14219-21), 2 (AR 14222-23), 6 (AR 14405-06), 9 (AR 14513-14), 10 (AR 14515-17), 11 (AR 14518-19), 12 (AR 14520-22), 13 (AR 14523-25), 14 (AR 14526-29), 17 (AR 14859-60), and 18 (AR 14861-65). Additionally, the emails make up portions of Documents 4 (AR 14225-26), 5 (AR 14355-56), 7 (AR 14407-13), 8 (AR 14465-67), and 15 (AR 14530).

- March 2015 drafts of the CRP Decision Record, which contain comments from BLM employees and a DOI attorney. These drafts make up the majority of Documents 4 (AR 14227-14354), 5 (AR 14357-14404), and 7 (AR 14414-61).

- A November 2014 draft of the CRP Response to Public Comments, which contains comments from BLM employees and a DOI attorney. This draft makes up the majority of Document 8 (AR 14468-14512).

- A February 2013 draft and December 2013 draft of the CRP Environmental Assessment, which contain comments from BLM employees and a DOI attorney. The December 2013 draft makes up the majority of Document 15 (AR 14531-14723), and the February 2013 draft is characterized as Document 16 (AR 14724-14858).

On September 23, 2016, this Court ordered the production of the documents for *in camera* review to independently determine whether they are properly withheld. Order on Mot. to Compel, ECF No. 280.

## LEGAL STANDARDS

"The statute known as the [Freedom of Information Act] is actually a part of the Administrative Procedure Act." *United States Dep't of Justice v. Reporters Comm. for Freedom*

3 – OPINION AND ORDER

*of Press*, 489 U.S. 749, 754 (1989). "In 1966 Congress amended Section 3 of the APA [hereafter, "FOIA"] to implement 'a general philosophy of full agency disclosure.'" *Id.* (quoting *Dep't of Air Force v. Rose*, 425 U.S. 352, 360 (1976)). FOIA "requires every agency upon any request for records . . . to make such records promptly available to any person." *Id.* at 754-55 (internal quotation marks and citation omitted).

Congress specifically exempted nine categories of documents from FOIA's disclosure requirements. *See* 5 U.S.C. § 552(b). Agencies may withhold documents responsive to a FOIA request from production only if they fall into one of those nine categories. *See id.*; *see also, e.g.*, *Carter v. United States Dep't of Commerce*, 307 F.3d 1084, 1088 (9th Cir. 2002). Moreover, "[b]ecause FOIA's purpose is to encourage disclosure, its exemptions are to be narrowly construed." *Carter*, 307 F.3d at 1088 (citing *United States Dep't of Justice v. Julian*, 486 U.S. 1, 8 (1988)).

Here, the only statutory exemption from FOIA's disclosure requirements at issue is "Exemption 5," codified at 5 U.S.C. § 552(b)(5). Section 552(b)(5) exempts from FOIA disclosure only "inter-agency or intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the agency," 5 U.S.C. § 552(b)(5), shielding from public scrutiny "those documents, and only those documents, normally privileged in the civil discovery context." *Nat'l Labor Relations Bd. v. Sears, Roebuck & Co.*, 421 U.S. 132, 149 (1975). In addition to the standard civil discovery exemptions from production, Exemption 5 also encompasses "a 'deliberative process' privilege." *Carter*, 307 F.3d at 1088 (quoting *United States Dep't of the Interior v. Klamath Water Users Protective Assoc.*, 532 U.S. 1, 8 (2001)). "Thus, Exemption 5 covers 'documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which

governmental decisions and policies are formulated.'" *Id.* at 1089 (quoting *Klamath*, 532 U.S. at 8).

"If an agency improperly withholds any documents, the district court has jurisdiction to order their production." *Reporters Comm. for Freedom of Press*, 489 U.S. at 755. After performing *in camera* review, this Court has required a party asserting privilege to reevaluate documents to determine the information that may be segregated and produced. *See Riverkeeper v. U.S. Army Corps of Eng'rs*, 38 F.Supp.3d 1207, 1223 (D. Or. 2014) (ordering production of reasonably segregable information "in a manner consistent with the [opinion]"); *Nw. Envt'l Advocates v. United States Envt'l Prot. Agency*, Civ. No. 05-1876-HA, 2009 WL 349732, at *9 (D. Or. Feb. 11, 2009) (ordering defendants to reconsider use of privilege and produce documents that "do not meet the standards set forth in [the opinion]").

