**Peter M. ("Mac") Lacy (OSB # 013223)**
Oregon Natural Desert Association
917 SW Oak Street, Suite 419
Portland, OR 97205
(503) 525-0193
lacy@onda.org

**Thomas C. Buchele (OSB # 081560)**
Earthrise Law Center
10015 SW Terwilliger Blvd.
Portland OR  97219
(503) 768-6736
tbuchele@lclark.edu

Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| **OREGON NATURAL DESERT ASSOCIATION,** | No. 3:09-cv-369-PK |
| Plaintiff, | |
| v. | **SECOND DECLARATION OF BRENT FENTY** |
| **JEFF ROSE**, Burns District Manager, BLM, *et al.*, | |
| Defendants, and | |
| **HARNEY COUNTY**, | |
| Defendant-Intervenor-Cross Claimant. | |

1 –SECOND DECLARATION OF BRENT FENTY

I, BRENT FENTY, declare as follows:

1.  My name is Brent Fenty and I reside in Bend, Oregon. I have filed one previous declaration in this case (ECF # 55). The following matters are personally known to me, and if called as a witness I would and could truthfully testify thereto.

2.  I am the executive director of the Oregon Natural Desert Association ("ONDA"). ONDA is a membership-based, 501(c)(3) non-profit, tax-exempt, public interest organization based in Bend. ONDA has worked since 1987 to protect, defend, and restore the public lands throughout Oregon's high desert. For more than 30 years, ONDA staff, members, and volunteers have explored eastern Oregon's stunning and vast desert landscapes for a variety of purposes— not least of which is to ensure that these places remain ecologically intact for future generations. ONDA's mission and work are further documented on our website at www.onda.org.

3.  ONDA brought this lawsuit in 2009 against the Department of the Interior and its officials to limit damage to Steens Mountain that will result if the Bureau of Land Management's extensive motorized route network, established through the Travel Management Plan as amended by the Comprehensive Recreation Plan, is allowed to stand. As we have explained, ONDA's concerns come down to two major issues:  (1) vehicles attempting to drive on hard-to-follow or nonexistent routes, and therefore creating or reconfiguring roads on Steens Mountain; and (2) authorized mechanical maintenance, such as continuous blading, that would cause faint or nonexistent routes to be reestablished (or established for the first time) on the mountain. These driving and maintenance actions would break up areas that are otherwise "roadless" for wilderness protection purposes, precluding Congress from ever considering protecting additional wilderness areas on Steens Mountain. And the expanded road network will damage and fragment

what is otherwise a relatively intact and unfragmented sagebrush steppe landscape that is crucial for the Greater sage-grouse, a symbolic bird in danger of extinction.

4. ONDA brought this lawsuit in good faith, believing that BLM's and the Board's actions violated federal laws. In fact, up until this Court's most recent summary judgment ruling, our position had been vindicated throughout most of the litigation. The Board agreed with ONDA in 2008 and again in 2009 that BLM's designation of Obscure Routes was illegal under the Steens Act. This Court issued a summary judgment in our favor in 2011. And this Court ordered preliminary injunctive relief in our favor, in force for almost seven years, which has protected more than 100 primitive or nonexistent routes, stretching nearly 100 miles, from being driven on or mechanically maintained while the case was pending.

5. This interim protection has offered important and needed protections for sensitive wildlife values and wilderness values. In fact, our continued field surveys show that the routes this Court included in its driving and maintenance injunction starting in 2011 are even more nonexistent today after seven years of no driving or maintenance projects. And the Obscure Routes, first thrown out by the Board of Land Appeals in 2008, and then later mostly enjoined by this Court in 2015 when BLM tried to reinstate them, are completely invisible on the landscape today.

6. ONDA litigates as a last resort when it is necessary to achieve the organization's mission. In its 30+ years as an organization, ONDA has been a lead plaintiff in about 35 lawsuits. We have won or successfully settled the vast majority of those suits. In doing so, we have achieved important protections for our shared public lands, waters, and wildlife—in landscapes ranging from the John Day and Malheur river basins, to the Owyhee Canyonlands, to the Hart Mountain and Sheldon National Wildlife Refuges corridor, to Steens Mountain itself.

