**Dominic M. Carollo,** OSB No. 093057
Email: dcarollo@yockimlaw.com
Yockim Carollo LLP
430 S.E. Main Street
P.O. Box 2456
Roseburg, Oregon 97470
Phone: (541) 957-5900
Fax: (541) 957-5923

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **OREGON NATURAL DESERT ASS'N**, <br><br> Plaintiff, <br><br> v. <br><br> **BRENDAN CAIN**, Burns District Manager, BLM, *et al.*, <br><br> Defendants, <br><br> and <br><br> **HARNEY COUNTY**, <br><br> Defendant-Intervenor-Crossclaimant. | Case No. 3:09-cv-369-PK <br><br> **HARNEY COUNTY'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR INJUNCTION PENDING APPEAL** |

**I.    INTRODUCTION**

Oregon Natural Desert Association's ("ONDA") motion for an injunction pending appeal should be denied because it seeks to change the status quo rather than preserve the status quo,

Page 1 – **HARNEY COUNTY'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR INJUNCTION PENDING APPEAL**

which would exceed this Court's limited jurisdiction during the pendency of an appeal. Further, even if the Court had jurisdiction to change the status quo, ONDA's motion fails on its merits. Aside from the fact that ONDA's appeal has no merit, ONDA myopically ignores that ONDA and its members are not the only parties and persons that use and enjoy Steens Mountain. For the routes ONDA seeks to block the public and grazing permittees from using, BLM identified specific public and administrative uses for all such routes, in the agency's Comprehensive Recreation Plan ("CRP"), and those agency findings are uncontested and, in any event, are subject to deference. Thus, further enjoining the public's use of lawfully inventoried motorized routes would be unwarranted, cause public harm and would be contrary to the public interest. Finally, ONDA can point to no recent evidence of any environmental harm, much less irreparable environmental harm, as a result of motorized vehicle use of the primitive backcountry routes at issue. For all of these reasons, ONDA's motion should be denied.

## II.    LEGAL STANDARD

FRCP 62(c) creates an exception to the principle that the filing of a notice of appeal confers jurisdiction on the appellate court and divests the district court of jurisdiction over the matters at issue on appeal. "This Rule grants the district court no broader power than it has always inherently possessed to preserve the status quo during the pendency of an appeal; it 'does not restore jurisdiction to the district court to adjudicate anew the merits of the case.'" *Natural Res. Def. Council v. Southwest Marine, Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001) (internal citations omitted). Thus, the district court can only issue an injunction pending appeal that preserves the status quo; the Court may not change the status quo. *See Small ex rel. NLRB v. Operative Plasterers' & Cement Masons' Int'l Ass'n Local 200, AFL–CIO*, 611 F.3d 483, 495 (9th Cir. 2010); *see also Conservation Cong. v. U.S. Forest Serv.*, 803 F. Supp. 2d 1126, 1130 (E.D. Cal. 2011).

### III.  ARGUMENT

**A. ONDA's Motion Seeks a Mandatory Injunction and Must be Denied Because the Court Lacks Jurisdiction to Alter the Status Quo.**

ONDA requests that the Court "preserve the status quo" by "restor[ing] the Court's existing driving and route maintenance injunction while this case is on appeal." ONDA Motion at 1. The Court cannot impose the pre-existing, but now dissolved, preliminary injunction because doing so would not preserve the status quo but, rather, change the status quo by effectively *mandating* that BLM temporarily close and, in other cases, not maintain certain motorized roads and trails that were inventoried and designated for certain maintenance levels as part of the TMP. Put simply, FRCP 62(c) does not authorize a district court to issue a mandatory injunction pending appeal that changes the status quo. Further, even it did, it would be inappropriate under the circumstances of this case. Accordingly, ONDA's motion should be denied.

The status quo is "the last peaceable uncontested status existing between the parties before the dispute developed." 11A WRIGHT & MILLER § 2948, at 136 n. 14 (listing cases); *see also LaRouche v. Kezer*, 20 F.3d 68, 74 n. 7 (2d Cir. 1994) (the "'[s]tatus quo' to be preserved by a preliminary injunction is the last actual, peaceable uncontested status which preceded the pending controversy"), *quoting* BLACK'S LAW DICTIONARY 1410 (6th ed. 1990); *O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 1013 (10th Cir. 2004) (McConnell, J., concurring) ("'Status quo' does not mean the situation existing at the moment the law suit is filed, but the last peaceable uncontested status existing between the parties before the dispute developed" (internal quotation marks omitted)).

