THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

OREGON NATURAL DESERT ASS'N,

    Plaintiff,

v.

BRENDAN CAIN, Burns District Manager, BLM, et al.,

    Defendants,

and

HARNEY COUNTY,
    Defendant-Intervenor-
    Cross-Claimant.

No. 3:09-cv-369-PK

**ORDER**

**PAPAK, J.**

Plaintiff Oregon Natural Desert Association (ONDA) brings this action seeking judicial review of two final agency decisions concerning routes available for motorized travel in the Steens Mountain Cooperative Management and Protection Area (CMPA): the decision of the Interior Board of Land Appeals (IBLA), on remand from this court, to affirm the Bureau of Land Management (BLM)'s adoption of the Steens Mountain Travel Management Plan (TMP); and BLM's decision to adopt the Steens Mountain Comprehensive Recreation Plan (CRP).

Page -1-  ORDER

Defendants are BLM and BLM officials (collectively referred to as BLM), and the IBLA. Harney County has intervened as a defendant, and asserts cross-claims against BLM.

In 2011, I remanded this action to the IBLA for further proceedings. *Oregon Natural Desert Ass'n v. McDaniel*, 2011 WL 1654265 (D. Or. April 28, 2011), ECF No. 103. I issued a preliminary injunction, which was modified several times. ECF Nos. 175, 197, 198, 238.

In 2014, the IBLA issued its decision on remand, and in 2015, BLM issued the Comprehensive Recreation Plan. The parties then filed cross-motions for summary judgment. I granted BLM's motion for summary judgment and denied summary judgment motions filed by ONDA and Harney County. *Oregon Natural Desert Ass'n v. Cain*, 209 F. Supp. 3d 1119 (D. Or. Feb. 13, 2018), ECF No. 329. The judgment, ECF No. 330, effectively dissolved the preliminary injunction that had been in place.

ONDA has appealed. 9th Cir. No. 18-35282. ONDA now moves for an injunction pending appeal. BLM and Harney County oppose the motion for an injunction. For the following reasons, I deny ONDA's motion for an injunction.

## BACKGROUND

In 2011, after the remand to the IBLA, this court adopted BLM's proposed temporary injunction. ECF No. 160. BLM was prohibited from maintaining 26 miles of routes, and was restricted to limited or spot maintenance on another 64 miles of routes. In 2015, after the IBLA issued its decision on remand, this court modified the temporary injunction to prohibit motorized travel and mechanical maintenance by the general public on all Obscure Routes within the Steens Mountain Cooperative Management and Protection Area (CMPA).

## LEGAL STANDARDS

Federal Rule of Civil Procedure 62(c) governs this court's decision to issue an injunction pending appeal:

> While an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights.

"A stay is not a matter of right," but rather is within this court's discretion. *Nken v. Holder*, 556 U.S. 418, 433 (2009). In exercising its discretion, the court should consider "'(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Lair v. Bullock*, 697 F.3d 1200, 1203 (9th Cir. 2012) (quoting *Nken*, 556 U.S. at 434). The party seeking the stay must show at least a "'substantial case for relief on the merits.'" *Id.* at 1204 (quoting *Leiva-Perez v. Holder*, 640 F.3d 962, 968 (9th Cir. 2011) (per curiam)).

As an alternative to evaluating likelihood of success on the merits, the court may instead determine whether the applicant has shown "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff . . . so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

## DISCUSSION

### I. Strong Showing of Success on the Merits or Serious Questions on the Merits

ONDA asks that this court evaluate whether it has shown serious questions going to the

merits, rather than a likelihood of success on the merits. Pls.' Reply 7, ECF No. 346. I conclude that ONDA has shown serious questions on the merits, which is a less stringent standard than likelihood of success. I ruled initially in ONDA's favor on many of the issues raised in its initial motion for summary judgment. Although I have now concluded that the IBLA's decision on remand and the BLM's Comprehensive Recreation Plan (CRP) were supported by substantial evidence in the record and were not arbitrary or capricious, I find that ONDA's appeal raises serious questions on the merits.

## II. Whether ONDA Will Be Irreparably Injured Without a Stay

Because ONDA has shown serious questions on the merits, but not a likelihood of success on the merits, ONDA bears a heavier burden to show irreparable harm. *See Western Land Exchange Project v. Dombeck*, 47 F. Supp. 2d 1216, 1217 (D. Or. 1999) ("'the required degree of irreparable harm increases as the probability of success decreases.'") (quoting *Oakland Tribune, Inc. v. Chronicle Publ'g Co.*, 762 F.2d 1374, 1376 (9th Cir.1985)). ONDA contends that it has shown irreparable harm because some BLM-designated routes are in fact nonexistent and have been reclaimed by natural processes. ONDA argues that if a stay is not granted, BLM may in effect create new routes through road maintenance. ONDA submits a declaration with photographs of what ONDA claims are routes that have been reclaimed by nature. Eighth Miller Decl., Ex. B, ECF No. 339.

