**Peter M. ("Mac") Lacy (OSB # 013223)**
Oregon Natural Desert Association
2009 NE Alberta St., Suite 207
Portland, OR 97211
(503) 525-0193
lacy@onda.org

**Thomas C. Buchele (OSB # 081560)**
Earthrise Law Center
10015 SW Terwilliger Blvd.
Portland OR 97219
(503) 768-6736
tbuchele@lclark.edu

**David H. Becker (OSB # 081507)**
Law Office of David H. Becker, LLC
4110 SE Hawthorne Blvd. # 168
Portland, OR 97214
(503) 388-9160
davebeckerlaw@gmail.com

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| **OREGON NATURAL DESERT ASSOCIATION,** | |
| Plaintiff, | No. 3:09-cv-369-JR |
| v. | **APPLICATION FOR AN AWARD OF COSTS, FEES, AND OTHER EXPENSES UNDER THE EQUAL ACCESS TO JUSTICE ACT ("EAJA")** |
| **JEFF ROSE**, Burns District Manager, BLM, *et al*., | |
| Defendants, and | |

i

**HARNEY COUNTY**,

                      Defendant-Intervenor-
                      Cross Claimant.

## **MOTION**

The Oregon Natural Desert Association ("ONDA") moves the Court for an award of $1,355,916.11 in costs, fees, and other expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 *et seq*. This case involves Bureau of Land Management ("BLM") plans governing motorized use and mechanical maintenance of vehicle routes in a 496,000-acre protected area managed by BLM and covering most of Steens Mountain in southeastern Oregon. ONDA is eligible for and entitled to an award because it is a prevailing party, BLM's position was not substantially justified, and no special circumstances make an award unjust. By order dated March 5, 2020 [378], the U.S. Court of Appeals for the Ninth Circuit transferred consideration of ONDA's fees application to this Court. In support of this motion, ONDA submits the legal memorandum that follows, along with the concurrently filed declarations of Ryan Houston (executive director), Peter Lacy, David Becker and Tom Buchele (counsel), Stephanie Parent, Karl Anuta, Lauren Rule and Stephen Bloch (attorneys testifying in support of application), and Dr. Craig Miller (GIS consultant and specialist). Pursuant to Local Rule 7-1(a)(1), counsel for ONDA conferred with counsel for BLM. The parties were unable to resolve the dispute. *See also* No. 18-35258, Joint Status Report and Joint Motion for Adoption of Briefing Schedule [82] (proposing schedule for resolving this fees application).[1]

---

[1] This application and the supporting materials filed today supersede and replace in their entirety the placeholder application filed in the Court of Appeals on October 30, 2019 [74]. As a result, this Court need only review this application, supporting materials, and subsequent filings in this Court under the schedule approved by the Court of Appeals to adjudicate ONDA's application.

ii

**ARGUMENT**

I.     **ONDA IS *ELIGIBLE* FOR AN AWARD UNDER EAJA**

A litigant is eligible for an award under EAJA if it is (1) a "prevailing party" (2) that meets applicable size or net worth criteria. 28 U.S.C. § 2412(d)(1)(B). ONDA meets EAJA's size and net worth criteria because it had fewer than 500 employees and had a net worth below $7,000,000 at the time this action was filed. *See* Houston Decl. ¶ 2 (statement of ONDA's executive director).

ONDA also is a prevailing party. A party prevails if it "succeed[s] on any significant issue in the litigation which achieves some of the benefit the parties sought in bringing the suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This decade-plus litigation over BLM's approval of motorized travel plans for Steens Mountain has included proceedings before the Department of the Interior's Board of Land Appeals ("IBLA"), this Court, and the Ninth Circuit Court of Appeals. Over the course of the litigation, ONDA has prevailed at every stage. *See Or. Natural Desert Ass'n v. McDaniel*, No. 3:09-cv-369-PK, 2011 WL 1654265 (D. Or. Apr. 28, 2011) (granting summary judgment to ONDA and remanding to IBLA based on board's arbitrary and capricious failure to address issues under NEPA, Steens Act, Federal Land Policy and Management Act, and Wilderness Act); *McDaniel*, No. 3:09-cv-369-PK [160, 175, 197, 198, 238] (orders preliminarily enjoining BLM from motorized use and/or mechanical maintenance of about 120 miles of disputed routes); *Or. Natural Desert Ass'n v. Rose*, No. 18-35258 [20] (June 28, 2018 order granting injunction pending appeal); *Or. Natural Desert Ass'n v. Rose*, 921 F.3d 1185, 1193 (9th Cir. 2019) (reversing grant of summary judgment in favor of defendants, vacating Travel Plan and Recreation Plan, and remanding to BLM to prepare a new plan); *Or. Natural Desert Ass'n v. Rose*, No. 09-cv-369-JR [376] (D. Or. Dec. 20, 2019) (court-approved

1

stipulation keeping injunction in place until BLM prepares new travel plan as ordered by Ninth Circuit).

