**Peter M. ("Mac") Lacy (OSB # 013223)**
Oregon Natural Desert Association
2009 NE Alberta St., Suite 207
Portland, OR 97211
(503) 525-0193
lacy@onda.org

**Thomas C. Buchele (OSB # 081560)**
Earthrise Law Center
10015 SW Terwilliger Blvd.
Portland OR  97219
(503) 768-6736
tbuchele@lclark.edu

**David H. Becker (OSB # 081507)**
Law Office of David H. Becker, LLC
4110 SE Hawthorne Blvd. # 168
Portland, OR 97214
(503) 388-9160
davebeckerlaw@gmail.com

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

### PORTLAND DIVISION

**OREGON NATURAL DESERT ASSOCIATION,**

No. 3:09-cv-369-JR

               Plaintiff,

      v.

**DECLARATION OF DAVID H. BECKER**

**JEFF ROSE**, Burns District Manager, BLM, *et al*.,

               Defendants,

    and

**HARNEY COUNTY**,

Defendant-Intervenor-
Cross Claimant.

_____

I, DAVID H. BECKER, state and declare as follows:

1.      I serve as counsel to plaintiff Oregon Natural Desert Association ("ONDA") in the above-captioned case. I am the same David H. Becker who previously filed a declaration in this case [170]. I submit this declaration in support of ONDA's application for costs, fees, and other expenses pursuant to the Equal Access to Justice Act ("EAJA").

2.      I am an attorney licensed to practice law in Oregon since 2008, and a member in good standing of the state bar of Oregon. I have previously been a member of the state bars of New York, New Jersey, and Utah. I was first admitted to practice in New York in 2000. I am admitted to practice before the United States District Courts for the Southern District of New York, Eastern District of New York, Western District of New York, New Jersey, Utah, and Oregon; before the United States Courts of Appeals for the Second Circuit, Fourth Circuit, and Ninth Circuit; and before the United States Supreme Court.

3.      As described in more detail below, I have extensive expertise and an exclusive practice specialization in federal environmental litigation, which I have been practicing for 21 years, including the last 15 on behalf of environmental public interest clients. I also have particular experience in administrative law, federal appellate litigation, and Federal Courts practice by virtue of the year I served as law clerk to Hon. Richard J. Cardamone of the U.S. Court of Appeals for the Second Circuit, my five years thereafter working in two leading law firms' environmental and appellate practices, my 15 years of public interest environmental law practice with the Pacific Environmental Advocacy Center, Western Resource Advocates, Oregon

Natural Desert Association, and as a solo practitioner, and the three months I served as law clerk to Hon. Garr M. King of the U.S. District Court for the District of Oregon.

4.      I have been involved in ONDA's challenges to the Bureau of Land Management's ("BLM") travel planning on Steens Mountain since July 2008, when the matter was first mired in proceedings before the Interior Board of Land Appeals ("IBLA"). Steens Mountain is the epitome of Eastern Oregon's largely undiscovered scenic beauty and remaining habitat for creatures—like the Greater sage-grouse—that depend on the Sagebrush Sea for their survival. It is a place of unspoiled solitude and open space, magnificent glacier-carved canyons, a place where one can see 50 miles in all directions from the summit. ONDA was instrumental in the passage of the Steens Mountain Cooperative Management and Protection Act of 2000, which obligates the Bureau of Land Management to protect the "long-term ecological integrity" and preserve the "current character" of Steens Mountain. A route network established without adequate review under the National Environmental Policy Act ("NEPA") that involved designation of hundreds of miles of non-existent, obscure, and primitive routes as available for driving and mechanical maintenance represented a landscape-scale threat to the ecological integrity and unspoiled character of the Steens, and challenging the unlawful BLM and IBLA decisions that instituted that route network was at the very core of ONDA's mission to enforce conservation laws and preserve the ecological integrity of Oregon's High Desert.

5.      While on staff at ONDA (until December 31, 2010), and after I opened my own law firm, I worked as second-chair counsel to Mr. Lacy, including taking the lead role on certain portions of the case (such as the July-August 2011 injunction briefing) during his time away from the office. I represented ONDA continuously in the federal court portion of the case as second-chair counsel to Mr. Lacy until the end of mediated efforts to achieve a settlement in the

case in June 2016, when time constraints in my docket precluded me from serving as counsel in litigation of the renewed motions for summary judgment in district court (although I provided some consulting to ONDA during that period, amounting to less than one hour in total). ONDA re-engaged me in the spring of 2018, after this Court's second, and adverse, summary judgment ruling, because of my appellate expertise and previous involvement in the case, after which I resumed the role of second-chair counsel until the present time.

