**Peter M. ("Mac") Lacy (OSB # 013223)**
Oregon Natural Desert Association
2009 NE Alberta St., Suite 207
Portland, OR 97211
(503) 525-0193
lacy@onda.org

**Thomas C. Buchele (OSB # 081560)**
Earthrise Law Center
10015 SW Terwilliger Blvd.
Portland OR  97219
(503) 768-6736
tbuchele@lclark.edu

**David H. Becker (OSB # 081507)**
Law Office of David H. Becker, LLC
4110 SE Hawthorne Blvd. # 168
Portland, OR 97214
(503) 388-9160
davebeckerlaw@gmail.com

Attorneys for Plaintiff


# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

### PORTLAND DIVISION


| | |
|---|---|
| **OREGON NATURAL DESERT ASSOCIATION,** | |
| | No. 3:09-cv-369-JR |
| Plaintiff, | |
| v. | **DECLARATION OF THOMAS C. BUCHELE** |
| **JEFF ROSE**, Burns District Manager, BLM, *et al.*, | |
| Defendants, | |
| and | |

**HARNEY COUNTY**,

> Defendant-Intervenor-
> Cross Claimant.

_____

I, Thomas C. Buchele, state and declare as follows:

1.      The following matters are personally known to me and, if called as a witness, I would and could truthfully testify thereto. I make this declaration in support of the Oregon Natural Desert Association's ("ONDA") application for an award of attorney fees and other expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 *et seq*.

2.      I have served as co-counsel in this matter since 2016. Throughout my time on this case, I have worked closely with ONDA's lead counsel, Mr. Lacy, as well as co-counsel Mr. Becker during the appellate and subsequent proceedings.

3.      I agreed to represent ONDA on a *pro bono* basis in this case. By agreement with ONDA, I would receive no payment unless there was a fee award or settlement.

4.      I graduated *magna cum laude* from the University of Illinois College of Law in 1986. Before enrolling in law school in 1983, I was a Fulbright Scholar studying in Germany.

5.      I was admitted to the bar of the State of Oregon in 2008, and I am also admitted to the bar in California (admitted 1987). I am admitted but inactive status in Indiana (admitted 1986), Illinois (admitted 1990) and Pennsylvania (admitted 2001). I am also admitted to practice before the Third, Seventh, and Ninth Circuit Courts of Appeals, and the Federal District Courts for the District of Oregon, the Northern District of Illinois, and the Central and Eastern Districts of California, among others.

6.      In 1986–1987, I was employed as a law clerk by the Hon. Milton I. Shadur, U.S. District Court Judge for the Northern District of Illinois. From 1987 to 1990, I was an associate

with the law firm Bronson, Bronson & McKinnon in San Francisco, California, where I primarily practiced real estate and aviation law litigation. From 1990 to 1997, I was an associate and, starting in 1994, an equity partner, with the law firm Jenner & Block in Chicago, Illinois, where I primarily practiced complex commercial litigation and natural resources litigation. From 1998 to 2000, I was a staff attorney at the Environmental Law and Policy Center of the Midwest in Chicago, Illinois, where I practiced public interest environmental and public lands law litigation. From 2000 to 2007, I was the Director of the Environmental Law Clinic at the University of Pittsburgh and an Associate Clinical Professor. In Pittsburgh, in addition to teaching Civil Procedure, Natural Resources Law and the Environmental Clinic courses, I practiced public interest environmental law with the help of the students who were enrolled in the clinic.

7.       Since 2008, I have been the Managing Attorney for the Earthrise Law Center (formerly known as the Pacific Environmental Advocacy Center) at Lewis & Clark Law School in Portland, Oregon. In 2017, I became Earthrise's co-director. I also teach courses in Environmental Litigation and Ethics. At Earthrise, I primarily practice in the public lands and natural resource litigation areas, although I also supervise the work of other staff attorneys on almost all areas of public interest environmental litigation, from public land and natural resources issues to pollution control law. As I did at the University of Pittsburgh, I have trained many students over the years as part of the law school clinic at Lewis & Clerk.

8.       During my work in Chicago, Pittsburgh, and here in Portland, I have regularly sought attorney fees awards under the EAJA and other fee-shifting statutes. Earthrise's clients have asked for and received an equivalent hourly rate to the rate I seek here in several private attorney fees settlements with federal agencies regarding matters filed in Portland.

