**Peter M. ("Mac") Lacy (OSB # 013223)**
Oregon Natural Desert Association
2009 NE Alberta St., Suite 207
Portland, OR 97211
(503) 525-0193
lacy@onda.org

**Thomas C. Buchele (OSB # 081560)**
Earthrise Law Center
10015 SW Terwilliger Blvd.
Portland OR 97219
(503) 768-6736
tbuchele@lclark.edu

**David H. Becker (OSB # 081507)**
Law Office of David H. Becker, LLC
4110 SE Hawthorne Blvd. # 168
Portland, OR 97214
(503) 388-9160
davebeckerlaw@gmail.com

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| **OREGON NATURAL DESERT ASSOCIATION,** | No. 3:09-cv-369-JR |
| Plaintiff, | |
| v. | **DECLARATION OF LAUREN M. RULE** |
| **JEFF ROSE**, Burns District Manager, BLM, *et al.*, | |
| Defendants, | |
| and | |

**HARNEY COUNTY**,

                Defendant-Intervenor-
                Cross Claimant.

_____

I, LAUREN M. RULE, state and declare as follows:

    1.    I submit this declaration in support of the Oregon Natural Desert Association's ("ONDA") petition for attorney fees, costs, and expenses in this case. The following matters are personally known to me, and, if called as a witness, I would and could truthfully testify thereto.

## QUALIFICATIONS

    2.    I am a Senior Staff Attorney for the law firm of Advocates for the West. Advocates for the West is based in Boise, Idaho but has an office in Portland, Oregon. I head the Portland office and supervise a staff of three attorneys. I am licensed to practice law in the States of Oregon and Idaho, and have been licensed to practice in those states continuously since 2001 and 2003 respectively. I am also admitted to the Federal District Courts for the District of Oregon and the District of Idaho, as well as the U.S. Courts of Appeals for the Ninth Circuit and the Tenth Circuit.

    3.    Since graduating from the Northwestern School of Law at Lewis & Clark College in 2001, I have worked almost exclusively in federal court on civil litigation matters, first as a law clerk to the Hon. Thomas Nelson of the U.S. Court of Appeals for the Ninth Circuit, and then as an attorney employed by Advocates for the West, where I have been employed since 2002. I have spent the majority of my legal career working in the areas of administrative and environmental law, and have worked as lead attorney on dozens of cases in federal court, including cases in the U.S. District Courts for the Districts of Idaho, Oregon, Northern California, Eastern California, Eastern Washington, Arizona, Wyoming, and Colorado.

4.     I have represented numerous national and local environmental organizations in administrative matters and litigation. My clients have included American Rivers, Bend Backcountry Alliance, Center for Biological Diversity, Concerned Friends of the Winema, Friends of Living Oregon Waters, Greater Hells Canyon Council, Great Old Broads for Wilderness, Idaho Conservation League, Idaho Rivers United, Klamath Siskiyou Wildlands Center, National Wildlife Federation, Native Fish Society, Northwest Environmental Defense Center, Oregon Natural Desert Association, Oregon Wild, Sierra Club, The Wilderness Society, Western Watersheds Project, WaterWatch of Oregon, WildEarth Guardians, Wild Wilderness, and Winter Wildlands Alliance.

5.     I have litigated numerous cases involving the National Environmental Policy Act, the Federal Land Policy and Management Act, the Wilderness Act, the Endangered Species Act, the National Forest Management Act, the Steens Mountain Cooperative Management and Protection Act, the Clean Water Act, the Antiquities Act, the Wild and Scenic Rivers Act, and other environmental statutes.

6.     Over the years of my practice, I have become familiar with the work of many attorneys who practice environmental law, particularly in the Northwest. I am also generally familiar with the billing practices of attorneys in the Northwest, both in environmental and non-environmental matters. Through my own work and my familiarity with these other attorneys' work, I am accustomed to thorough, precise, and contemporaneous timekeeping, as well as clear and detailed billing for services.

7.     I have known ONDA's principal attorneys for years. I have known Mr. Lacy since we were law school classmates from 1998 to 2001. I have known Mr. Becker since around 2006 and Mr. Buchele since around 2008.  I also have known Ms. Ruether since about 2004, and

worked with her for six years while she was a staff attorney with Advocates for the West. I have co-counseled cases with each of these attorneys over the years, and my firm Advocates for the West has represented ONDA on numerous occasions.

