UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

OREGON NATURAL DESERT                                                3:09-cv-369-JR
ASSOCIATION,

                                        Plaintiff,                    OPINION AND ORDER

                v.

JEFF ROSE, Burns District Manager, BLM, et.
al.,

                                        Defendants,

                and

HARNEY COUNTY,
                Defendant-Intervenor-Cross Claimant.

Russo, Magistrate Judge:

        Plaintiff Oregon Natural Desert Association (ONDA) initiated this action on April 10,

2009, seeking judicial review of agency action regarding the designation of routes available for

motorized travel in the Steens Mountain Cooperative Management and Protection Area (CMPA).

Page 1 – OPINION AND ORDER

In 2007, the Bureau of Land Management (BLM) issued the Travel Management Plan (TMP) decision.  In 2008, ONDA appealed the TMP to the Interior Board of Land Appeals (IBLA). In 2009, the IBLA affirmed the TMP decision almost in its entirety, reversing only the TMP's allowance of motorized traffic on obscure routes.

ONDA then filed this action seeking judicial review of the IBLA's decision.  In 2011, on cross-motions for summary judgment, this Court remanded the case to the IBLA for further proceedings on seven of the nine issues raised by ONDA concluding the IBLA's opinion was arbitrary and capricious because it had failed to sufficiently address the seven issues to create a record for judicial review.  This Court did not rule on the merits of ONDA's seven issues leaving that for the IBLA to resolve on remand.

On September 30, 2014, after receiving additional evidence and briefing, the IBLA affirmed the TMP in its entirety.

In 2015, the BLM issued the Comprehensive Recreation Plan (CRP).  In preparing the CRP, the BLM reexamined the obscure routes and decided to close many of the obscure routes to motorized travel.

ONDA then sought judicial review of the 2014 IBLA decision and the 2015 CRP. After the parties submitted competing motions for summary judgment, this Court concluded the 2014 IBLA decision and BLM's 2015 CRP decisions were supported by substantial evidence in the record, were not contrary to law, and were not arbitrary or capricious.

On March 30, 2018, ONDA sought an injunction on appeal and then on April 2, 2018, filed a notice of appeal.  This Court denied the injunction pending appeal.  On July 11, 2019, the Ninth Circuit Court of Appeals issued its mandate affirming in part and reversing in part this Court's decision, vacating the TMP and the CRP, and remanding to the BLM to prepare a new plan.  This

Court adopted the parties stipulated injunction limiting motorized travel and maintenance on certain routes pending a new TMP, in addition to allowing the BLM to continue to implement the CRP except for obscure route provisions.

ONDA now seeks an award of fees and expenses in the amount of $1,355,916.11 pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. The Government objects asserting its position was substantially justified. In the alternative, the Government asserts that plaintiff achieved only limited success, and asks the Court to award no more than 20 percent of the lodestar amount, i.e., after accounting for non-compensable charges and excessive rates in the fee petition.

<u>DISCUSSION</u>

<u>Substantially Justified</u>

The court shall award to a party prevailing against the United States fees and other expenses incurred by that party in certain actions, including proceedings for judicial review of agency action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. 28 U.S.C.A. § 2412 (d)(1(A).

For a position to be substantially justified, it need not be justified to a high degree. The position need only be justified in substance or in the main, i.e., to a degree that could satisfy a reasonable person. Pierce v. Underwood, 487 U.S. 552, 565 (1988). Thus, to avoid a fee award the government's position must have had a reasonable basis both in law and fact. Id. The government's failure to prevail on its position does not invoke a presumption that the position was not substantially justified. Renee v. Duncan, 686 F.3d 1002, 1017 (9th Cir. 2012).

In this case, the government prevailed before this Court while losing, on procedural grounds, before the Ninth Circuit. With respect to the definition of roads, the Ninth Circuit found the IBLA arbitrarily and capriciously changed its definition of "roads and trails" without providing

a reasoned explanation for the change.  Oregon Nat. Desert Ass'n v. Rose, 921 F.3d 1185, 1189 (9th Cir. 2019).[1]  The Ninth Circuit additionally found the IBLA acted arbitrarily and capriciously by failing to establish baseline environmental conditions for procedurally adequate assessment of the TMP's impacts.  Id. at 1191.  Because of the procedural issues, the Ninth Circuit did not reach the substantive challenges to the TMP.

