**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 29 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OREGON NATURAL DESERT ASSOCIATION, | No.   20-35641 |
| Plaintiff-Appellant, | D.C. No. 3:09-cv-00369-JR |
| v. | MEMORANDUM* |
| JEFF ROSE, Burns District Manager, BLM; et al., | |
| Defendants-Appellees, | |
| HARNEY COUNTY, | |
| Intervenor-Defendant- Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Jolie A. Russo, Magistrate Judge, Presiding

Submitted April 27, 2021**
San Francisco, California

---

    \*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\*    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before:  GRABER and BERZON, Circuit Judges, and ROBRENO,*** District Judge.

Plaintiff Oregon Natural Desert Association ("ONDA") appeals the district court's denial of its motion for attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412.  That motion followed our holding that the government's plan to formalize and maintain routes for motor vehicles in Southeastern Oregon's Steens Mountain Cooperative Management and Protection Area was infirm in two respects.  ONDA v. Rose, 921 F.3d 1185, 1189–92 (9th Cir. 2019).  First, the Interior Board of Land Appeals "acted arbitrarily and capriciously by changing its definition of 'roads and trails' without providing a reasoned explanation for the change." Id. at 1189 (citation omitted).  Second, the government twice violated the National Environmental Policy Act ("NEPA") by failing "to establish the baseline conditions necessary for it to 'carefully consider information about significant environmental impacts' to the Steens Mountain Area." Id. at 1192 (quoting N. Plains Res. Council, Inc. v. Surface Transp. Bd., 668 F.3d 1067, 1085 (9th Cir. 2011)).  Reviewing for abuse of discretion, Shafer v. Astrue, 518 F.3d 1067, 1070 (9th Cir. 2008), we reverse the denial of attorneys' fees.

---

***   The Honorable Eduardo C. Robreno, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

2

1. To the extent that the district court concluded that "the position of the United States was substantially justified," 28 U.S.C. § 2412(d)(1)(A), because the agency's missteps were procedural, not substantive, that conclusion was legal error. See Shafer, 518 F.3d at 1071 (holding that "[w]here, as here, the [agency's] decision was reversed on the basis of procedural errors, the question is not whether the government's position as to the merits . . . was substantially justified[,]" but, rather, "whether the government's decision to defend on appeal the procedural errors committed by the [agency] was substantially justified" (emphasis and citations omitted)). NEPA "does not mandate outcomes"; a violation inherently is one of process. ONDA v. Jewell, 840 F.3d 562, 568 (9th Cir. 2016). Yet the Act "remains 'the broadest and perhaps most important' of the environmental statutes." ONDA v. Bureau of Land Mgmt., 625 F.3d 1092, 1100 (9th Cir. 2010) (quoting Calvert Cliffs' Coordinating Comm., Inc. v. U.S. Atomic Energy Comm'n, 449 F.2d 1109, 1111 (D.C. Cir. 1971)). Nor is it clear, at this juncture, that Plaintiff's victory is limited to an elongated process that will lead to the same result. The premise of NEPA is that complete consideration of the relevant environmental factors could have an impact on the responsible agency's ultimate decision. Further, proceedings are now ongoing before the agency and, in the meanwhile, an injunction bars development of the disputed "obscure" routes, itself a substantive change in what would have been the case for several years but for this litigation.

2. The government did not meet its burden to show that the agency's conduct and subsequent litigation position were substantially justified. See Ibrahim v. U.S. Dep't of Homeland Sec., 912 F.3d 1147, 1168 (9th Cir. 2019) (en banc) ("The test is an inclusive one; we consider whether the government's position 'as a whole' has 'a reasonable basis in both law and fact.'" (citations omitted)). This case may have been factually dense, but it did not "involve[] questions of first impression." Id. Rather, the Board violated black-letter administrative law when it redefined statutory terms without notice or input. See Encino Motorcars, LLC v. Navarro, 136 S. Ct. 2117, 2125–26 (2016) (holding that "the agency must at least 'display awareness that it is changing position' and 'show that there are good reasons for the new policy'" (citation omitted)). The Bureau of Land Management also violated NEPA's elemental precepts when it attempted to conduct an environmental assessment without establishing any sort of baseline for the region. See Rose, 921 F.3d at 1191 (holding that "[w]e 'cannot defer to a void'" (citation omitted)). The fact that this case was "challenging," does not undermine that conclusion.

3. The question of an appropriate amount of fees is referred to the court's Mediation Office. The Circuit Mediator will contact the parties to determine their interest in participating in the mediation process and, if appropriate, to engage in

settlement discussions. The Circuit Mediator will notify the panel at the completion of the mediation process.

**REVERSED and REFERRED TO MEDIATION.**