## DISCUSSION

The withheld documents can be described in two broad categories: (1) emails, and (2) draft documents. BLM argues all 17 documents are covered by attorney-client privilege. BLM further argues Documents 5, 7, 8, 12, 14, 15, 16, and 17 are also covered by the deliberative process privilege.[2]

### I. Attorney-Client Privilege

"The attorney-client privilege protects confidential disclosures made by a client to an attorney in order to obtain legal advice, as well as an attorney's advice in response to such disclosures." *United States v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009) (internal ellipsis

---

[2] BLM also argues that Document 1, which consists of May 2015 emails, should not be reviewed because it post-dates the challenged April 2015 CRP Decision Record. *See Tri-Valley CAREs v. United States Dep't of Energy*, 671 F.3d 1113, 1130–31 (9th Cir. 2012) (post-decision information inappropriate for APA judicial review). However, the CRP Decision Record did not become final for purposes of judicial review until June 24, 2015, when the IBLA denied petitions for stay filed by ONDA and Harney County. *See* 43 C.F.R. § 4.21(a); *see also* Joint Status Report, ECF No. 240, at 2 (IBLA denial of petitions for stay rendered "CRP effective and final for purposes of judicial review."). Therefore, I have included Document 1 in my review.

omitted) (quoting *United States v. Bauer*, 132 F.3d 504, 507 (9th Cir. 1997)). "The fact that a person is a lawyer does not make all communications with that person privileged." *Id.* (quoting *United States v. Martin*, 278 F.3d 988, 999 (9th Cir. 2002)). Moreover, "[b]ecause it impedes full and free discovery of the truth, the attorney-client privilege is strictly construed." *Id.* (quoting *Martin*, 278 F.3d at 999). The following test determines whether information is covered by the attorney-client privilege:

> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived.

*United States v. Graf*, 610 F.3d 1148, 1156 (9th Cir. 2010) (quoting *Ruehle*, 548 F.3d at 607).

### a. Emails

After performing *in camera* review of the withheld emails, I find the attorney-client privilege does not apply to all the emails as BLM posits. However, the privilege does apply in certain instances. The emails in Documents 1, 2, 6, 9, 10, 12, 13, and 18 are covered entirely by the privilege. These communications concern BLM seeking confidential legal advice from a DOI attorney or an Assistant U.S. Attorney, and no non-privileged communication can be reasonably redacted from the correspondence.

Regarding Documents 4 and 7, portions of the emails are privileged for the same reason, but these portions are segregable from the larger chain of correspondence. Finally, the emails in Documents 5, 8, 11, 14, and 17 are not covered by the privilege. These communications appear to be internal correspondence among BLM employees, and at most, they acknowledge that an attorney's comments regarding a draft are ready for review. Therefore, BLM shall produce all of

the emails in Documents 5, 8, 11, and 14;[3] and those non-privileged portions of emails in Documents 4 and 7.

### b. Draft Documents

After performing *in camera* review of the draft documents, I find the attorney-client privilege applies to comments by attorneys in the drafts' margins. Only those comments, however, that are related to providing legal advice to BLM are privileged. Therefore, BLM shall determine which of these comments are privileged, and some are certainly not, and redact those privileged comments from Documents 4, 5, 8, 15, and 16.

## II. Deliberative Process Privilege

"To fall within the deliberative process privilege, a document must be both 'predecisional' and 'deliberative.'" *Carter*, 307 F.3d at 1089 (quoting *Assembly of Calif. v. United States Dep't of Commerce*, 986 F.2d 916, 920 (9th Cir. 1992)). "A 'predecisional' document is one 'prepared in order to assist an agency decisionmaker in arriving at his decision,' and may include 'recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency.'" *Id.* (quoting *Assembly*, 986 F.2d at 920). "A predecisional document is ['deliberative'] if 'the disclosure of [the] materials would expose an agency's decisionmaking process in such a way as to discourage candid discussion within the agency and thereby undermine the agency's ability to perform its functions.'" *Id.* (quoting *Assembly*, 986 F.2d at 920). "The deliberative process privilege is a qualified one. A litigant may obtain deliberative materials if his or her need for the materials and the need for accurate fact-finding override the

---

[3] As discussed *infra* § 2.a, Document 17 remains covered by the deliberative process privilege.