7.      But legal action is just one, limited part of our mission. While we have one attorney on staff, we have sixteen other staff dedicated to grassroots organizing, public outreach, stewardship and restoration, and legislative efforts. We organize dozens of field trips each year taking members and volunteers out to public lands to do restoration and resource inventory work and to build support for our campaigns to preserve some of the last, great open spaces in the West. *See, e.g.*, https://onda.org/trips/ (ONDA's 2018 stewardship trips). In 2017 alone, more than 550 volunteers performed 12,000 hours of public lands restoration work on 35 stewardship trips. Because of this work, ONDA recently was honored with the 2018 Conservation Award from the Oregon chapter of The Wildlife Society, a group of wildlife professionals and scientists across the state, having been nominated for the award by the Confederated Tribes of Warm Springs.

8.      For example, on Steens Mountain between 2008 and 2017, ONDA volunteered approximately 2,900 hours of work (not counting driving time to this remote location or days spent backpacking into and out of the work sites) <u>assisting BLM</u> in dismantling more than 12.5 miles of remote fences, building 1.5 miles of new fence at the cow-free Steens Mountain Wilderness boundary, removing 12 miles of dismantled fencing materials with our members' own pack horses, mapping 36 square miles of Wilderness tracking fences for future removal, planting more than 1,000 sagebrush and bitterbrush seedlings to help with post fire recovery, improving 4 miles of trail, and monitoring vegetation conditions in Western Juniper control study plots. This is literally tens of thousands of dollars' worth of labor supplied to the agency. This year alone, we have worked with the defendant agency, BLM's Burns District Office, to organize multiple trips where ONDA staff, members, and volunteers will once again provide many hours of free labor to help the agency accomplish important conservation objectives on

Steens Mountain. These will include trail work projects on the Big Indian Gorge Trail and the Nye Trail, both in August.

9. ONDA, as a non-profit organization, operates on a limited budget. In 2017, ONDA projected an annual budget of $1,424,704. Our actual 2017 expenses came to $1,558,139. Of these expenses, we spent about 85% on program services,[1] which reflects ONDA's organizational focus on program work. That work was fairly evenly divided among our Stewardship and Restoration, Owyhee Canyonlands, Hart-Sheldon, John Day, Central Oregon, and Legal programs.

10. ONDA does not have the funds to pay attorney Tom Buchele for this case. Mr. Buchele agreed to co-counsel the case solely on a fee recovery basis.

11. In assessing whether to pursue a particular legal action, ONDA defines the goal of the litigation and the initiative or campaign it supports, identifies the threats and obstacles to achieving that goal(s), and identifies and conducts an inventory of what is needed to overcome those obstacles and threats. We assess the egregiousness of the alleged violation of law, the degree of environmental harm likely to flow from the alleged violation, and the financial ability of ONDA to pursue litigation. We take into account legal, environmental, social, and political considerations. Ultimately, the goal of litigation is to catalyze meaningful and enduring environmental protection, making an environmental problem a legal problem that the wrongdoers must address.

12. Because of our limited financial resources, ONDA regularly and routinely does not pursue potential litigation that I believe would not directly serve the public interest and prevent illegal environmental harm.

---

[1] ONDA dedicated the remainder of its 2017 budget to fundraising (7%) and management (8%).

13.  In the more than thirty years that ONDA has been involved in litigation against the federal government, this to my knowledge is only the second time the defendant has ever sought to impose costs on us.

14.  If ONDA is required to pay the federal government's costs, it will impact ONDA's budget and make it more difficult for ONDA to pursue its public interest mission—including its use of an important, yet rarely used, activity that is central to our mission. I recognize that frivolous litigation is unacceptable; this was not a frivolous suit and was filed in a good faith attempt to address concerns about the ecological impacts of motorized use and road maintenance actions on a landscape recognized by Federal and State agency scientists for its irreplaceable habitat value for the Greater sage-grouse, and by hundreds of citizen volunteers who have spent time on the ground documenting its incomparable scenic and wilderness value.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 12th day of March 2018.

s/ Brent Fenty
_____

Brent Fenty, Executive Director
Oregon Natural Desert Association

6 –SECOND DECLARATION OF BRENT FENTY