Here, the last peaceable uncontested status between the parties was the moment the Steens Act was passed in 2000, to 2008, during which time all roads and trails in the Cooperative

Management and Protection Area ("CMPA") were open for motorized use—regardless of the route's condition. Similarly, during this same time, the Steens Act imposed no limitations on BLM's maintenance of existing routes. However, this status changed when BLM adopted the Travel Management Plan in 2008, which initially formed the basis for this lawsuit. Following the passage of the Steens Act, Section 112 required BLM to develop a "comprehensive transportation plan for the Federal lands included in the Cooperative Management and Protection Area ("CMPA"), which shall address the maintenance, improvement, *and closure of roads and trails* as well as travel access." 16 U.S.C. § 460nnn-22 (a) (emphasis added). That is what BLM did in the TMP.

In the TMP, in carrying out its statutory duty to consider road and trail closures, BLM recognized that 104 miles of routes had already been closed upon the wilderness designation of the Steens Act and chose to close 1.23 miles of routes out of the 556 miles of routes BLM inventoried. AR 789, 798. In addition, BLM adopted maintenance levels for different route classifications which, in effect, restricted maintenance compared to the status quo *ante*. However, BLM did not "open" any routes; rather, BLM merely decided in the TMP that such routes were to "remain open," which was designed to "closely reflect current travel conditions"—i.e., preserving the status quo for those routes. AR 793 (FONSI and ROD). Thus, in the context of motorized vehicle use, the only changes to the status quo BLM made, in adopting the TMP, was its *closure* of 1.23 miles of routes and its *restriction* of maintenance intensities for certain classes of routes.

Following BLM's adoption of the TMP, further changes to the status quo were made. Initially, the Interior Board of Land Appeals ("IBLA") reversed BLM's designation of the "Obscure Routes" for motorized travel. Later, in 2011, this Court enjoined BLM from undertaking maintenance on certain routes. In 2014, the IBLA vacated *sua sponte* its prior reversal of BLM's

Page 4 – **HARNEY COUNTY'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR INJUNCTION PENDING APPEAL**

designation of the Obscure Routes, based principally on arguments set forth by Harney County during the remand. In 2015, BLM changed the status quo again by closing some of the Obscure Routes and restricting access on other routes. Then, this Court enjoined BLM from authorizing any public motorized use of the Obscure routes. Finally, that injunction dissolved when this Court granted BLM's motion for summary judgment and dismissed ONDA's claims.

ONDA self-servingly and arbitrarily chooses this Court's most recent preliminary injunction as the relevant status quo for the purpose of ONDA's motion. However, when viewed in the context of travel management decisions BLM made, the status quo that preceded the parties' disputes was a pre-TMP world, where all existing roads and trails were open to motorized travel, and unrestricted maintenance,[1] pending BLM's completion of its inventory and decisions on maintenance levels and road closures in consultation with the Steens Mountain Advisory Council ("Advisory Council") and the public under Section 112(c) of the Steens Act. 16 U.S.C. § 460nnn-22(c). Thus, an injunction that preserved the pre-litigation status quo would be an injunction that precluded both the TMP and CRP from taking effect which, presumably, ONDA does not wish for the Court to impose.

As Harney County has explained numerous times, ONDA improperly seeks to have the Court sanction a backdoor route closure process that subverts Congress's intent that route closures only occur after consultation with the Advisory Council and the public under Section 112(c) of the Steens Act. 16 U.S.C. § 460nnn-22(c). These are routes that have been around for decades and were confirmed by local people "familiar with the Steens Mountain area and qualified from their personal history to identify routes." RAR 22237-9. Importantly, ONDA has admitted that at least

---

[1] At least insofar as the Steens Act was concerned.

Page 5 – **HARNEY COUNTY'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR INJUNCTION PENDING APPEAL**

27 miles of the Obscure Routes—which are the main target of ONDA's injunction for prohibiting public use—were inventoried and mapped in the 1970s WSA inventories. Dkt. No. 219 at 21. Thus, in effect, ONDA is leading a map burning crusade, seeking to censor from the public's consciousness primitive roads and trails through an exclusive litigation process, rather than through the inclusive administrative process Congress clearly intended—indeed, mandated—involving the Advisory Council and the public under Section 112(c) of the Steens Act. The Court should reject ONDA's improper tactics.