BLM responds that it "has no plans to maintain any of the routes at issue in 2018, except if there is an emergency like a wildfire."[1] BLM's Resp. 8, ECF No. 345; Karges Decl. ¶ 8, ECF

---

[1] ONDA states that BLM would not stipulate to its statement that it had no plans to maintain routes. ONDA's Mot. Inj. 1, ECF No. 338.

Page -4-  ORDER

No. 344. BLM also states that it "provides the public with at least 30 days' notice of its intent to undertake any non-emergency maintenance within the CMPA on the most primitive category of routes." Karges Decl. ¶ 9. BLM states that it has no "immediate plans to update its public maps to feature any of the former 'Obscure Routes.'" BLM's Resp. 8. BLM also responds to ONDA's allegations about "non-existent" routes, stating that undisputed evidence in the record shows that all of the routes identified as non-existent in ONDA's declaration have "valid purposes including hunting, wildlife viewing, and access to camping sites." BLM's Resp. 7.

I conclude that ONDA has failed to show a significant risk of irreparable harm. BLM states that it does not plan to conduct any maintenance on the routes at issue, and that it will give the public 30-days notice if it does conduct any maintenance. Although BLM was apparently unwilling to stipulate to these commitments, I find that the risk of irreparable harm to ONDA is relatively slight.

## III. Whether a Stay Will Substantially Injure Interested Parties (Balance of Hardships)

ONDA acknowledges that because it asserts serious questions going to the merits, rather than the likelihood of success on the merits, it must show that "the balance of hardships tips sharply" in its favor, and that it satisfies the other factors. Pl.'s Mot. Inj. 3-4 (citing *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014)).

ONDA contends that if the previous injunction is not reinstated, there will be irreparable harm to the ecological integrity of Steens Mountain. ONDA states that "[m]otorists searching for routes that are not apparent on the ground will end up driving cross-country in this protected area." Pl.'s Mot. Inj. 14. ONDA also states that motorists who do follow routes carefully will still create new and long-lasting scars on the land.

Page -5-  ORDER

Harney County responds that ONDA has not pointed to any evidence that BLM's route designations have led to motorists driving cross-country, or that motorists following designated routes will cause damage. "If anything, ONDA's own photographic evidence supports the opposite conclusion--that the use of some primitive routes is so infrequent that, in some cases, the use may [] not be readily discernable to someone unfamiliar with the rugged Steens backcountry because of the vegetation's ability to naturally regenerate." Harney Cty.'s Resp. 9, ECF No. 343. BLM states that its official maps do not depict any Primitive Routes designated as open to motorized travel in the CRP, and that it has no immediate plans to update its maps. Karges Decl. ¶ 6. Rhonda Karges, BLM field manager, states that even if BLM maps depicted these routes, "in my judgment there is a scarce chance that members of the public would drive cross-country illegally in search of these routes. I am not aware that any off-route travel 'searching for routes' has occurred in the CMPA. The CMPA is, further, generally rocky and otherwise not conducive to such use." Karges Decl. ¶ 7. Karges also notes that Primitive Routes are not easily accessible to the public, sometimes requiring driving miles off the main Steens Loop road in a high-clearance vehicle to reach a route.

As far as hardships to BLM, BLM states that the Steens Act requires that it must accommodate multiple uses of the CMPA. BLM states that the routes at issue serve various uses, including dispersed camping, hunting, and grazing monitoring and management, and that ONDA's requested injunction would be a hardship to members of the public who wish to enjoy the CMPA. I conclude that ONDA has not shown that the balance of hardships tips sharply in its favor.

## IV. The Public Interest

ONDA contends that the public interest favors an injunction pending appeal to prevent environmental harm to the Steens Mountain public lands. BLM argues that the public interest favors it, because preventing BLM "from maintaining open routes could . . . negatively affect travel safety and natural resources by preventing erosion control and other important restorative management on at least the 26 miles of proposed 'no maintenance' routes." BLM's Resp. 21. Harney County argues that the public interest favors it because members of the public would be harmed by an injunction barring access to routes used for access to hunting and camping sites.

I conclude that ONDA has not shown that it is likely to suffer irreparable harm or that the balance of hardships tips sharply in its favor. ONDA is therefore not entitled to an injunction pending appeal.

## CONCLUSION

ONDA's Motion for Injunction Pending Appeal, ECF No. 338, is DENIED.

IT IS SO ORDERED.

Dated this 11th day of May 2018.

_____
Honorable Paul Papak
United States Magistrate Judge