Ultimately, ONDA achieved everything it sought in bringing the suit: blocking establishment of environmentally-damaging motorized routes and securing vacatur and remand of BLM's motorized travel plans for Steens Mountain. Houston Decl. ¶¶ 11–12 (describing same); *see also Klamath Siskiyou Wildlands Ctr. v. Bureau of Land Mgmt.*, 589 F.3d 1027, 1030 (9th Cir. 2009) (to be a "prevailing party" under EAJA, a party must have achieved a "material alteration in the legal relationship of the parties" that is "judicially sanctioned"); *see also Buckhannon v. Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604 (2001) (a judgment is one type of "material alteration of the legal relationship of the parties necessary to permit an award of attorney's fees").

## II.   ONDA IS *ENTITLED* TO AN AWARD UNDER EAJA

"Once a party's eligibility has been proven, an award of fees is mandatory under the EAJA unless the government's position is substantially justified or special circumstances exist that make an award of fees unjust." *Love v. Reilly*, 924 F.2d 1492, 1495 (9th Cir. 1991). The test for determining whether the government was substantially justified is whether its position had a "reasonable basis both in law *and* fact." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (emphasis added, quotation omitted). The agency bears the burden of proving its position was substantially justified, *Or. Natural Res. Council v. Marsh*, 52 F.3d 1485, 1492 (9th Cir. 1995), and the Court makes "only one threshold determination for the entire civil action." *Comm'r, INS v. Jean*, 496 U.S. 154, 159 (1990). In evaluating the government's position, the Court looks at both the underlying government conduct and the positions taken by the government during the litigation. *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013). If the underlying agency action

was not substantially justified, the Court need not consider whether the government's litigation position was substantially justified. *Id*. at 872. Even when some aspects of the government's position were substantially justified, the Court may still find that the overall position was not. *United States v. Marolf*, 277 F.3d 1156, 1164 (9th Cir. 2002).

This is not the "decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record." *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005) (internal quotes omitted); *see also Meier*, 727 F.3d at 872 (same); *Or. Natural Desert Ass'n v. Bureau of Land Mgmt.*, 223 F. Supp. 3d 1147, 1152 (D. Or. 2016) (holding same in case similarly involving Steens Mountain). Here, the BLM and IBLA lost at every turn: (1) in this Court's first summary judgment ruling, (2) in the series of rulings granting preliminary injunctive relief and ensuring that 121 miles of disputed routes were protected against driving or maintenance that both this Court and the Ninth Circuit agreed would cause irreparable harm to the environment, (3) in the Ninth Circuit's published opinion explaining how BLM and the IBLA violated NEPA by failing, as ONDA had long argued, to adequately assess routes on Steens Mountain and by arbitrarily changing the very definition of a "road," and (4) in that court's vacatur of the Travel Plan and Recreation Plan decisions.

In 2011, this Court held that the IBLA's approval of the Travel Plan was arbitrary and capricious because BLM's route inventory methodology and results were so "incomplete" and "scattershot" that it was impossible to discern any rational basis to uphold the agency's plan. *McDaniel*, 2011 WL 1654265, at *10, *13, *17, *21–23. BLM had failed to collect basic information such as photographs to document physical route conditions, and had failed to survey hundreds of miles of routes despite copious evidence from ONDA showing that many of the

3

routes did not actually exist on the ground. The Ninth Circuit confirmed that the BLM and IBLA decisions and decade-plus course of conduct lacked a reasonable basis in both law and fact. *Rose*, 921 F.3d at 1189 (IBLA "acted arbitrarily and capriciously by changing its definition of 'roads and trails' without providing a reasoned explanation for the change"), 1190 (BLM "failed to establish the baseline environmental conditions necessary for a procedurally adequate assessment of the Travel Plan's environmental impacts"), *id.* ("Nothing in the Travel Plan EA establishes the physical condition of the routes, such as whether they are overgrown with vegetation or have become impassable in certain spots."), 1190–92 & 1191 n.4 (the Travel Plan and Recreation Plan violated NEPA because IBLA and BLM relied on route analyses and photographs that were never provided to the public during public comment periods).