6.    I contemporaneously compiled the hours I spent on this case, as shown on the attached Exhibit A. I exercised professional billing judgment in recording my time and by eliminating time that I considered to be unnecessarily duplicative or inefficiently spent, or reducing time for certain tasks (such as billing half of my travel time). I have also reduced certain tasks that I performed but which, in a larger firm, are ordinarily performed by paralegals, law clerks, or specialized docket clerks, to the paralegal/law clerk rate. I have eliminated time spent on purely clerical tasks. Throughout the litigation, my familiarity with Steens Mountain and my knowledge of NEPA and other applicable substantive statutes, and my extensive expertise in federal environmental litigation, including my appellate experience, were necessary to my clients' success. By efficiently using conferrals with my co-counsel for discussions of strategy and tactics, we achieved a more economical use of our limited resources.

7.    This Court has previously recognized the value and efficiency that I bring to a "team" approach to litigation, which has served me well both in winning cases and in reducing the overall amount of attorney time spent on a case. In a case in which I was lead counsel, and Mr. Lacy was second-chair counsel, and my clients sought $1,371,893.96 for attorneys' costs, feees, and other expenses, this Court awarded substantially all of the amount requested, noting that "the court does not believe that they spent too much time on this case." *Or. Natural Desert*

*Ass'n v. Vilsack*, No. 2:07-CV-01871, 2013 WL 3348428, at *5 (D. Or. July 2, 2013). Then-Chief Judge Haggerty explained that it was

> not a case where multiple senior partners at a high priced firm are driving up fees unnecessarily. This was an environmental case and justified the use of attorneys learned in environmental law. All in all, the fees are not particularly high given the size and duration of this case. *It is safe to say that if a large firm had handled this case, the fees would have been an order of magnitude larger*.

*Id.* (emphasis added); *see* Aug. 8, 2013 Order (No. 07-1871, ECF No. 687) (awarding $1,250,907.78 of the $1,371,893.96 requested). More recently, in another case in which I served as lead counsel guiding a team of attorneys, the U.S. District Court for the District of Nevada granted a motion for costs, fees, and other expenses under EAJA in full—without any deductions—in the amount of $467,993.34. *Bundorf v. Jewell*, 336 F. Supp. 3d 1248, 1256 (D. Nev. 2018); Sept. 4, 2018 Order (D. Nev. No. 03-616, ECF No. 203). That Court held that the time spent by me and co-counsel was reasonable, specifically noting that "the 68.9 hours Plaintiffs spent conferencing and coordinating among themselves over a period of six years is not excessive." *Id*. at 1255. Likewise, in this case, my co-counsel and I applied the same philosophy of expending only time reasonably necessary to this case as well, refraining from overstaffing and unnecessarily duplicative efforts, and performing the necessary work *well* to achieve the excellent results we did for ONDA.

8.      I am entitled to market rates for the Portland, Oregon market above the EAJA cap because of my unique expertise and experience in environmental law, administrative law, appellate practice, and Federal Courts practice, because my distinctive skills were necessary to the success of this litigation, because there are a limited number of qualified attorneys with this expertise, and these skills are not available in Oregon at the EAJA statutory rate. As described in more detail below, this Court has awarded fees for my work in several cases, most recently in

*Oregon Natural Desert Ass'n v. BLM*, 223 F. Supp. 3d 1147 (D. Or. 2016) (award under EAJA of rates of $350 to $420 per hour for work performed between 2012 and 2016) and *Alliance for the Wild Rockies, Inc. v. U.S. Army Corps of Engineers*, No. 3:16-CV-1407-HZ, 2019 WL 1749518 (D. Or. Apr. 18, 2019) (award under the ESA of a rate of $465 for my work performed in 2018). My specialized expertise in environmental law was necessary to the excellent result my client achieved in this case, given my long history of involvement with ONDA's challenge to BLM's travel planning.

9.      I worked for ONDA from January 2008 through December 2010 as a Staff Attorney. In February 2011, I opened my own law practice, Law Office of David H. Becker, LLC. Today, I represent not only ONDA, but also other public interest environmental organizations involved in protecting imperiled species and public lands throughout the Western United States, including Defenders of Wildlife, Audubon Society of Portland, Native Fish Society, Friends of the Columbia Gorge, Klamath Siskiyou Wildlands Center, Klamath Forest Alliance, Pacific Rivers Council, Hells Canyon Preservation Council (now the Greater Hells Canyon Council), Stop B2H Coalition, Blue Mountains Biodiversity Project, Basin and Range Watch, Oregon Wild, Western Watersheds Project, Wild Fish Conservancy, Central Oregon LandWatch, Center for Biological Diversity, Southern Utah Wilderness Alliance, and WildEarth Guardians.

10.     I have gained a reputation as an expert on environmental law issues, presenting on a panel on livestock grazing litigation at the Oregon State Bar's Agricultural Law Section annual Continuing Legal Education seminar in May 2016; presenting on a panel at the Fifth Annual Fisheries and Hatcheries Seminar in Seattle, Washington in September 2014; presenting on two panels at the annual Public Interest Environmental Law Conference ("PIELC") in Eugene,

Oregon in March 2017, on a panel at the PIELC in March 2016, on a panel at the PIELC in

March 2015, at two panels at the PIELC in March 2013, at two panels at the PIELC in March

2011; co-teaching the Developments in Endangered Species Act Law portion of the Oregon State

Bar Environmental Law Section's Annual Continuing Legal Education program in October

2010; giving a presentation on livestock grazing and water quality at the Northwest Water Law

Symposium in October 2010; and presenting on the impacts of energy development on wildlife

at Lewis & Clark Law School's Animal Law Conference in October 2009 and its Greening the

Grid Conference in June 2009. I have served as a member of the Executive Committee of the

Oregon State Bar's Environmental and Natural Resources Section, as well as the Section's

Secretary and Treasurer.