2

9.      I possess the distinctive knowledge, training, and specialized skills to claim a practice specialty in environmental and natural resources law and litigation. Since entering private practice, the majority of my experience has been in the area of environmental law. I have been litigating cases in this area of the law since 1990. *See Cronin v. U.S. Dep't of Agric.*, 919 F.2d 439 (7th Cir. 1990). I have represented numerous national and local environmental organizations in administrative matters as well as litigation. In addition to ONDA, my clients include The Sierra Club, The National Audubon Society, Heartwood, The Allegheny Defense Project, Clean Water Action, The Portland Audubon Society, The Friends of the Columbia Gorge, Columbia Riverkeeper, and many others. I have litigated numerous cases involving the Endangered Species Act, the National Environmental Policy Act, the National Forest Management Act, the Clean Air Act, the Natural Gas Act, and many similar state environmental laws. I litigated some of those cases as an equity partner at Jenner & Block in Chicago, and I continued to litigate such cases as a clinical professor at the University of Pittsburgh and at Lewis & Clark Law School.

10.      Most recently I have obtained favorable decisions, from both the Ninth Circuit and the District of Oregon, in *League of Wilderness Defenders/Blue Mountains Biodiversity Proj. v. U.S. Forest Serv.*, 585 Fed. Appx. 613 (9th Cir. 2014); *Gifford Pinchot Task Force v. Perez*, No. 03:13-cv-00810-HZ, 2014 WL 3019165 (D. Or. July 3, 2014); and *League of Wilderness Defenders/Blue Mountains Biodiversity Proj. v. Connaughton*, 752 F.3d 755 (9th Cir. 2014) (ruling on appeal from denial of preliminary injunction); No. 3:12-cv-02271-HZ, 2014 WL 6977611 (D. Or. Dec. 9, 2014) (summary judgment ruling); 2015 WL 1567444 (D. Or. Apr. 6, 2015) (ruling on remedy).

3

11.    The Earthrise Law Center, like other environmental law clinics, provides practical litigation experience to second- and third-year law students by having those students work with clinical professors on actual litigation matters. Under the close supervision of one or more clinical professors, the students enrolled in Earthrise conduct legal and factual research, review administrative records, draft declarations, motions, all or portions of supporting legal memoranda, help cite check or proofread documents before they are filed and sometimes even argue before a court. Generally, the students are doing real legal work that a clinical professor or staff attorney would otherwise need to do. In my experience during 20 years now as a clinical professor, the clinic's students usually provide a work product that advances the case and saves their supervising attorney a great deal of time. Overall, because of the students' lower billing rate, their work results in Earthrise submitting fee requests that are much lower than they would have been without student assistance, and that is certainly the case here. The assistance of law students Haley Scavone, Katrina Krebs, Kadin Pasley, Michael Burleson, Giulia Rogers, and Sage Ertman was especially valuable and substantially reduced the amount of time that both I and Mr. Lacy spent on this matter.

12.    The attached time records (Exhibit A) contain my and my students' contemporaneous time records for this case. Those records provide a true and accurate recording of my time and their time. It is my regular practice to maintain a contemporaneous time record of time on my cases. As part of their training at Earthrise, our students are required to do the same. I have reviewed each billing entry, exercising billing discretion such that unrecoverable, excessive or duplicative time was removed by indicating a "NC" for that time in the final column of our time records. As he explains in his declaration, Mr. Lacy, as lead counsel, also conducted his

own review of my and my students' time sheets as he pulled together all of ONDA's time and expense records for this entire case.

13.     The hours reflected in my time records and those of my students were reasonably spent on work necessary to advance this litigation and to help ONDA achieve success. Students, lacking experience, can sometimes spend too much time on a task. In part, that is accounted for by charging a far lower hourly rate than experienced attorneys. But I also reviewed their time records here and reduced the included time where I thought it was more than was reasonable for a given task. I have also eliminated time, such as conferences with me, where the primary purpose was educational rather than advancing the cause of our client. However, even where a student spent more time on a matter than I would have, that time was often reasonable and resulted in overall lower costs because of their much lower billing rate. In fact, I believe the fees sought here are much lower than they would have been if I had been doing all of the work without the assistance of my students.