## MATERIALS REVIEWED

8.      In order to render an opinion, I have reviewed the time records in support of ONDA's application for fees, costs, and other expenses, the major pleadings filed in this case (including the complaint, the summary judgment and appellate briefing, and the injunctions briefing), and the court and Board of Land Appeals opinions. I also have reviewed the declarations of Mr. Lacy, Mr. Becker, and Mr. Buchele filed in support of ONDA's EAJA motion, as well as ONDA's EAJA brief.

## RATES REQUESTED

9.      Based upon my review of this case, and based upon my personal knowledge of attorney billing practices in the Northwest, I believe that the hourly rates of between $250 and $470 per hour (for the years 2007 to 2020) sought by Mr. Lacy are reasonable and would be charged by attorneys of his experience and expertise in this type of case. The same is true of the hourly rates between $290 and $525 per hour (2008 to 2020) sought by Mr. Becker, the rates between $475 and $565 per hour (2016 to 2020) sought by Mr. Buchele, and the rates between $285 and $295 per hour (2013 to 2014) sought by Ms. Ruether. The attorneys' requested rates are reasonable for Portland, Oregon.

10.     Environmental law and environmental litigation are specialty areas justifying an upward adjustment in EAJA fees. Mr. Lacy, Mr. Becker, Mr. Buchele, and Ms. Ruether each possess the distinctive knowledge and skills necessary to claim a practice specialty in environmental law and litigation that warrants the increased rates sought for the attorneys' work

on this case. Each of these attorneys has a reputation in the legal community as highly skilled and tenacious environmental litigators, particularly in the highly specialized area of public land law.

11.   The briefing and other attorney work product I reviewed, combined with the ultimately excellent result achieved by ONDA, makes clear that ONDA's attorneys provided outstanding service to their client. Their expertise was clearly essential in what was a highly complex case with multiple agency decisions, multiple and interrelated administrative actions, a voluminous administrative record, and multiple rounds of briefing on the merits both at the district court and appellate court levels.  During the course of the ten-year case, the attorneys filed two amended complaints to address new facts and decisions that arose, which required additional time for investigation and research.  The attorneys were also required to deal with a variety of motions, such as jurisdictional motions and arguments raised by the Federal defendants each step of the way.

12.   In addition to winning on the legal merits in two rounds of litigation (once at the district court and once at the Ninth Circuit), the attorneys successfully secured and even expanded a long-standing injunction protecting more than a hundred miles of disputed routes from damage from motorized use and mechanical maintenance.  Much of their work and success depended on collaboration with scientists and consultants to make sense of a complex, sometimes convoluted, and ever-changing, BLM route network on Steens Mountain.  Work with those experts was necessary not only to assess environmental concerns and legal claims, but also then to explain those issues to the court.  Many of my cases pertain to similarly complex scientific matters that involve collaboration with experts, extensive administrative records, and lengthy environmental analyses.  Based on my experience, I can attest to the time, resources, and

skills needed to successfully litigate such cases, and the importance of skilled co-counsel to assist with legal strategy, research, and drafting of documents.

## HOURS REQUESTED

13.     I have also reviewed the time records in support of the motion for fees, costs, and other expenses. Based on the records and the course of the proceedings, the total hours expended—and in particular the total hours actually requested in the EAJA petition—is reasonable, given the amount of work performed and the excellent result. I note that according to its executive director, Ryan Houston, ONDA achieved everything it set out to do in this case. I also note that the attorneys exercised billing judgment, eliminating or reducing their request as appropriate. I do not view Mr. Becker's, Mr. Buchele's or Ms. Ruether's work, as co-counsel to Mr. Lacy at various times throughout the litigation, as duplication; rather, I view their work as a sound legal business practice. Along these same lines, I similarly view as sound legal business practice Mr. Lacy's decisions to incorporate other attorneys and student law clerks into the ONDA legal team at various times throughout the decade-plus litigation. This saved expensive lead attorney time and led to an ultimately streamlined and efficient staffing of what was a very complex case.

## COSTS REQUESTED

14.     I also reviewed the costs ONDA has requested and I find them to be reasonable and of the types that are routinely charged to clients in similar cases.

## CONCLUSION

15.     In preparing this declaration, I spent 4.5 hours at my normal hourly rate in Portland of $470 per hour in reviewing these materials and preparing this declaration. A true and accurate copy of my time sheet is attached as Exhibit A.

6

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

DATED this 10th day of March, 2020.

s/ Lauren M. Rule
_____

Lauren M. Rule