The Ninth Circuit also found the BLM failed to establish baseline conditions necessary to consider information about significant environmental impacts regarding the CRP.  Id. at 1193. Again, the Ninth Circuit did not reach substantive challenges to the CRP.

Arbitrary and capricious conduct is not per se unreasonable.  Andrew v. Bowen, 837 F.2d 875, 878 (9th Cir. 1988).  Here, the government's underlying agency conduct, while ultimately lacking the proper procedures, was nonetheless reasonable.  As this Court found in its February 13, 2018 decision, "The IBLA reasonably concluded that BLM was not required to survey all possible routes on the ground, but instead could rely on 'other reliable evidence that can be used to determine the existence of a route, whether that evidence consists of aerial photographs taken of the land in question at or near the critical date, first-hand accounts by members of the public who visited the land in question at or around the critical time, or other appropriate evidence.'" Oregon Nat. Desert Ass'n v. Cain, 292 F. Supp. 3d 1119, 1126 (D. Or. 2018).  This court specifically noted the ambiguity in the Steens Act in giving deference to the IBLA's action.  Id. at 112-28.

This Court also determined that in summarizing the evidence offered in support of and in opposition to the designation of 555 miles of routes as open to motorized travel, the environmental

---

[1] The Ninth Circuit noted the Steens Mountain Cooperative Management and Protection Act leaves room for agency discretion when defining roads and trails, and thus left to the agency to explain its definitions upon remand rather than define the terms itself.  Id. at 1190.

assessment adequately established the environmental baseline for purposes of BLM's consideration of the likely impacts of the proposed TMP decision. Id. at 1131. Similarly, this Court found the BLM acted reasonably in designating a limited number of obscure routes as open to motorized travel. Id. Although the Ninth Circuit reversed on these issues, the findings support the conclusion that the government's conduct at the agency level was both factually and legally reasonable. Indeed, during oral argument, Judge Susan Graber noted this is a challenging case. https://www.ca9.uscourts.gov/media/view_video.php?pk_vid=0000015333 (video at 55:30).

Plaintiff argues the government's position was not substantially justified at the agency level asserting the obligation to establish an accurate environmental baseline is a fundamental requirement of the National Environmental Policy Act (NEPA). It is, of course, true that establishing a baseline is required. However, the baseline is a pragmatic, rather than legal NEPA requirement. In this case, although ultimately incorrect, the BLM reasonably considered "Alternative C," which used plaintiff's route inventory and TMP recommendations. Oregon Nat. Desert Ass'n, 292 F. Supp. 3d at 1131. In addition, the government's position was consistent with prior rulings regarding the baseline with respect to the Steens routes. Oregon Nat. Desert Ass'n v. Shuford, 2007 WL 1695162, at *8 (D. Or. June 8, 2007) (BLM only has to consider an adequate baseline of resource information to satisfy NEPA's "hard look" requirement, and BLM can rely on its expertise to determine whether a parcel has the requisite wilderness characteristics, including the presence or absence of roads).

The assessment and underlying analysis during the administrative process was challenging and difficult. The government was ultimately determined to have taken an incorrect procedural position regarding that analysis. But a position can be justified even though it is not correct, and it can be substantially justified if a reasonable person could believe it has a reasonable basis in law

and fact.  Pierce, 487 U.S. 552 at 566, n.2.  The progression of this case from the IBLA, to this

Court, back to the IBLA, back to this Court, and then to the Ninth Circuit before ultimately being

remanded so that the IBLA can again consider the TMP and CRP demonstrates that a reasonable

person can indeed believe the government's position had a reasonable basis in law and fact.

Accordingly, the Court denies plaintiff's requests for fees and expenses in this case.

<u>CONCLUSION</u>

Plaintiff's application for an award of costs, fees, and other expenses under the EAJA

(#379) is denied.

DATED this 8th day of July, 2020.

 /s/ Jolie A. Russo                                
JOLIE A. RUSSO
United States Magistrate Judge