7 – OPINION AND ORDER

government's interest in non-disclosure."[4]  *FTC v. Warner Commc'ns Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984).

In conducting *in camera* review, I adhere to the "process-oriented" approach set out in *Nat'l Wildlife Fed'n v. United States Forest Serv. See* 861 F.2d 1114, 1118–20 (9th Cir. 1988). "[T]he scope of the deliberative process privilege should not turn on whether we label the contents of a document 'factual' as opposed to 'deliberative.'" *Id.* at 1119. Instead, "documents containing nonbinding recommendations on law or policy," as well as factual materials that "reveal the mental processes of decisionmakers," are exempt from disclosure. *Id.* "Those documents that do not express subjective opinions or whose release is unlikely to expose an agency's decisionmaking process such as to discourage 'frank and open discussions of ideas' must be released." *Nw. Envt'l Advocates*, 2009 WL 349732, at *6 (quoting *Nat'l Wildlife Fed'n*, 861 F.2d at 1117). Further, those non-privileged "portions of documents covered by the deliberative process privilege must be segregated and disclosed unless they are 'so interwoven with the deliberative material that [they are] not [segregable]." *Pacific Fisheries, Inc. v. United States*, 539 F.3d 1143, 1148 (9th Cir. 2008) (quoting *United States v. Fernandez*, 231 F.3d 1240, 1247 (9th Cir. 2000)) (alterations in original).

a. **Emails**

After performing *in camera* review of the emails in Documents 5, 7, 8, 12, 14, 15, and 17, I find the deliberative process privilege applies only to the emails within Documents 12 and 17. These communications represent the "give-and-take of [BLM's] internal deliberations, and their disclosure would discourage such deliberations." *Nw. Envt'l Advocates*, 2009 WL 349732,

---

[4] "Among the factors to be considered in making this determination are: 1) the relevance of the evidence; 2) the availability of other evidence; 3) the government's role in the litigation; and 4) the extent to which disclosure would hinder frank and independent discussion regarding contemplated policies and decisions." *Warner Commc'ns Inc.*, 742 F.2d at 1161.

8 – OPINION AND ORDER

at *8; *see also id.* ("emails requesting clarification on issues before the agency, or discussing the manner in which the agency plans to move forward," are covered by the deliberative process privilege). I also find no information can be reasonably segregated from either document, and I conclude the balance of the *Warner* factors weigh against the disclosure of Document 17.[5]

### b. Draft Documents

After performing *in camera* review of the draft documents, I find the deliberative process privilege applies to certain comments in the drafts' margins. These comments "contain the personal views of agency staff or contain questions concerning the accuracy of the information or analysis contained within the draft," as well as "internal discussions concerning the method by which information is to be analyzed or how the law is to be applied to that information." *Nw. Envt'l Advocates*, 2009 WL 349732, at *8. I also conclude that the *Warner* factors weigh against disclosure of these comments; however, these comments are segregable from both "mundane" commentary and the drafts themselves. *See Nat'l Wildlife Fed'n*, 861 F.2d at 1123 ("mundane editorial comments relating to organization, clarity, and precision of language" not covered by deliberative process privilege). Therefore, BLM shall determine which comments are privileged, redact those from the drafts' margins, and produce the remaining portions of Documents 5, 7, 8, 15, and 16.

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

---

[5] As discussed *supra* § 1.a, Document 12 is already covered by the attorney-client privilege.

9 – OPINION AND ORDER

## CONCLUSION

ONDA's Motion, ECF No. 272, is denied in part as it applies to Documents 1 (AR 14219-21); 2 (AR 14222-23); 6 (AR 14405-06); 9 (AR 14513-14); 10 (AR 14515-17); 12 (AR 14520-22); 13 (AR 14523-25); 17 (AR 14859-60); and 18 (AR 14861-65).

ONDA's Motion is granted in part as it applies to the documents listed below.

1. BLM is ordered to produce the following in their entirety for completion of the AR-CRP:

   Documents 11 (AR 14518-19) and 14 (AR 14526-29).

2. BLM is ordered to produce all reasonably segregable information from the following for completion of the AR-CRP:

   Documents 4 (AR 14225-14354); 5 (AR 14355-14404); 7 (AR 14407-61); 8 (AR 14465-14512); 15 (AR 14530-14723); and 16 (AR 14724-14858).

IT IS SO ORDERED.

Dated this 5th day of December, 2016.

Honorable Paul Papak
United States Magistrate Judge