Because ONDA seeks a change to the status quo through a mandatory injunction, the Court should deny ONDA's motion.

### B. Enjoining the Public's Use of Lawfully Inventoried Motorized Routes Would be Unwarranted, Cause Public Harm and Would be Contrary to the Public Interest.

In evaluating a request for an injunction, "courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982). Here, ONDA suggests that it would be in the public interest for this Court to issue an injunction that prohibits the public's use and BLM's maintenance of certain routes but, in fact, an injunction would have the opposite effect. Put simply, ONDA's campaign for censorship and closure of routes that have been around for decades has gone on long enough. Now that all of ONDA's claims have been dismissed after a full adjudication on the merits, the public should not have its use of routes restricted any longer. Doing so would inflict public harm and, therefore, not be in the public interest.

In the CRP, BLM identified specific public uses for the Obscure Routes that BLM left open for public use but which ONDA seeks to have the Court enjoin. CRP AR 01442-1447. Examples of public uses include: "access for hunting, dispersed camping, and wild horse view/monitoring."

CRP AR 01447. These agency findings of fact are uncontested. Further, ONDA has no objectively reasonable basis to contest them. Taking pictures of a route at one point in time does not controvert the fact-findings of an agency that has staff out on the ground and interacting with the public and permittees every day. Because, in the CRP, BLM identified important public uses for the routes ONDA seeks to enjoin, an injunction would clearly not be in the public interest.

Emphatically, ONDA does not speak for the public interest. ONDA speaks for the narrow interests of its organization and its members. Indeed, comparing the CRP record with ONDA's requested injunction illustrates how tremendously far outside the mainstream public interest ONDA's goals and interest really lie. For example, ONDA requests that this Court enjoin use of route OR-4 and OR-17, some of the "Obscure Routes" that BLM left open for public use in the CRP. In the CRP, BLM found that, among other uses, OR-4 "connects two segments of a way and facilitates access to dispersed camping and a deer hunting area" and that OR-17 "provides access for upland game bird hunting." CRP AR 01447. Fitting precisely with these findings, BLM received comments from a member of the public that emphasized the importance of the Obscure Routes for those uses, in particular, to senior citizens:

> I have travelled and hunted on Steens Mountain for 60 years and used some of the obscure roads for access. As a senior citizen I still enjoy getting onto Steens Mountain and hunting chukars and use some of these obscure roads as access in my 4 wheel drive or ATV. I believe in wise multiple use on our public lands. Those mountains just seem to get higher and steeper as you grow older; a senior citizen just needs a little help getting into our back country public lands these obscure roads really help.

CRP AR 01596.

This is a compelling example of how the public would be harmed by the injunction ONDA seeks and the record is filled with even more examples. CRP AR 01585-01617. The public has been shut out of these routes long enough. ONDA received a full adjudication of their claims,

over the course of nearly 10 years, and lost. Meanwhile, during those 10 years, the public has had to wait patiently through injunctions. No further restrictions, beyond those imposed by the CRP itself, are warranted during the pendency of ONDA's appeal.[2] An injunction would clearly be contrary to the public interest.

### C. ONDA Has Not Demonstrated that the Injunction is Necessary to Prevent Irreparable Harm.

Motions for injunctions pending appeal and motions for preliminary injunction share the same analysis. *Alaska Conservation Council v. U.S. Army Corps of Engineers*, 472 F.3d 1097, 1100 (9th Cir. 2006). A party seeking a preliminary injunction must establish that irreparable harm is *likely* in the absence of an injunction—no lesser showing will suffice. *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 20 (2008). ONDA alleges that an injunction is the only thing that can prevent "irreparable harm to the long-term ecological integrity of Steens Mountain." ONDA's Motion for Injunction Pending Appeal at 14. However, ONDA can point to no evidence demonstrating a *likelihood* of irreparable harm. In reality, ONDA's concerns about off-road vehicle driving, or ecological harm stemming merely from infrequent use of the routes themselves, are purely speculative and hypothetical. Accordingly, the Court should deny ONDA's motion on this basis as well.