This Court issued a preliminary injunction described in its 2011 and 2012 orders [118, 160, 175, 197, 198], and expanded in 2015 [238]. The injunction was intended "to prevent BLM from transforming obscure or non-existent routes that were designated as open to vehicle traffic under the TMP into permanent elements of the landscape under the guise of 'maintaining' these routes." Nov. 6, 2012 Opinion & Order [198] at 2. The Ninth Circuit reinstated that injunction pending appeal in 2018 [20]. And this Court approved the parties' stipulation keeping the injunction in place in 2019 [376].

Despite multiple opportunities to correct flaws in its project—including a court-ordered remand to the IBLA and BLM's issuance of the Recreation Plan following the remand—the agencies still failed to comply with fundamental NEPA requirements aimed at ensuring meaningful public participation and informed agency decisionmaking. *See Rose*, 921 F.3d at 1189–92; *see also ONDA*, 223 F. Supp. 3d at 1152 (even after remand to IBLA to better explain a "strained construction of the relevant provisions" in a Steens Act case, agency's subsequent

4

decision still not substantially justified). This ultimately led to vacatur of the Travel Plan and the Recreation Plan. *Rose*, 921 F.3d at 1189–92; *see also Underwood*, 487 U.S. at 569 ("a string of losses can be indicative" that government's position was not substantially justified). Likewise, ONDA is aware of no special circumstances that would make an award unjust.

### III.    ONDA'S FEES, COSTS, AND OTHER EXPENSES ARE REASONABLE

EAJA provides that a court shall award "reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433. "By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008).

#### A.    Hours Spent

ONDA's counsel are entitled to be compensated "for every item of service which, at the time rendered, would have been undertaken by a reasonable and prudent lawyer to advance or protect his client's interest." *Moore v. Jas. H. Matthews & Co.*, 682 F.2d 830, 839 (9th Cir. 1982). "Where a plaintiff has obtained excellent results, [its] attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation." *Hensley*, 461 U.S. at 435.

As described, ONDA secured a comprehensive win. This is the quintessence of an "excellent result." *See* Houston Decl. ¶¶ 11–12 (explaining ONDA "achieved everything we set out to do when we filed this case" and "our complete success in the courtroom means that we can now turn to the task of working with BLM on creating a fully informed, sensible and

5

ecologically protective travel network, free of concern over potential damage in these most sensitive places on the mountain"); Bloch Decl. ¶¶ 14–15 (further describing "excellent result").

The hours submitted by counsel are presumptively reasonable. *See Gates v. Gomez*, 60 F.3d 525, 534–35 (9th Cir. 1995). The number of hours devoted by ONDA's counsel also is reasonable given the duration and complex nature of the case, the opposition of the defendants, and the quality of counsels' work. *See* Parent Decl. ¶¶ 20–21; Anuta Decl. ¶¶ 4–19; Rule Decl. ¶ 13; Houston Decl. ¶¶ 4–10. ONDA's attorneys exercised "billing judgment" resulting in appropriate deductions. Lacy Decl. ¶¶ 26–30 (stating same and describing "highly efficient and effective" relationship between counsel, resulting in no duplication of efforts); Becker Decl. ¶¶ 6–7 and Buchele Decl. ¶¶ 12–13 (same); *see also* Parent Decl. ¶ 21, Anuta Decl. ¶¶ 10–15, and Rule Decl. ¶ 13 (all observing no duplication of effort). ONDA's counsel also assigned certain tasks to junior attorneys and student law clerks, thereby saving time and money. *See* Lacy Decl. ¶¶ 3, 14–19, 22–23; Buchele Decl. ¶¶ 11–14; Anuta Decl. ¶¶ 11–13.

### B. Hourly Rates

Under EAJA, courts apply a three-part test to evaluate whether an enhanced hourly rate is appropriate: (1) "the attorney must possess distinctive knowledge and skills developed through a practice specialty;" (2) "those distinctive skills must be needed in the litigation;" and (3) "those skills must not be available elsewhere at the statutory rate." *Nat. Res. Def. Council, Inc. v. Winter*, 543 F.3d 1152, 1158 (9th Cir. 2008) (internal quotes omitted); *Love*, 924 F.2d at 1496; 28 U.S.C. § 2412(d)(2)(A). ONDA's attorneys meet these criteria.