11.     I have been lead counsel on several of ONDA's cases. These include the early

stages of the case that was finally decided in *ONDA v. Jewell*, 840 F.3d 562 (9th Cir. 2016). For

three years I led ONDA's efforts to limit the development of the industrial-scale wind energy

project on Steens Mountain that was at issue in that case, and was closely involved in the appeal

that ultimately led to the vacatur of the BLM record of decision for that project and its

termination. In another case, *ONDA v. Kimbell*, No. 07-1871-HA, my clients obtained several

favorable rulings during 2008, 2009, 2010, 2011 and 2012, including a permanent injunction

(*ONDA v. Tidwell*, 2010 WL 5464269 (D. Or. Dec. 30, 2010), as modified by Order dated Mar.

16, 2011, ECF No. 570); an opinion and order granting summary judgment on the majority of the

claims (*ONDA v. Tidwell*, 716 F. Supp. 2d 982 (D. Or. 2010)); two preliminary injunctions

(*ONDA v. Kimbell*, 2009 WL 1663037 (D. Or. June 15, 2009), and *ONDA v. Kimbell*, 2008 WL

4186913 (D. Or. Sept. 5, 2008)); and an important ruling on the scope of allowable evidence for

claims under the Endangered Species Act (*ONDA v. Kimbell*, 593 F. Supp. 2d 1217 (D. Or.

6

2009)). I also served as ONDA's lead counsel in an appeal of the permanent injunction in that case, *ONDA v. Oregon Cattlemen's Ass'n*, No. 11-35331 (9th Cir. filed Apr. 14, 2011). I briefed and argued the appeal in *ONDA v. U.S. Forest Serv.*, 550 F.3d 778 (9th Cir. 2008). I represented ONDA in the successful settlement of potential litigation regarding the Ruby Pipeline Project, resulting in the establishment of the multi-million-dollar Greater Hart Sheldon Conservation Fund in 2010, and the settlement of *ONDA v. Suther*, No. 09-862-PK, which resulted in significant restoration of illegal road construction on Steens Mountain, also in 2010. Also for ONDA, I prepared two rulemaking petitions to the Oregon Department of Energy's Energy Facility Siting Council, and drafted two amendments to legislation related to energy facility and guest ranch development which were submitted as proposed bills to the Oregon Legislature.

12.     In addition to this matter, I have served as co-counsel in the appeals of *ONDA v. Gammon*, No. 07-35728 (9th Cir. filed Aug. 17, 2007); *ONDA v. BLM*, No. 05-35931 (filed Sept. 9, 2005); *ONDA v. Lohn*, No. 07-35700, 2009 WL 123525 (9th Cir. Jan. 12, 2009), and *ONDA v. U.S. Forest Serv.*, No. 07-35559, 2008 WL 5233281 (9th Cir. Dec. 16, 2008). I also serve as co-counsel on several other ONDA matters currently pending in federal court, including, most recently, *ONDA v. Hanley*, No. 19-1550 (D. Or. filed Sept. 27, 2019).

13.     I also have served as lead or co-counsel on a number of cases in which ONDA has obtained favorable settlements. These include: *ONDA v. BLM*, No. 03-1017-JE, ECF Nos. 129–130 (D. Or. Sept. 28, 2010) & *ONDA v. Gammon*, No. 06-523-HO, ECF No. 99 (D. Or. Nov. 19, 2010) (voluntary dismissals of actions based on successful settlement under which agency agreed to perform additional NEPA analysis and amend two land use plans governing management of 7.7 million acres of public land); *ONDA v. BLM.*, No. 09-862-PK, ECF No. 57 (D. Or. Aug. 27,

2010) (stipulated motion for voluntary dismissal following successful settlement in which agency agreed to rehabilitate and close several illegally constructed roads on Steens Mountain).