14.     My work and that of my students primarily involved assisting Mr. Lacy on the case's second phase of summary judgment proceedings (2016 to 2018), injunction pending appeal work (2018), and appellate work (2018 to 2019). I also have continued to assist Mr. Lacy following the Ninth Circuit's decision in ONDA's favor earlier this year, on post-judgment work on remedy and fee recovery issues. For each of these parts of the case that I and my students have worked on, our work has included consulting with my co-counsel, Mr. Lacy and Mr. Becker, coordinating litigation activities with my co-counsel and opposing counsel, helping Mr. Lacy prepare for oral arguments in both this Court and the Court of Appeals, and assisting Mr. Lacy as we have attempted to negotiate potential relief going forward and prepared ONDA's fee petition and supporting declarations.

15.    In a 2014 opinion regarding my fee petition in a somewhat similar APA/NEPA case, this Court found that my client's request to recover for 169.9 of my hours and 158.3 of my students' hours was reasonable. *League of Wilderness Defenders/Blue Mountains Biodiversity Proj. v. U.S. Forest Serv.*, No. 3:10-cv-01397-SI, 2014 WL 3546858, *8 & n.7 (D. Or. July 15, 2014). Significantly in that case, the Court was determining what hours were reasonable for only partial success because the plaintiff had obtained only a partial vacatur of the challenged agency action. *Id*. at *5. By contrast, in this case ONDA secured a significant preliminary injunction in 2011, maintained it throughout the rest of the case, and then went on to win the case on the merits on appeal, with the Ninth Circuit vacating both challenged transportation plans for Steens Mountain.

16.    In an even more recent opinion, *League of Wilderness Defenders v. Turner,* 305 F. Supp. 3d 1156 (D. Or. 2018) ("*LOWD II*"), the Court found it was reasonable for me and my students to have expended 195 hours and 186.90 hours respectively. *Id.* at 1170–74, 1176. In that case we had achieved complete success by obtaining a preliminary injunction, and the Forest Service then withdrew its challenged decision.

17.    My client seeks $475/hour for my time spent on this case in 2016, $500/hour for 2017, $525/hour for 2018, $540/hour for 2019, and $565/hour for 2020. Although Earthrise used a billing rate of $139 for its students during 2016 through 2019, ONDA is requesting only $130/hour for their time spent on this case. Based on my personal knowledge of billing practices of attorneys in private practice in Oregon, these hourly rates are reasonable market (or even below-market) rates for an attorney practicing in the Portland area, performing environmental litigation, with my background and expertise, and for students enrolled at a law school with one of the best environmental law programs in the country.

18.    In the first *LOWD* opinion referenced in ¶ 15, the Court held that my requested

hourly rate of $450/hour was a reasonable market rate for my work mostly performed between

2010 and 2012 and based on a number of factors set forth in that opinion. 2014 WL 3546858 at

*11–15. In the more recent 2018 *LOWD II* opinion, the Court upheld a requested hourly rate of

$130 for my students and $475 for my work. 305 F. Supp. 3d at 1169–1170. Although my work

in that case occurred in 2016 and 2017, because I did most of the work in 2016, I requested the

same $475 rate for all of that work. I believe that my requested hourly rates here, ranging from

$475/hour to $565/hour for work performed between 2016 and 2020, are equally reasonable. The

Court in *LOWD II* based my hourly rate on the 2017 OSB Survey for Portland area-attorneys

practicing for 21–30 years, and noted that then (in 2016) I was in the upper end of that

experience range. Indeed, in 2016 I had been practicing law for 30 years. For most of my work

done in this case from 2017–2020, I am in the over 30 years of experience category and the OSB

Survey (with appropriate, modest cost of living adjustments) directly supports my requested rates

of $500 for 2017, $525 for $2018, $540 for 2019, and $565 for 2020.

19.    I believe $130/hour is a more-than-reasonable rate for students currently enrolled

in an environmental law program like that at Lewis & Clark. The Court in *LOWD II* agreed that

$130/hour was a reasonable rate for the student work in that case for about the same time period.

305 F. Supp. 3d at 1170; *cf. Goldingay v. Progressive Cas. Ins. Co.*, No. 3:17-cv-1491-SI, 2019

WL 852992, at *6 (D. Or. Feb. 22, 2019) ("the Court concludes that a rate of $175 per hour is

reasonable for law clerks and paralegals" in fee award for work performed in 2017 and 2018).

//

//

//

7

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

DATED this 13th day of March, 2020.                Respectfully submitted,

                                                    s/ Thomas C. Buchele
                                                    _____
                                                    Thomas C. Buchele
                                                    Earthrise Law Center

                                                    Of Attorneys for Plaintiff-Appellant