ONDA claims that people using these routes "will end up driving cross-country in this protected area." *Id.* This speculative *allegation* has no factual grounding whatsoever. ONDA points to no evidence that BLM's route designations have caused people to drive cross country. Further, even if ONDA could prove that people are driving cross county while searching for routes,

---

[2] Harney County has filed a cross appeal challenging the Court's denial of the County's cross claims challenging the route closures BLM imposed in the CRP but Harney County does not seek an injunction pending appeal.

Page 8 – **HARNEY COUNTY'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR INJUNCTION PENDING APPEAL**

the navigational challenges suffered by certain Steens Mountain visitors is not a basis for challenging BLM's travel management decisions and, therefore, not a basis for the Court to evaluate claims of harm either.  BLM is not responsible for people ill-equipped to navigate desolate, remote and rugged country.  People that drive cross couny, contrary to the Steens Act, are solely responsible for their violations of the law—not BLM.

Next, ONDA claims that "[e]ven if they manage to follow the exact line of the route… this will result in… creation of new scars on the landscape that will persist for many years." *Id.* at 15.  This allegation, again, is not supported by any evidence.  If anything, ONDA's own photographic evidence supports the opposite conclusion—that the use of some primitive routes is so infrequent that, in some cases, the use may be not be readily discernable to someone unfamiliar with the rugged Steens backcountry because of the vegetation's ability to naturally regenerate.  Indeed, ONDA has claimed repeatedly, based on its photographs, that ONDA cannot discern the route's existence due the following spring's grass growth.  In this sense, ONDA's baseless arguments of "route non-existence" are irreconcilable with ONDA's claim of 'lasting scars' on the landscape.

ONDA cannot legitimately claim, on the one hand, that use of the Obscure Routes will "creat[e] new scars on the landscape that will persist for years[,]" while, on the other hand, acknowledge that these routes remained primitive between the time they were inventoried in the 1970s WSA inventories and when BLM conducted its route inventories for the TMP.  There is simply no factual foundation to ONDA's allegation that availability of the Obscure Routes to the public will somehow lead to a bonanza of increased motorized vehicle use that will irreparably impair the environment.

ONDA's next allegation is that "[r]estoring the injunction is consistent with this Court's prior reasoning[,]" citing the fact that this Court granted an injunction in 2011 "pending the

resolution of the merits of ONDA's claims." ONDA's Motion for Injunction Pending Appeal, at 5. This argument is meaningless because, at this point, ONDA's claims have been resolved. As explained above, the public has been shut out of lawfully inventoried roads that serve important public purposes long enough.

Finally, ONDA suggests that this Court's preliminary injunctions created a new status quo that should be treated as some sort of quasi-environmental baseline. ONDA states that "[t]hese routes [] were already overgrown or nonexistent in 2011. Now, after seven more years of not being used or maintained, they are completely reclaimed by nature – and thus are even more vulnerable to irreparable harm today…" *Id.* at 4. The fact that *lawfully inventoried* routes were enjoined prior to an adjudication is not a basis for continuing an injunction after those claims have been dismissed on the merits. If anything, it reflects the harm the public has suffered for seven years in having its access on Steens Mountain unnecessarily restricted—a compelling reason to deny ONDA's injunction now. Regardless, the Court's past issuance of injunctions does not support of a finding of irreparable harm to ONDA today, following a full adjudication on the merits of ONDA's claims.

### IV.   CONCLUSION

Based on the foregoing, the Court should deny ONDA's motion for an injunction pending appeal.

Dated this 13th day of April, 2018.

**YOCKIM CAROLLO LLP**

s/ Dominic M. Carollo
**Dominic M. Carollo,** OSB No. 093057
dcarollo@yockimlaw.com

Attorney for Harney County

# CERTIFICATE OF SERVICE

I hereby certify that on April 13, 2018, I served the foregoing **HARNEY COUNTY'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR INJUNCTION PENDING APPEAL** through the Court's Electronic Case Filing system, which automatically serves all counsel of record registered with the Court.

YOCKIM CAROLLO LLP

s/ Dominic M. Carollo
**Dominic M. Carollo,** OSB No. 093057
dcarollo@yockimlaw.com

Attorney for Harney County