In public interest cases, courts must make certain that attorneys are paid the full value that their efforts would receive on the open market. *Blum v. Stenson*, 465 U.S. 886, 894–95 (1984) (public interest attorneys entitled to rates charged by corporate attorneys); *Hensley*, 461

6

U.S. at 447 (same); *Moreno*, 534 F.3d at 1111 (courts should "compensate counsel at the prevailing rate in the community for similar work; no more, no less"). "Environmental litigation is an identifiable practice specialty that requires distinctive knowledge." *Love*, 924 F.2d at 1496.

ONDA submits the declarations of three respected Portland litigators with many years of experience in government, private, and public interest practices: Karl Anuta, Stephanie Parent, and Lauren Rule. These attorneys attest that the rates charged by ONDA's counsel are within the range of reasonable rates awarded to counsel of "comparable skill, experience and reputation" in Portland. *Dang v. Cross*, 422 F.3d 800, 814 (9th Cir. 2005); *see* Anuta Decl. ¶¶ 20–44; Parent Decl. ¶¶ 18–19; Rule Decl. ¶¶ 10–12. The experience and expertise of ONDA's counsel, described in their declarations accompanying this petition, justify the rates sought. *See* Lacy Decl. ¶¶ 5–13; Becker Decl. ¶¶ 3–21; Buchele Decl. ¶¶ 4–11; *see also* Lacy Decl. ¶¶ 14–21 (describing other outside counsel including consulting attorneys).

As ONDA's attorneys describe, this Court has approved their rates time and again in prior, similar cases. *See* Lacy Decl. ¶ 37; Becker Decl. ¶¶ 23–25, 28; Buchele Decl. ¶¶ 18–19. In approving the reasonableness of ONDA's attorneys' hours and rates in *Oregon Natural Desert Ass'n v. Vilsack*, Chief Judge Haggerty observed, "It is safe to say that if a large firm had handled this case, the fees would have been an order of magnitude larger." No. 2:07-cv-1871-HA, 2013 WL 3348428, *5 (D. Or. July 2, 2013).

Fee petitions before this Court also must address the 2017 Oregon State Bar Economic Survey ("OSB Survey"). *See* Local Rule 54-3(a), *Practice Tip*; Becker Decl. ¶¶ 30–31. For Portland attorneys in the "Real Estate/Land Use/ Environmental Law" practice area, the inflation-adjusted hourly rates in 2020 range from a mean of $447.76 per hour to $686.27 per hour for attorneys at the 95th percentile. Becker Decl. ¶¶ 31–38 (explaining OSB Survey rates as

7

adjusted for inflation). Accordingly, Mr. Lacy's rates ranging from $250–$470 per hour (for the years 2007 to 2020), Mr. Becker's rates ranging from $290–$525 per hour (2008 to 2020), and Mr. Buchele's rates ranging from $475–$565 per hour (2016 to 2020), are reasonable for attorneys of their experience and reputation working within the "Real Estate/Land Use/Environmental Law" practice area in Portland. The same is true of Ms. Ruether's rates ranging from $285–$295 per hour (2013 to 2014). *See* Rule Decl. ¶¶ 9–10. Likewise, Ms. Feenstra's rate of $195/hour (2014 to 2015)—essentially equal to the EAJA rate as adjusted for inflation (*see* Lacy Decl. ¶ 31)—is reasonable. *ONDA*, 223 F. Supp. 3d at 1154. And ONDA only seeks $130/hour for attorney Goetz's important record review task. Lacy Decl. ¶ 19.

ONDA notes that the OSB Survey underestimates market rates for environmental law specialists of its attorneys' caliber. Among other reasons, the Survey does not reflect an environmental litigation practice specialty, does not account for the scarcity of attorneys in this specialized practice area, fails to address any aspect of the skill and standing of the attorney or his/her reputation, and fails to address other special factors such as the novelty and complexity of the issues or the quality of the representation. *See* Anuta Decl. ¶¶ 26–35 & Becker Decl. ¶¶ 34–35 (discussing OSB Survey limitations and comparative data); *see also League of Wilderness Defenders/Blue Mtns. Biodiversity Proj. v. U.S. Forest Serv.*, No. 3:10-cv-01397-SI, 2014 WL 3546858, at *15 (D. Or. July 15, 2014) (OSB Survey does "not encompass the highly specialized practice of federal environmental litigation"); Parent Decl. ¶ 18 ("if these attorneys were working for private firms in Portland, it is very likely that their time would be billed to clients at higher hourly rates than those requested here"). ONDA's attorney's skills were necessary to the success of this litigation, and attorneys with comparable skills were not available at the EAJA statutory rate. Houston Decl. ¶¶ 3–10. In sum, the rates requested by ONDA are reasonable.