14.     Since opening my solo practice, besides continuing to represent ONDA on pending matters, I have served as lead or co-lead counsel on numerous environmental matters involving litigation under statutes such as the Endangered Species Act ("ESA"), National Environmental Policy Act ("NEPA"), Freedom of Information Act ("FOIA"), National Forest Management Act ("NFMA") and Federal Lands Policy and Management Act ("FLPMA"). These include: *Stop B2H Coal. v. BLM*, No. 19-1822 (D. Or. filed Nov. 12, 2019); *S. Utah Wilderness All. v. U.S. Dep't of the Interior* (D.D.C. filed July 24, 2019); *W. Watersheds Proj. v. Bernhardt*, No. 19-750 (D. Or. filed May 13, 2019); *Centr. Or. LandWatch v. Jeffries*, No. 17-1091 (D. Or. filed July 13, 2017); *W. Watersheds Proj. v. U.S. Fish & Wildlife Serv.*, No. 17-98 (D. Or. filed Jan. 20, 2017); *Wild Fish Conservancy v. NMFS*, No. 16-553 (D. Or. filed Mar. 31, 2016); *Basin & Range Watch v. BLM*, No. 16-403 (D. Nev. filed Feb. 26, 2016); *Friends of the Columbia Gorge v. Bonneville Power Admin.*, No. 15-72788 (9th Cir. filed Sept. 9, 2015); *Or. Wild v. Cummins*, No. 15-1360 (D. Or. filed July 22, 2105); *W. Watersheds Proj. v. U.S. Forest Serv.*, No. 15-218 (D. Idaho filed June 22, 2015): *Or. Wild v. U.S Forest Serv.*, No. 15-895 (D. Or. filed May 26, 2015); *Our Money Our Transit v. FTA*, No. 14-35766 (9th Cir. filed Sept. 11, 2014); *Bark v. Northrop*, No. 13-1267-HZ (D. Or. filed July 25, 2013); *Bundorf v. Jewell*, No. 13-616-MMD-PAL (D. Nev. filed Apr. 10, 2013); *Native Fish Soc'y v. NMFS*, No. 12-431-HA (D. Or. filed Mar. 9, 2012); *Klamath Siskiyou Wildlands Center v. Grantham*, No. 11-1647-MCE-CMK (E.D. Cal. filed June 17, 2011); *W. Watersheds Proj. v. BLM*, No. 11-53-HDM-VPC (D. Nev. filed Jan. 25, 2011). I have also prepared several notices of intent to sue and assisted clients with settlement discussions and potential litigation under the ESA.

15.     Prior to joining ONDA, I was staff attorney at Western Resource Advocates in Salt Lake City, Utah. While at Western Resource Advocates, I briefed and argued *Southern Utah Wilderness Alliance v. Automated Geographic Resource Center*, 2008 UT 88 (2008) (ordering release of documents and data under state freedom of information law) before the Utah Supreme Court. I also wrote appellate briefs in *Utah v. United States*, No. 06-4062 (10th Cir. filed Mar. 3, 2006) and *Western Water, LLC v. Olds*, 2008 UT 18 (2008). I also served as lead counsel on behalf of the Utah Chapter of the Sierra Club in administrative appeals before the Utah Air Quality Board of two Clean Air Act ("CAA") permits issued for construction of coal-fired power plants to the Sevier Power Company and the Intermountain Power Project Unit No. 3.

16.     Prior to joining Western Resource Advocates, I served as law clerk to Hon. Garr M. King, District Judge of the U.S. District Court for the District of Oregon, from May 2006 to August 2006. During 2005 and 2006, I was associated with the Pacific Environmental Advocacy Center ("PEAC") while pursuing an LL.M. degree. PEAC, founded in 1996, is the environmental law clinic at Lewis & Clark Law School in Portland, Oregon and operates as a public interest law firm. PEAC represents solely public interest organizations and individual members of the public in complex environmental and natural resource litigation. While at PEAC, I briefed and argued the successful appeal of *ONDA v. U.S. Forest Service*, 465 F.3d 977 (9th Cir. 2006) (reinstating cases which had been dismissed on jurisdictional grounds).

17.     Before obtaining my LL.M. at Lewis & Clark Law School, I was associated with the Environment, Land and Resources Department of the Newark, New Jersey office of Latham & Watkins LLP. While at Latham, I was the senior associate attorney and lead brief writer in a number of cases involving claims under federal environmental statutes, including the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), the

Resource Conservation and Recovery Act ("RCRA"), and the Clean Water Act ("CWA").

Several of my cases involved litigation against the federal government. I was the senior associate

and the attorney primarily responsible for brief-writing in the following matters: *E. I. DuPont de*

*Nemours & Co. v. United States*, 460 F.3d 515 (3d Cir. 2006) (arguing on behalf of DuPont and

ConocoPhillips for right of contribution under CERCLA for responsible parties engaging in site

remediation under RCRA); *Cooper Indus., Inc. v. Aviall Servs., Inc.*, 543 U.S. 157 (2004)

(amicus brief to the U.S. Supreme Court on behalf of ConocoPhillips, DuPont, Ford Motor Co.,

General Dynamics, General Motors, and Montrose Chemical, arguing for right of contribution

under CERCLA for parties engaging in voluntary cleanups); *E. I. DuPont de Nemours & Co. v.*

*United States*, No. 1:02-cv-00177 (N.D.W. Va. closed Dec. 6, 2005) (lead attorney in mediation

before U.S. magistrate judge in case resulting in payment of more than $1.1 million by U.S.

Army to DuPont based on indemnification clause in World War II operator contract and

government CERCLA liability); *General Motors Corp. v. United States*, 2005 WL 548266

(D.N.J. Mar. 2, 2005) (successfully defeating government motion for judgment on the

pleadings); *Esso Standard Oil Co. (Puerto Rico) v. Rodriguez-Perez*, 2004 WL 2238894 (D.P.R.