## C. Costs and Expenses

EAJA authorizes recovery of "costs" enumerated at 28 U.S.C. § 1920 (including copies and printing), *id.* § 2412(a)(1), and also "fees and other expenses." *Id.* § 2412(d)(1)(A). "Other expenses" include expenses "ordinarily billed to a client," such as postage and attorney travel expenses. *Int'l Woodworkers of Am., AFL-CIO, Local 3-98 v. Donovan*, 792 F.2d 762, 767 (9th Cir. 1986). EAJA also authorizes recovery of "the reasonable cost of any study, analysis, engineering report, test, or project" that is "necessary for the preparation of the party's case." 28 U.S.C. § 2412(d)(2)(A).

ONDA seeks $4,501.61 for court fees, copying, postage and similar expenses, $10,000.00 for the services of ecological consultant, Dr. Jonathan Gelbard, $191,200.00 for the services of GIS specialist and consultant, Dr. Craig Miller, and $8,926.25 for the services of conservation consultant Bill Marlett. As Mr. Lacy describes, these three consultants performed important work that was indispensable to preparation of ONDA's case and its ultimate success. Lacy Decl. ¶ 24; *see also* Anuta Decl. ¶ 47 & n.7; Parent Decl. ¶¶ 22–23; and Rule ¶ 14 (each describing that ONDA's requested costs are reasonable).

Experienced environmental litigator Stephen Bloch further attests that Dr. Miller's work in particular was "more than reasonable: it was both necessary and essential to the preparation (and success) of ONDA's case." Bloch Decl. ¶ 16; *see also id.* ¶¶ 16–18 (further discussing how Dr. Miller's work was necessary to the preparation of ONDA's case and that Miller's rate and hours spent are reasonable); Lacy Decl. ¶ 25 (describing consultant rates). In his declaration filed herewith, Dr. Miller describes how his work allowed ONDA to evaluate the Steens Mountain route network, including BLM's continually shifting proposals, and how his analyses were crucial to ONDA's ability to explain and illustrate its concerns to the courts. Ninth Miller Decl.

¶¶ 2–26; *see also* Houston Decl. ¶ 5 (describing "unparalleled amount of time and resources" required for inventory work and spatial analyses in this case, and "continual coordination" between Dr. Miller and ONDA's attorneys).

### D. Moot Argument and Fees Counsel

Counsel may "solicit the assistance of other lawyers in working on a case . . . and the time spent by all lawyers on a litigation can be billed so long as the hours claimed are not duplicative." *Davis v. City & Cnty. of San Francisco*, 976 F.2d 1536, 1544 (9th Cir. 1992) (also stating that "time spent by counsel in establishing the right to a fee award is compensable" including hiring additional lawyers to "act as fee counsel"); *see also Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815, 823–24 (9th Cir. 2009) (attorney time spent in a consulting role that is an "integral part of the litigation process" is recoverable). Here, ONDA seeks $9,563.00 for the services of five respected attorneys acting as moot panelists and $17,398.25 for the services of Ms. Parent, Mr. Anuta, Ms. Rule, and Mr. Bloch acting as fee counsel providing evidence in support of this opposed fees application. *See* Lacy Decl., Exhibit A at 1 (summary sheet of request).

### IV. LITIGATING THIS MOTION

ONDA requests fees for hours spent on this motion, memorandum, and supporting materials. This is compensable under EAJA. *Jean*, 496 U.S. at 162. ONDA will seek additional amounts for time spent preparing its reply brief addressing BLM's objections to this fee petition.

### **CONCLUSION**

For the foregoing reasons, ONDA respectfully requests the Court to enter an order granting ONDA's motion and awarding $1,355,916.11 (as it may be further revised in ONDA's reply brief), pursuant to EAJA, 28 U.S.C. § 2412(d).

DATED this 13th day of March, 2020.   Respectfully submitted,

s/ Peter M. Lacy

_____

Peter M. ("Mac") Lacy
Oregon Natural Desert Association

Of Attorneys for Plaintiff

11

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rules 7-2(b) and 54-3(e), I certify that the foregoing legal memorandum in support of ONDA's motion does not exceed ten pages, excluding the caption, signature block, exhibits, and certificates of counsel.

s/ Peter M. Lacy
_____

Peter M. ("Mac") Lacy
Oregon Natural Desert Association

Of Attorneys for Plaintiff