Oct. 1, 2004) (successful motion for summary judgment on liability under CERCLA); *Ford*

*Motor Co. v. United States*, No. 2:04-cv-72018 (E.D. Mich. filed May 27, 2004) (successfully

opposing government motion to dismiss for lack of subject matter jurisdiction under CERCLA

and RCRA). I also served as lead counsel in *Norkus Enters., Inc. v. Getty Oil Co.*, No. 3:04-cv-

04437 (D.N.J. closed Nov. 21, 2005) (successful motion for transfer of venue to the U.S. District

Court for the Southern District of New York) and as primary local counsel in *Dana Corp. v.*

*Colfax Corp.*, 2004 WL 503742 (S.D.N.Y. Mar. 12, 2004) (successful motion to dismiss for lack

of subject matter jurisdiction over plaintiff's CERCLA claim).

18.     Before I worked for Latham & Watkins, I was associated with the Environmental Practice Group in the New York, New York office of Sidley & Austin for three years. While at Sidley I worked directly for two prominent attorneys in its appellate practice, Carter Phillips and Kate Adams, and served as an associate attorney on a number of cases involving claims under federal environmental statutes, including CERCLA, RCRA, CWA, CAA, and the Toxic Substances Control Act ("TSCA"). I worked as the senior associate attorney and principal brief writer on the following matters: *Shell Oil Co. v. United States*, 537 U.S. 1147 (2003) (petition for certiorari on U.S. government liability as an arranger for the disposal of hazardous waste due to wartime control of oil refinery); *Roberts v. S. Carolina Dep't of Public Safety*, No. 01-2211 (4th Cir. dismissed Mar. 12, 2002) (successfully settled claim by former South Carolina State Trooper for illegal dismissal under the Family and Medical Leave Act); *Util. Solid Waste Activity Grp. v. EPA*, 532 U.S. 1065 (2001) (petition for certiorari on ripeness of review of TSCA regulations); and the petition for federal acknowledgement as an Indian Tribe of the Golden Hill Tribe of the Paugussett Indian Nation of Connecticut.

19.     Prior to working for Sidley & Austin, I served as law clerk to Hon. Richard J. Cardamone, Senior Judge, U.S. Court of Appeals for the Second Circuit in Utica, New York, from August 1999 to August 2000.

20.     I obtained my J.D. degree *summa cum laude* in public law from Cornell Law School in 1999, where I was a Note Editor for the Cornell Law Review and was inducted into the Order of the Coif, and my LL.M. degree *summa cum laude* in natural resources and environmental law from Lewis & Clark Law School in 2006, where I won the Bernard F. O'Rourke Award for outstanding writing and was named to the Cornelius Honor Society.

11

21.    I have several publications on environmental law, administrative law, and other legal topics: Becker & Blumm, *From Martz to the Twenty-First Century: A Half-Century of Natural Resources Law Casebooks & Pedagogy*, 78 Colo. L. Rev. 647 (Spring 2007); Becker, *Changing Direction in Administrative Agency Rulemaking: "Reasoned Analysis," the Roadless Rule Repeal, and the 2006 National Park Service Management Policies*, Environs Envtl. L. & Pol'y J. (December 2006); Becker, Blumm & Smith, *The Mirage of Indian Reserved Water Rights and Western Streamflow Restoration in the McCarran Amendment Era: A Promise Unfulfilled*, 36 Envtl. L. 1157 (2006); Becker, *The Challenges of Dam Removal: The History and Lessons of the Condit Dam and Potential Threats From the 2005 Federal Power Act Amendments*, 36 Envtl. L. 811 (2006); Becker, *Judicial Review of INS Adjudication: When May the Agency Make Sudden Changes in Policy and Apply its Decisions Retroactively?*, 52 Admin. L. Rev. 219 (2000); Becker, Note, *Free Exercise of Religion Under the New York Constitution*, 84 Cornell L. Rev. 1088 (1999).

22.    I seek reimbursement for my time worked at the following rates:

| Year | Rate | Years of Experience |
|------|------|---------------------|
| 2008 | $290 | 9 |
| 2009 | $315 | 10 |
| 2010 | $325 | 11 |
| 2011 | $335 | 12 |
| 2012 | $350 | 13 |
| 2013 | $365 | 14 |
| 2014 | $380 | 15 |
| 2015 | $400 | 16 |

| 2016 | $420 | 17 |
|------|------|----|
| 2017 | $435 | 18 |
| 2018 | $465 | 19 |
| 2019 | $475 | 20 |
| 2020 | $525 | 21 |

23.    My hourly rates are reasonable because of the specialized expertise I have brought to this matter. This Court deemed my hourly rate of $465 per hour for 2018 to be reasonable for an attorney of my experience and expertise in the Portland market. *See All. for the Wild Rockies, Inc. v. U.S. Army Corps of Eng'rs*, No. 3:16-CV-1407-HZ, 2019 WL 1749518, at *4 (D. Or. Apr. 18, 2019); Declaration of David H. Becker ¶ 2 & Attach. A, *All. for the Wild Rockies, Inc. v. U.S. Army Corps of Eng'rs*, No. 17-35668 (9th Cir. filed Oct. 26, 2018) (ECF No. 50-2) (listing the $465 per hour rate and hours spent on that case for 2018). This Court deemed my hourly rates of $350 to $420 per hour for 2012 to 2016 reasonable in an EAJA fee award in *Oregon Natural Desert Ass'n v. BLM*, 223 F. Supp. 3d 1147, 1154–55 (D. Or. 2016). This Court deemed my rate of $400 per hour in 2015 to be reasonable in *Columbia Riverkeeper v. U.S. Army Corps of Engineers*, No. 13-1494-PK. Opinion and Order (ECF No. 74) (D. Or. May 5, 2015). This Court in *Native Fish Society v. NMFS*, No. 12-431-HA, deemed my rates of $335 per hour in 2011, $350 per hour for 2012, $365 per hour for 2013, and $380 per hour for 2014 to be reasonable. *Native Fish Society v. NMFS*, No. 12-431-HA, Opinion & Order (ECF No. 331) (D. Or. Dec. 19, 2014). This Court in *ONDA v. Tidwell* deemed my rates of $290 per hour for 2008, $315 per hour for 2009, $325 per hour for 2010, $335 per hour for 2011, $350 per hour for 2012 and $365 per hour for 2013 to be reasonable. *ONDA v. Tidwell*, No. 07-1871-HA, Order (ECF No. 563)

(D. Or. July 2, 2013). This Court held that my rate of $315 per hour for 2009 was reasonable for an experienced environmental law practitioner in *ONDA v. Locke*, 2010 WL 56111, at *3 (D. Or. Jan. 5, 2010).

24.     I have also served as a consulting attorney and provided declaration testimony many times on attorney fee recovery matters. For example, in 2014, I served as one of the attorney fees and costs declarants in *League of Wilderness Defenders/Blue Mountains Biodiversity Project v. U.S. Forest Service*, in this Court, in another environmental public interest case dealing with public lands management issues (in that case, the impacts of pesticides on National Forest lands, with claims under NEPA, NFMA, the APA, and vacatur remedy issues). *League of Wilderness Defenders/Blue Mountains Biodiversity Proj. v. U.S. Forest Serv.*, No.3:10-cv-01397-SI, 2014 WL 3546858, at *13 (D. Or. July 15, 2014) ("*LOWD*"). This Court cited and relied upon my expert declaration for the Court's conclusion that the case required specialized skill in environmental litigation which was not available elsewhere, and that the plaintiffs were entitled to recover for their attorneys' time at enhanced, market rates under EAJA. *LOWD*, 2014 WL 3546858, at *13. The Court also relied on my declaration in holding that, given the plaintiffs' attorneys' highly specialized skills and years of experience, and the specialized practice area, the plaintiffs' attorneys' requested hourly rates were reasonable. *Id.* at *14–15. The Court also relied on my declaration in finding that the student law clerk rate of $125 per hour sought was reasonable. *Id.* at *15. The Court also awarded the plaintiffs fees for my time and that of their other experts, and found that my rate of $380 per hour was reasonable for an attorney of my experience in 2014. *See id.* at *10, *16.

25.     I have also served as a consulting attorney and provided declaration testimony on behalf of a plaintiff seeking to recover attorney fees under EAJA in *Gifford Pinchot Task Force*

14

*v. U.S. Forest Service*, No. 3:13-cv-00810-HZ (D. Or. filed May 13, 2013). I served as a

consultant and provided testimony on behalf of a plaintiff seeking to recover attorney fees under

the FOIA in *Columbia Riverkeeper v. U.S. Army Corps of Engineers*, No. 3:13−cv−01494−PK

(filed Aug. 26, 2013). In that case, the Court recognized my declaration as the "most detailed and

well-reasoned" of the three submitted and awarded expert fees at a rate of $400 per hour in 2015.

Opinion and Order at 11, *Columbia Riverkeeper* (Slip Op. May 5, 2015). I have also filed expert

testimony on behalf of a plaintiff seeking to recover attorney fees under EAJA in *Gifford Pinchot*

*Task Force v. U.S. Forest Service*, No. 3:13-cv-00810-HZ (D. Or. filed May 13, 2013), and on

behalf of defendants seeking to recover attorney fees for a successful anti-SLAPP motion in

*O'Connor v. County of Clackamas*, No. 11-1297-SI (D. Or. filed Oct. 27, 2011). The Court

awarded the rate I seek for 2016—$420 per hour—as my reasonable market rate in the District of

Oregon for that year. Opinion and Order 12, *O'Connor v. Cnty. of Clackamas*, No. 11-1297-SI

(D. Or. May 31, 2016) (ECF No. 199); *see* Declaration of David H. Becker ¶ 1 & Ex. 1,

*O'Connor v. Cnty. of Clackamas*, No. 11-1297-SI (D. Or. filed Mar. 18, 2016) (ECF No. 172)

(listing the $420 per hour rate and hours spent on that case for 2016).

26.    I also served as a consulting attorney and provided declaration testimony on

attorney fees in *Center for Food Safety v. Vilsack*, No. 15-1690 (N.D. Cal. filed Apr. 14, 2015),

for which I received compensation at my reasonable hourly rate for 2016 of $585 per hour in that

forum.

27.    I also served as a consulting attorney and provided declaration testimony on

attorney fees in *Alliance for the Wild Rockies v. Krueger*, No. 14-35069 (9th Cir. filed Jan. 31,

2014) and *Alliance for the Wild Rockies v. U.S. Army Corps of Engineers*, No. 3:16-cv-01407-

HZ (D. Or. filed July 11, 2016).

28.     I served as a consulting attorney and provided declaration testimony on attorney

fees in the appeal of *Alliance for the Wild Rockies v. U.S. Army Corps of Engineers*, 736 Fed.

App'x 160 (9th Cir. 2018). On remand after a successful appeal, this Court awarded

compensation for my work at my reasonable hourly rate for 2018 of $465 per hour in Portland.

*See All. for the Wild Rockies, Inc. v. U.S. Army Corps of Eng'rs*, No. 3:16-CV-1407-HZ, 2019

WL 1749518, at *4 (D. Or. Apr. 18, 2019); Declaration of David H. Becker ¶ 2 & Attach. A, *All.*

*for the Wild Rockies, Inc. v. U.S. Army Corps of Eng'rs*, No. 17-35668 (9th Cir. filed Oct. 26,

2018) (ECF No. 50-2) (listing the $465 per hour rate and hours spent on that case for 2018). I

also served as a consulting attorney and provided declaration testimony on attorney fees in

*Greenpeace v. Stewart*, No. 17-35945 (9th Cir. filed May 7, 2019) (ECF No. 65-1). In this case, I

seek the same $465 per hour rate for my work during 2018 that this Court awarded me in

*Alliance for the Wild Rockies*, 2019 WL 1749518, at *4, a rate of $475 per hour for my work

during 2019, and a rate of $525 per hour in 2020—reflecting that I now fall within the "attorneys

with 21–30 years of experience" range in the Oregon State Bar Economic Survey ("2017 OSB

Survey").

29.     During the last six months that I worked for Latham & Watkins LLP in Newark,

New Jersey (from December 2004 until May 2005), my billing rate as a senior associate was

$400 per hour. While recognizing that Oregon is a different legal market than those in which I

previously worked, my final rate of $400 per hour in private practice in New Jersey reflects the

value of my experience and indicates that the rates I am seeking in these cases are reasonable.

30.     My requested rates are also reasonable when compared with the rates charged by

lawyers with similar experience in Portland. For rates beginning in 2016, this Court uses the

16

2017 OSB Survey[1] as its initial benchmark for reasonable attorney rates and requires that fee petitions address the most recent OSB Survey.[2] The 2017 OSB Survey (p. 12) reflects hourly billing rates in 2016.

31.     The practice of this Court is to assess reasonable market rates for successive years after the Oregon State Bar Economic Surveys are issued by adjusting the rates reported in the Survey—2016 rates in the 2017 OSB Survey—based on inflation, according to the U.S. Department of Labor's consumer price index for urban consumers ("CPI-U") in the Western states of the United States. *See Currie v. Shaw*, 3:13-cv-01515-PK, 2014 WL 3514977, at *5–6 (D. Or. June 6, 2014) (adjusting the 2011 rates reported in the 2012 OSB Survey using CPI-U for the Western states).

32.     The U.S. Department of Labor's Bureau of Labor Statistic's data for CPI-U in the Western states of the United States is available on the Bureau of Labor Statistics website.[3] This data shows the annual CPI-U for Western states as:

| | |
|---|---|
| 2016 | 247.705 |
| 2017 | 254.738 |
| 2018 | 263.263 |
| 2019 | 270.530 |

---

[1] Elliott, D. *et al*., *Oregon State Bar 2017 Economic Survey – Report of Findings*, Survey Research Lab, Portland State University, Dec. 26, 2017, https://www.osbar.org/_docs/resources/Econsurveys/17EconomicSurvey.pdf.

[2] *Message from the Court Regarding Fee Petitions*, U.S. District Court for the District of Oregon, https://ord.uscourts.gov/index.php/rules-orders-and-notices/notices/fee-petitions (last updated Mar. 2, 2017).

[3] Bureau of Labor Statistics, *CPI for All Urban Consumers (CPI-U) – West*, http://data.bls.gov/cgi-bin/surveymost?cu (last visited on Mar. 10, 2020).

33. An estimate of the inflation-adjusted rates for 2020 can be obtained by dividing the most recent CPI-U data, through February 2020 (274.412), by the CPI-U through February 2019 (266.215), and multiplying that by the annual CPI-U for 2019.

34. Using the rates from the 2017 OSB Survey, and adjusting the rates for 2016 reported in that survey for inflation through 2020 as described above, the reasonable mean, median, 75% percentile, and 95% percentile rates for attorneys in Portland who practice "Real Estate/Land Use/Environmental Law" for 2017 through 2020 are:

|  | Year | Mean | Median | 75% | 95% |
|---|---|---|---|---|---|
| OSB Survey # | 2016 | $398.00 | $390.00 | $475.00 | $610.00 |
| Adjusted # | 2017 | $409.30 | $401.07 | $488.49 | $627.32 |
| Adjusted # | 2018 | $423.00 | $414.50 | $504.83 | $648.31 |
| Adjusted # | 2019 | $434.38 | $425.65 | $518.42 | $665.77 |
| Adjusted # | 2020 | $447.76 | $438.76 | $534.39 | $686.27 |

As this Court has noted, the OSB Survey does not encompass the "highly specialized practice of federal environmental litigation," but rather groups three categories of attorneys into one practice area. *See LOWD*, 2014 WL 3546858, at *15. As a result, rates for attorneys who specialize in federal environmental litigation, including appellate practice, are likely to be at the very top of the range of the listed rates for "Real Estate/Land Use/Environmental Law" practitioners.

35. In addition, the "Real Estate/Land Use/Environmental Law" practice area is one of the highest compensated in Oregon, as reflected in the 2017 OSB Survey's charts of hourly billing rates by area of practice. These charts show that the median rates for attorneys in Portland range from $200 per hour (for Civil Litigation-Insurance Defense) to a high of $390 per hour for Real Estate/Land Use/Environmental Law. Real Estate/Land Use/Environmental Law practitioners also have the highest 25% percentile rate, mean rate, and 75% percentile rate among all of the specialized practice areas in the 2017 OSB Survey, and have the second-highest 95% rate (after Tax/Estate Planning practitioners). 2017 OSB Survey at 40–43. Given that Real

Estate/Land Use/Environmental Law practitioners charge rates higher than all but one other practice area (and only at one end of the percentile range), it is likely that Real Estate/Land Use/Environmental Law practitioners would be at the top of each listed range of rates by years of experience, which encompasses attorneys from all practice areas. *See* 2017 OSB Survey at 38–40.

36.    For lawyers in Portland with 16 to 20 years of experience, like myself and Mr. Lacy between 2017 and 2019, and for Mr. Lacy in 2020, the inflation-adjusted rates for 2017 through 2020 are:

|  | **Year** | **Mean** | **Median** | **75%** | **95%** |
|---|---|---|---|---|---|
| OSB Survey # | **2016** | $334.00 | $325.00 | $400.00 | $500.00 |
| Adjusted # | **2017** | $343.48 | $334.23 | $411.36 | $514.20 |
| Adjusted # | **2018** | $354.98 | $345.41 | $425.12 | $531.40 |
| Adjusted # | **2019** | $364.53 | $354.71 | $436.57 | $545.71 |
| Adjusted # | **2020** | $375.76 | $365.63 | $450.01 | $562.51 |

37.    For lawyers in Portland with 21–30 years of experience, like myself in 2020, the inflation adjusted rates for 2020 are:

|  | **Year** | **Mean** | **Median** | **75%** | **95%** |
|---|---|---|---|---|---|
| OSB Survey # | **2016** | $394.00 | $415.00 | $475.00 | $525.00 |
| Adjusted # | **2017** | $405.19 | $426.78 | $488.49 | $539.91 |
| Adjusted # | **2018** | $418.75 | $441.07 | $504.83 | $557.97 |
| Adjusted # | **2019** | $430.02 | $452.94 | $518.42 | $573.00 |
| Adjusted # | **2020** | $443.26 | $466.89 | $534.39 | $590.64 |

38.    For lawyers in Portland with more than 30 years of experience, like Mr. Buchele between 2017 and 2020, the inflation-adjusted rates for 2017 through 2019 are:

|  | **Year** | **Mean** | **Median** | **75%** | **95%** |
|---|---|---|---|---|---|
| OSB Survey # | **2016** | $413.00 | $425.00 | $495.00 | $610.00 |
| Adjusted # | **2017** | $424.73 | $437.07 | $509.05 | $627.32 |
| Adjusted # | **2018** | $438.94 | $451.69 | $526.09 | $648.31 |
| Adjusted # | **2019** | $450.76 | $463.85 | $540.25 | $665.77 |
| Adjusted # | **2020** | $464.64 | $478.14 | $556.89 | $686.27 |

39.     The rates I and my co-counsel seek here are supportable as reasonable Portland market rates for attorneys of our experience and expertise. We are entitled to market rates above the EAJA cap because of the specialized expertise in environmental law that we have brought to this litigation, because our distinctive skills were necessary to the success of this litigation, and because there are a limited number of qualified attorneys with this expertise and these skills are not available in Oregon at the EAJA statutory rate. We therefore seek reimbursement at the reasonable market rates described in our declarations.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 13th day of March 2020 in Portland, Oregon.

>  s/ David H. Becker        
> David H. Becker (OSB # 081507)
> Law Office of David H. Becker, LLC